ACCEPTED
01-14-00301-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 10:03:29 PM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/29/2015 10:03:29 PM

CHRISTOPHER A. PRINE
Clerk

**01-14-00301-CV**

## DEANA POLLARD SACKS

*Appellant*,

vs.

## THOMAS F. HALL
## and
## THOMAS F. HALL, D.D.S, M.S., P.A.

*Appellees*

## ON APPEAL FROM THE COUNTY COURT AT LAW
## COURT NO. 3, CASE NO. 919405,
## HARRIS COUNTY, TEXAS

## APPELLANT'S REPLY TO BRIEF OF APPELLEES

David J. Sacks
SACKS LAW FIRM
State Bar No. 17505700
2323 S. Shepherd Dr., Suite 825
Houston, Texas 77019
Telephone: 713-863-8400
Facsimile:  713-863-0502
david@sackslawfirm.com

Brad Beers
BEERS LAW FIRM
State Bar No. 02041400
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Telephone: 713-654-0700
Facsimile:  713-654-9898
bbeers@beerslaw.net

**ATTORNEYS FOR PLAINTIFF,
DEANA POLLARD SACKS**

## ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................ ii

INDEX OF AUTHORITY..........................................................................iv

ARGUMENT ............................................................................................1

I.    OBJECTION:

SACKS OBJECTS TO THE FACTUALLY INACCURATE STATEMENTS MADE IN HALL'S RESPONSE AND ASKS THE COURT NOT TO ACCEPT THEM AS TRUE..............................1

    A. Contrary to Hall's statement in his response, he never told Deana "he would continue treating her, but in order to do so, she must pay Hall the amount that she owed". (page 2) .................................2

    B. Contrary to Hall's statement in his response, Sacks never stated at Trial "Dr. Hall said that he would not treat her unless she paid the money <u>he</u> owed <u>her</u>". (An apparent Freudian slip here) (Hall response page 3, para 2). ...........................................3

    C. Contrary to Hall's statement in his response, Hall was not "forced to spend over $150,000 in attorney fees" and was not forced to pay attorney fees because he did not have an army of attorneys working for him without pay. (page 3).........................5

    D. Contrary to Hall's statement in his response, Hall did not perfectly place orthodontic braces on Appellant's teeth (page 2) ..........................7

    E. Contrary to Hall's statement in his response, Sacks simply did not stop coming to Hall (page 2) .......................................8

II.    THERE IS NO EVIDENCE OF PRESENTMENT

(Relates to Point of Error I) ........................................................11

    A. Consistent with Hall's internal files, he testified at Trial that he never asked Sacks for money. ...............................................12

    B. Sacks testified that no one at Hall's office ever demanded or requested money from her after she prepaid Hall $4,775 for a 36 month treatment plan that failed after only a few months. .....................13

    C. Hall's second of three internal ledgers (generated 3/20/2007 at 3:35PM) pertaining to a $1,220 contract never entered into by the parties cannot be considered presentment of a claim, especially with Hall's April 18, 2007, response to the complaint with GHDS admitting that a refund was owed to Sacks (DX10@A93) and Hall's subsequent internal ledger reflecting a zero balance on the Sacks/Hall contract. (DX1@74).............................18

III. HALL'S REFUSAL TO SEGREGATE RECOVERABLE FROM UNRECOVERABLE ATTORNEY FEES REQUIRES REVERSAL

(Relates to Point of Error II) ................................................................24

IV. IT IS UNCONTESTED THAT HALL DID NOT PERFORM 100% OF THE SERVICES AGREED TO UNDER THE PARTIES' ONLY CONTRACT; THEREFORE THE $1,220 AWARD IS UNSUPPORTED BY THE EVIDENCE AND MUST BE REVERSED.

(Relates to Point of Error III, IV, & V) ...............................................26

V. ON THE FACE OF THE FORM CONTRACT DRAFTED BY HALL, THE INSURANCE BENEFITS ESTIMATED BY HALL WERE ASSIGNED BUT NOT RECEIVED, NECESSITATING A NEW (SECOND) CONTRACT BETWEEN THE PARTIES TO DEAL WITH ASSIGNED, UNPAID INSURANCE BENEFITS, AND NO NEW CONTRACT WAS EVER CREATED OR SIGNED BY THE PARTIES.

(Relates to Point of Error VI) ............................................................28

CONCLUSION ................................................................................................31

PRAYER ..........................................................................................................32

CERTIFICATE OF SERVICE .........................................................................33

CERTIFICATE OF COMPLIANCE ................................................................33

APPENDIX .......................................................................................................

| | | |
|---|---|---|
| 7. | June 6, 2006 Financial Contract | (PX1 RR V.11, P.2]) |
| 8. | Hall Chart Maintained on Sacks | (PX2 [RR V.11, PP 3-4]) |
| 9. | Hall Claims Sent to Aetna regarding Sacks | (DX10@A80-88 [RR V.12 PP 335-343]) |
| 10. | Hall April 18, 2007 Letter to the Greater Houston Dental Society Regarding Sacks | (DX10@A90-93 [RR V12 PP 345-348]) |
| 11. | Hall Internal Ledgers | (DX1 @ 68, 69, 74) |
| 12. | Legal Bills | (DX18) |

## <u>INDEX OF AUTHORITY</u>

**Cases**

*Amir v. International Bank of Commerce*, 419 S.W.3d 687 (Tex. App. -
    Houston [1st Dist.] 2013, no pet.) ........................................................ 30
*Ashford Partners v. Eco Resources Inc.*, 401 S.W. 3d 35 (Tex. 2012) ....... 31
*Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132 (Tex. 1994) ......................... 31
*Gonzalez v. Mission American Ins. Co.*, 795 S.W. 2d 734 (Tex. 1990) ..... 30
*Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex.
    1976) ...................................................................................................... 30

**Rules**

Tex. Civ. Prac. & Rem. Code Ann. § 38.002 ............................................ 23, 31
Tex. R. App. P. 38 ............................................................................................ 2

# IN THE COURT OF APPEALS
# FOR THE FIRST DISTRICT OF TEXAS
# AT HOUSTON

---

## 01-14-00301-CV

---

## DEANA POLLARD SACKS
*Appellant*,

### vs.

## THOMAS F. HALL
### and
## THOMAS F. HALL, D.D.S, M.S., P.A.
*Appellees*

---

## ON APPEAL FROM THE COUNTY COURT AT LAW
## COURT NO. 3, CASE NO. 919405,
## HARRIS COUNTY, TEXAS

---

## REPLY TO BRIEF OF APPELLEES

---

TO THE HONORABLE JUSTICES OF SAID COURT:

Appellant, Deana Pollard Sacks (herein referred to as "Sacks"), submits this reply to the Brief of Appellees Thomas F. Hall and Thomas F. Hall, D.D.S., M.S., P.A. (herein sometimes collectively referred to as "Hall").

## ARGUMENT

I. **OBJECTION:**
   **SACKS OBJECTS TO THE FACTUALLY INACCURATE STATEMENTS MADE IN HALL'S RESPONSE AND ASKS THE COURT NOT TO ACCEPT THEM AS TRUE.**

Appellees submitted their brief in this case on December 18, 2014. Within this response, there are a series of factually inaccurate statements in his statement of the case that cannot be relied upon. Perhaps that is why he failed to make even one record cite. Tex. R. App. P. 38. (*See* Hall's Response at 2-5).

Below is a chart of examples:

**A. Contrary to Hall's statement in his response, he never told Deana "he would continue treating her, but in order to do so, she must pay Hall the amount that she owed". (page 2)**

Hall never told Sacks she owed money and should pay anything for past services. Hall cites nowhere in the record for such a statement, and none exists. Hall did testify clearly and unequivocally on the subject, and specified that he never asked Sacks for money. Specifically:

Q. [By Mr. Travis] In this case, Ms. Pollard, did you ever send her a collection letter?
A. [Dr. Hall] We never did.
Q. Did you ever call her up and ask her to pay?
A. Not to my knowledge.

(RR V.5, P.75, LL.9-23).

Q. [By Mr. Travis] You never sent her a collection letter?
A. [By Dr. Hall] **We never asked her for the money or sent her a collection letter.**

(RR V.5, P.106, LL.2-4).

Contrary to the unsupported statement made in his response, Hall never testified that he asked Sacks for money.

**B. Contrary to Hall's statement in his response, Sacks never stated at Trial "Dr. Hall said that he would not treat her unless she paid the money <u>he</u> owed <u>her</u>". (An apparent Freudian slip here) (Hall response page 3, para 2).**

This is probably a Freudian slip by Hall, but it is true that according to Hall's records (PX2 [January 24, 2007, entry]; DX10@92-93) and common sense, Hall did owe Sacks a refund. However, Sacks's testimony on this subject is clear.

> Q: [By Mr. Travis] Have you ever been asked to pay more than $5,996.25 to Dr. Hall?
> A: No. I was never asked to pay more than $4775, ever.

(RR V.4, P.68, LL.16-19).

> Q: Did anybody say there was any problem with the billing or that you owed more money on July 12, 2006?
> A: No.
> Q: What about your next visit on August 2, 2006?
> A: No one said anything about supposedly owing money ever.

(RR V.3, P.139, LL.14-19).

> Q. As of January 9, 2007, nobody had ever said,
> "Oh, by the way, you owe us money," Dr. Hall's office?
> A. No.

(RR V.3, P.153, LL.4-6).

> Q. Did Glenda Johnson or Dr. Hall or anybody from
> that office ever say, "You now have to pay us $1,220"?
> A. No, no one has ever said that.

(RR V.4, P.15, L.24 – P.16, L.1).

Q. [By Mr. Travis] You said you never saw the bill until you saw this lawsuit?

A. [By Sacks] I never got a bill.

Q. You never got a bill.

A. I was never presented with a bill.

(RR V.4, P.124, LL.14-18).

This is Sacks's only testimony on the presentment issue.

Hall does try to mischaracterize testimony related to Sacks's transferring her treatment. After it was clear that the original treatment with Orthoclear trays failed, a second treatment plan with braces on the top teeth was formulated. This second treatment plan (with upper braces instead of trays) was going to start after the root canal and crown work Sacks underwent from October 2006 through January 2007 was completed. Hall wanted to be paid more money for the future contemplated work on the new, second treatment plan which was necessitated after Hall's original treatment plan (putting teeth-torqueing Orthoclear trays on severely infected teeth and gums) failed. Ultimately, Sacks discontinued seeing Hall, created an entirely new orthodontic treatment plan with the new dentist and basically started over (RR V.3, PP.154-155, L.7; RR V.4, P.18, L.3-13, P.18, L.21 – P.19, L.1) paying $5,200 for the new treatment plan with another dentist. (PX15@31, 35-36).

Sacks's testimony was consistent with Dr. Hall's testimony on this issue, as Dr. Hall testified on several occasions that he never asked Sacks for money. For example:

> Q. [By Mr. Travis] In this case, Ms. Pollard, did you ever send her a collection letter?
> A. [By Dr. Hall] We never did.
> Q. Did you ever call her up and ask her to pay?
> A. Not to my knowledge.

(RR V.5, P.75, LL.9-23).

> Q. [By Mr. Travis] You never sent her a collection letter?
> A. [By Dr. Hall] **We never asked her for the money or sent her a collection letter.**

(RR V.5, P.106, LL.2-4).

In any event, contrary to Hall's suggestion in his brief, Sacks made no such admission at Trial, and the Freudian slip is noteworthy.

**C. Contrary to Hall's statement in his response, Hall was not "forced to spend over $150,000 in attorney fees" and was not forced to pay attorney fees because he did not have an army of attorneys working for him without pay. (page 3)**

Hall had at least two attorneys throughout the pre-trial and trial of this case (*see* appearance sheets on RR V.1 through V.7; *see also* DX18) and never paid a penny. This exact question was posed to Dr. Hall at Trial. Specifically:

> Q. [By Mr. Beers] You have not paid any attorney's fees in this case, have you?
> A. [By Dr. Hall] No.

(RR V.5, P.4, LL.16-18)

As a side note, it was stated by Hall's counsel that any attorney fees were paid by Hall's insurance company. (RR V.5, P.5, LL.9-10).[1] In fact, when reviewing the attorney bills offered by Hall, they are clearly bills to a carrier to address the defense of the medical negligence and DTPA claims brought in this case. (*See* DX18 [Attorney bills]) (Appendix 12).

So Hall had a free ride on any contract claim against Sacks and the claims he brought against Aetna and Employees Retirement System of Texas (ERS). (SCR 31-38 [Dr. Hall's petition against Aetna and ERS], 39-41 [Aetna's Answer], 42-44 [ERS Plea to Jurisdiction]; CR155-57, 190-91 [Dr. Hall's non-suits]). (DX18). Curiously, Hall includes attorney time and expenses associated with him suing third parties (Aetna and ERS) in his claim against Sacks. (DX18) (Appendix 12).

These are the same attorney bills, paid by a malpractice carrier, which Hall claims he could not segregate. Hall failed and refused to segregate any time spent on his significant motions for summary judgment or motions to dismiss the medical negligence and DTPA claims from his contract claim (all of which motions were unsuccessful) or his claims against third parties. (RR V.6, PP.116-121).

In any event, contrary to the uncited statements in Hall's brief, he paid zero attorney fees.

---

[1] This is a subject not normally commented on, but, Hall incorrectly represented to this Court multiple times that he paid attorney fees, and he did not.

**D. Contrary to Hall's statement in his response, Hall did not perfectly place orthodontic braces on Appellant's teeth (page 2)**

Hall did not place braces on Sacks's upper teeth. He fitted her for Orthoclear trays. Hall's original treatment plan called for braces on the lower teeth and called for Orthoclear trays on the upper teeth. (PX2@1).

Hall did not complete the original treatment plan for braces on Sacks's lower teeth and Orthoclear trays on her upper teeth when Sacks discovered that using the tight, teeth-torqueing Orthoclear trays caused unusual and excruciating pain due to pre-existing infected and inflamed upper teeth roots which Hall failed to disclose before starting the orthodontia treatment. (RR V.4, P.187; RR V.3, P.154; RR V.6, PP.33-37; PX10). X-rays Hall ordered and reviewed **prior** to beginning orthodontic treatment of Sacks clearly showed large infections and failing restorations that Hall did not disclose to Sacks; the undisputed evidence at trial was that the clarity of the pre-existing infections in Sacks's teeth at the time Hall began orthodontic treatment of her without informing her of the infections was a "10" on a scale of 1-10 – very obvious to any dentist reviewing the X ray. (RR V.6, P.33, L.19 – P.37, L.1). The "clear" style orthodontia appliances on her upper teeth, the "Orthoclear" brand aligners, are a series of tight fitting trays that move your teeth (RR V.3, P.145) that are very painful when they apply torque to infected teeth and gums. (RR V.3, P.143-45). When Sacks discovered, through another dentist, the

pre-existing infections and other dental problems that Hall did not disclose, she immediately sought care from another dentist to take care of the infections, root canals, and crowns that were needed (PX16@7, 8, and 16; PX13@11, 16-21; PX12@12, 16), which then meant that the Orthoclear aligners would no longer fit and were worthless. (RR V.3, P.154, LL.1-18; RR V.4, P.20; *see* RR V.5, P.41, LL.4-9, DX1@21, DX10@A91).

If a patient, fitted with Orthoclear trays, later has dental restorations performed on their teeth such as fillings, crowns, root canal therapy, the trays will no longer fit. (*Id;* DX1@21). The dental restorations change the positioning of the teeth and the trays may no longer fit. They did not fit Sacks after her necessary root canals and crowns. (*Id.*). Even Hall recognizes this fact. (RR V.5, P.41, LL.4-9).

So, there was nothing perfect about Hall's work or treatment plan. In fact, Sacks had to pay an additional $5,200 for a second treatment plan to another dentist to accomplish the same work Hall was paid to perform. (PX15@31, 35-36).

### E. Contrary to Hall's statement in his response, Sacks simply did not stop coming to Hall (page 2)

Sacks did not simply stop coming. After informing Hall about the pain caused by the Orthoclear trays torqueing on teeth with pre-existing, severe infections/root canal needs in October 2006, (RR V.3, PP.142-144) she spent several months addressing the problems.

| | |
|---|---|
| 10/12/2006 | Dr. Salazar worked on tooth 2 to try to get rid of the infection. (PX12@16). |
| 12/20/2006 | Sacks has appointment with Endodontist Alawahdi. Diagnosis for root canal therapy on tooth #2 and tooth #4. (DX4@5-6). Performed root canal therapy on tooth #2. (PX6@5, 6, 20; PX16@16; RR V.3, P.146, LL.23-25). |
| 12/22/2006 | Sacks has appointment with Dentist DeJongh for second opinion, who recognizes need for root canal therapy on tooth #2 and tooth #4. (PX13, P.2, LL.11-20; DX9@10). DeJongh recognizes several failing restorations that must be addressed. Id. Recommends finishing root canal therapy initiated with tooth #2 and to initiate root canal therapy with tooth #4 with current endodontist or with DeJongh. *Id*. |
| 12/27/2006 | Sacks has appointment with Endodontist Alawahdi to finish root canal therapy on tooth #2. (PX16@8, 16). |
| 01/18/2007 | Sacks has root canal performed on tooth #4 with Dr. Alawahdi. PX16@16). |

After the root canals and crowns were done, the Orthoclear no longer fit and would never fit again. (RR V.3, P.148, L.25 – P.149, L.7). (Impressions of aligners taken prior to new crowns resulted in aligner trays not fitting over the new crowns). (RR V.3, P.145; *see* DX1@21; *see* RR V.5, P.41, LL.4-9).

Since the Orthoclear trays were of no use, a second treatment plan was developed where braces would be used on the top teeth to solve the problem (since the Orthoclear trays no longer fit after the root canals and crowns) Hall initially agreed to re-do the upper orthodontic treatment with braces (a new treatment plan)

at no additional charge. (RR V.3, P.154-155, L.7). Hall later decided he wanted to be paid more money if he did any future treatment with Sacks. (RR V.4, P.18, LL.3-13; DX10@91[Treatment]).

Hall fitted the Orthoclear tray on infected teeth, roots and gums in need of root canals and crowns without disclosing the infections to Sacks, causing her to experience excruciating pain and rendering the tight-fitting tooth-moving trays useless after the root canals and crowns were completed, as the crowns changed the shape of Sacks's teeth so that the trays did not fit over the crowns. (RR V.3, PP.142-144) Ultimately, Sacks hired another orthodontist to create a second treatment plan of braces on the top teeth instead of Orthoclear trays. (PX15@31, 35-36). Sacks paid the new dentist $5,200 for the orthodontic treatment. (*Id.*)

Sacks did not just stop coming to see Dr. Hall as he suggests. The pain from the teeth torqueing Orthoclear trays on infected teeth, roots and gums that Dr. Hall failed to recognize and inform Sacks of (RR V.6, P.33, L.19 - P.37, L.1 [Dr. DeJongh testimony]) caused her to address the health needs of her teeth. Sacks underwent several months (October 2006 – January 2007) of root canal therapy and crown work as reflected by the medical record with:

1.) Dr. Salazar (PX12@16),

2.) Dr. Alawahdi (DX4@5-6; PX6@5, 6, 20; PX16@16; RR V.3, P.146, LL.23-25), and

3.) Dr. DeJongh (PX13, P.2, LL.11-20; DX9@10).

## II.  THERE IS NO EVIDENCE OF PRESENTMENT

### (Relates to Point of Error I)

Contrary to Hall's unsupported statements in his brief, he never made a demand for payment from Sacks. The reason is simple. The two year original treatment plan with the one year additional retention period using Orthoclear failed due to Hall's failure to disclose severely infected teeth and gums to Sacks before creating tight-fitting trays that were worthless after Sacks obtained the necessary dental care before orthodontia was safe and appropriate. The pre-root canal therapy/pre-crown Orthoclear trays would not fit over the new crowns and were of no use after the root canals and new crowns. (RR V.3, P.145, P.148, L.25 – P.149, L.7; *see* DX1 at 4; *see also* RR V.5, P.41, LL.4-9).

In any event, treating a patient for 6 months on a 24 month treatment plan with an additional 12 month retention period could not possibly entitle any professional to the upfront money paid by Sacks. So, Hall offered a partial refund.

This partial refund, suggested by Hall, is reflected in his internal records (PX2) (Appendix 8) and correspondence to the Greater Houston Dental Society (DX10@93-94) (Appendix 10). Specifically:

- Hall's January 24, 2007, entry on his file (PX2) reflects that he owed and offered Sacks a $1,820 refund after he ceased being Sacks's orthodontist. Hall discussed the refund with Dr. DeJongh on February 5, 2007. (PX2).

- Hall's April 18, 2007, response letter to the Greater Houston Dental Society reflects that on January 24, 2007, he owed Sacks a refund and offered Sacks a refund of approximately 40% of the treatment fee Sacks paid in advance, prorated on the time, treatment, consultations, and expenses. This letter was written many months after Hall ceased being Sacks's orthodontist, which he thereafter reduced to a zero balance. (DX10@93).

- Hall's April 18, 2007, response letter to the Greater Houston Dental Society also reflects that he owed Sacks a $650 refund. This letter was written many months after Hall ceased being Sacks's orthodontist, after he had months to review his records, which he thereafter reduced to a zero balance by essentially **paying himself exactly the amount he owed Sacks to avoid refunding her** any amount. (DX10@93).

Whether the refund should have been $650, $1,820, or more, the undeniable fact remains that based on Hall's records and Hall's response letter to the GHDS, Sacks was due a refund. Therefore, the fact that Hall testified under oath that he did not request more money from Sacks should not come as a surprise: Hall owed Sacks money, not the other way around. The jury verdict against Sacks is irrational and reflects a complete disregard of the undisputed evidence or prejudice, or both.

### A. Consistent with Hall's internal files, he testified at Trial that he never asked Sacks for money.

During Trial, Hall was specifically asked if he ever demanded money or payment from Sacks. His answer was "no".

Q. [By Mr. Travis] In this case, Ms. Pollard, did you ever send her a collection letter?
A. [By Dr. Hall] We never did.
Q. Did you ever call her up and ask her to pay?

A. Not to my knowledge.

(RR V.5, P.75, LL 9-23).

Q. [By Mr. Travis] You never sent her a collection letter?
A. [By Dr. Hall] **We never asked her for the money or sent her a collection letter.**

(RR V.5, P.106, LL.2-4).

Hall's uncontested testimony on this subject is consistent with his internal records reflecting that *he owed Sacks* a refund (whether it be 40%, $1,820, $650, more or less). This explains why Hall in no way ever presented a claim for any amount supposedly owing from Sacks to Hall: people do not demand money from people to whom they owe money. (PX2 [January 24, 2007, entry and February 5, 2007, entry]; DX10@93-94).

In Hall's brief, he incorrectly suggests that in January 2007, Hall "began attempting to obtain payment from Sacks…." (Hall's Brief at 21). Hall has no record cite to support this position and none exists. Hall's testimony above is clear on the subject, specifying that he **never** asked Sacks for money.

**B. Sacks testified that no one at Hall's office ever demanded or requested money from her after she prepaid Hall $4,775 for a 36 month treatment plan that failed after only a few months.**

Sacks's testimony was clear, consistent, and undisputed at Trial.

Q: [By Mr. Travis] Have you ever been asked to pay more than $5,996.25 to Dr. Hall?
A: **[By Sacks] No. I was never asked to pay more than $4775, ever.**

(RR V.4, P.68, LL 16-19).

> Q: Did anybody say there was any problem with the billing or that
> you owed more money on July 12, 2006?
> A: No.
> Q: What about your next visit on August 2, 2006?
> A: No one said anything about supposedly owing money ever.

(RR V.3, P.139, LL 14-19).

> Q. As of January 9, 2007, nobody had ever said,
> "Oh, by the way, you owe us money," Dr. Hall's office?
> A. No.

(RR V.3, P.153, LL 4-6).

> Q. Did Glenda Johnson or Dr. Hall or anybody from
> that office ever say, "You now have to pay us $1,220"?
> A. No, no one has ever said that.

(RR V.4, P.15, L.24 – P.16, L.1).

> Q. [By Mr. Travis] You said you never saw the bill until you saw
> this lawsuit?
> A. [By Sacks] I never got a bill.
> Q. You never got a bill.
> A. I was never presented with a bill.

(RR V.4, P.124, LL.14-18).

Sacks's testimony concerning never having been asked to pay any amount of money more than the amount she had prepaid Hall ($4775) under the June 6, 2006, contract for the original treatment plan of lower braces and upper Orthoclear was consistent and undisputed at trial.

Hall points to testimony questioning Sacks as to why Sacks transferred her treatment to another orthodontist. Sacks testified that she was transferring her treatment to another orthodontist because Hall told her that he wanted more money for the new, second treatment plan proposed by Hall, which included braces instead of Orthoclear on her top teeth. (RR V.3, P.143–P.155, L.7; *see* DX10@A91) No contract was signed on this second proposed treatment plan, and it never materialized, because Sacks balked at paying Hall more money for a new, second treatment plan that was necessitated by his original botched plan, particularly since his botched plan caused her such excruciating pain that could have been avoided had Hall disclosed her infections before wrongfully starting Orthoclear tray orthodontia on severely infected teeth. (RR V.3, P.143-P.155, L.7). Specifically, the testimony:

> Q. On January 24th, 2007, was there a phone conversation or telephone conference with you by anybody from Dr. Hall's office?
> A. I spoke to Dr. Hall on a date around that time. I don't remember the date; but, yes, we had a conversation right around that time. So, it must be the right date.
> Q. **Was he offering or requesting you to transfer your treatment to somebody else?**
> A. He refused to treat me any longer, unless I paid him more money.
> . . .
> Q. Help me understand. This entry in Dr. Hall's records, Defendant's Exhibit 1, "Patient refused the offer to transfer for TX" which means treatment. **Did he offer to let you transfer to somebody else?**
> A. He said he wasn't going to treat me any longer, unless I paid him more money.

(R.R. V.4, P.18, LL.3-13; P.18, L.21 – P.19, L.1) (Emphasis added).

These sentences are almost identical, and in both, Hall asks for more money to CONTINUE treatment under a newly-proposed second treatment plan (putting new braces on Sacks's top teeth in lieu of Orthoclear) UNLESS Sacks paid him more money. By the plain meaning of this testimony, Sacks could walk away OR pay Hall more money for future treatment under Hall's new proposed second treatment plan. Sacks rejected Hall's new, second treatment plan and transferred her case. (PX2 [January 24, 2007, January 26, 2007, and February 5, 2007, entries]; DX1@84; DX10@A91-92). The testimony misconstrued by Hall refers to an option for Sacks either to pay more for Hall's new, second treatment plan, or to transfer her case to another dentist. Under the plain meaning of this testimony, Sacks was given the option of walking away and foregoing additional treatment from Hall pursuant to the new, second proposed treatment plan. This is a far cry from a demand for payment for incomplete services pursuant to Hall's original, botched treatment plan, which was rendered useless due his failure to disclose the infections. Indeed, after Sacks rejected Hall's new, second treatment plan, the parties' discussion turned to what amount Hall owed Sacks on the incomplete original contract. (PX2 [January 24, 2007, January 26, 2007, and February 5, 2007, entries]; RR V.5, P.31, LL 19-21; DX10@92-93).

More importantly, this entire line of questioning explained why Sacks transferred her treatment to another orthodontist after Hall refused to adhere to his

prior agreement to re-do his incompetent original treatment plan *at no additional costs to Sacks*. (RR V.3, PP.143-155, L.7; DX10@A91). After Hall agreed to start a new, second treatment plan because his first plan failed, Hall audaciously asked for additional money ***to re-do his botched work*** under the proposed new, second treatment plan, and Sacks said no and hired another dentist to do the second treatment plan (and paid him $5,200) (PX15@31, 35-36), so the parties went their separate ways. Sacks sought a refund, and Hall admitted that he owed a refund on multiple occasions thereafter. (PX2 [January 24, 2007, entry]; DX10@93-94).

The questioning regarding transferring Sacks's treatment that Hall points to focused on January 24, 2007, the date the parties discussed the proper refund amount due to Sacks after Sacks rejected Hall's proposed second plan and instead transferred her case. This is the date the parties talked and discussed the appropriate refund to Sacks because Hall's original treatment plan failed early on and never even came close to completion. Hall offered $1,820 according to his hand written notes on Sacks's chart (PX2 [January 24, 2007, entry]) (Appendix 8) and thereafter discussed Sacks's transfer options and the refund Hall proposed to Sacks with Dr. DeJongh according to Hall's hand written notes. (PX2 [February 5, 2007, entry]) (Appendix 8).

Additionally, when responding to a complaint filed by Sacks with the Greater Houston Dental Society ("GHDS"), after reviewing his records carefully,

Hall represented to the GHDS that on January 24, 2007, he offered Sacks a refund. (DX10@93-94) (Appendix 10). He stated that the refund due on January 24, 2007, was $650. (DX10@93) (Appendix 10).

Whether Hall was refunding $1,850 or $650, the undisputed evidence conclusively shows that the discussion on January 24, 2007, turned to the proper refund amount due Sacks after Sacks rejected Hall's proposed new, second treatment plan (for which there never was a contract). (PX2 [January 24, 2007, January 26, 2007, and February 5, 2007, entries][Appendix 8]; DX10@A90-93 [Appendix 10]).

No matter how Hall tries to mischaracterize Sacks's testimony, the evidence is clear. No one asked Sacks for money for services under Hall's original treatment plan (the failed plan contemplated by the only financial contract ever executed) on January 24, 2007, or at any other time.

**C. Hall's second of three internal ledgers (generated 3/20/2007 at 3:35PM) pertaining to a $1,220 contract never entered into by the parties cannot be considered presentment of a claim, especially with Hall's April 18, 2007, response to the complaint with GHDS admitting that a refund was owed to Sacks (DX10@A93) and Hall's subsequent internal ledger reflecting a zero balance on the Sacks/Hall contract. (DX1@74).**

Hall suggests that a portion of one of his three internal ledgers is somehow a demand for payment to Sacks. The three internal ledgers are attached as Appendix 11 for convenient reference. (DX1@68, 69, 74). (Appendix 11). The ledgers are

dated 3/20/2007 at 3:33PM (DX1@68); 3/20/2007 at 3:35PM (DX1@69), and 6/18/2007 at 3:38PM (DX1@74). The last of the three ledgers reflects a <u>zero balance</u>. It is significant to note that the March 20, 2007, ledgers were generated the day after Sacks's records were picked up from Hall at her attorney's request. (DX1@80-81, 83).

**1. Hall's second internal ledger [generated on 3/20/07 at 3:35PM] pertains to a $1,220 contract never entered into by the parties.**

Hall's second internal ledger (the 3/20/2007 at 3:35PM internal ledger) (DX1@69) (Appendix 11) specifies that it is contract #6372 with an original contract amount of $1,220 (DX1@69) with a balance due of $459. However, **it is undisputed that the parties never entered into a contract with an original contract amount of $1,220.** Receiving an internal ledger in a mass document production that references a contract Hall and Sacks did not have cannot be presentment of a claim under Chapter 38. It is uncontested that Sacks and Hall only had one contract, which was contract #6330, set forth on both other ledgers reflecting a zero balance. (DX1@68 and 74) (Appendix 11). The ledger[2] reflecting "contract #6372" with an original contract amount of $1,220 appears to be Hall's attempt to comply with the condition precedent of his own financial contract requiring a new, second contract between the parties if insurance did not pay

_____

[2] Created the day after Sacks's files were retrieved from Hall at her lawyer's request. (DX1@80-81, 83).

assigned benefits. However, it is also undisputed that the parties never entered into a second contract of any kind, and Sacks cannot be liable on a second contract that she never agreed to and never executed. (PX1; RR V.5, P.31, LL.19-21). (*See infra* Section 5).

Hall's first internal ledger (3/20/2007 at 3:33PM) (DX1@68) (Appendix 11) and third internal ledger (6/18/2007 at 3:38PM) (DX1@74) (Appendix 11) refer to "contract 6330" and both reflect a zero balance on the parties' (the only contract Sacks signed) only executed contract. It is undisputed that the parties never entered into a second contract in the amount of $1,220 or any other amount. (RR V.5, P.31, LL.19-21). The ledger Hall relies upon in his brief is of no assistance to him, as it is exclusively related to a $1,220 contract that the parties never had. It is certainly not in evidence, and Sacks has never even seen a draft of a contract in the original amount of $1,220.

## 2. Hall's April 18, 2007, response to the complaint with GHDS admits that a refund was owed to Sacks.

Sacks filed a complaint against Hall with the GHDS after their doctor/patient relationship terminated. (*See* DX10@90). Hall responded to Sacks's complaint in writing on April 18, 2007. (DX10@90-93) (Appendix 10).

The zero balance found on Hall's most recent internal ledger dated 6/18/2007 (DX1@74) is consistent with Dr. Hall's April 18, 2007, written

response to Sacks's complaint that was filed with the GHDS (DX10@A90-93) that states Professor Sacks had a $0.00 balance.

Hall's response to Sacks's GHDS complaint admits that he did not come close to performing the work Sacks paid for, and also admits that Hall owed Deana Pollard Sacks a refund. Specifically, Hall wrote:

> In a phone call January 24, 2007 I offered Deana Pollard [Sacks] *a refund of approximately 40% of the treatment fee* [paid in advance by Sacks], pro-rated on the time, treatment, consultations and expenses.

(DX10@A92). (Appendix 10). (Emphasis added). On the next page of the letter, Hall specified that he offered Sacks a refund of $650 as of the time he stopped treating her, but then he unilaterally offset the $650 he claimed *he owed* Professor Sacks for two telephone conversations and mailing Sacks's dental file to Sacks, Hall's way of avoiding the refund he owed Sacks. (DX10@A93). (Appendix 10). At the end of Hall's complaint response letter to the GHDS, Hall made clear that there was a zero (0) balance between Hall and Sacks. (DX10@93) (Appendix 10).

Hall's clear letter of April 18, 2007, reflecting a zero balance was subsequent in time to the 3/20/2007 at 3:35PM internal ledger reflecting an original contract amount of $1,220. This phantom contract (if one was ever drafted by Hall) in the original amount of $1,220 is not in evidence and has never been seen by Sacks. But even if the obvious is ignored and Hall's second internal ledger

is considered to have any meaning to Sacks, she is entitled to rely upon a clear letter penned by Hall stating there is <u>no money due</u> a month <u>after</u> the second of the three ledgers was created on 3/20/2007 at 3:35PM. In sum, Hall's ultimate, most recent conclusion was that no money was due to either party. (DX10@93; DX1@74).

Additionally, even if Hall made a claim for payment under the original, botched treatment plan (and there is NO evidence to support this), Sacks would be entitled to rely on Hall's <u>later statements</u> that either Hall owed Sacks money or there was a zero balance on Sacks's account. In his April 18, 2007, letter to the Greater Houston Dental Society, Hall specified that as of January 24, 2007, he owed Sacks a refund, and as of April 18, 2007, there was a zero balance between the parties. (DX10@92-93) (Appendix 10). Hall's repeated admissions that Sacks owed him nothing, after he had months to review his records, render his absurd contract claim no more than a strategic attempt to punish Sacks for pursuing the refund <u>he admitted to owing her</u>.

### 3. Hall's June 18, 2007, internal ledger regarding Sacks contract reflects a zero balance.

Hall's June 18, 2007, internal ledger regarding Sacks reflects that Sacks has a zero balance with Hall. (DX1@74). This is the last internal ledger created by Hall. Sacks should also be able to rely upon the zero balance reflected in this document. This ledger is later in time than the 3/20/2007 at 3:35PM ledger that on

its face applies to a contract in the original amount of $1,220, which Sacks is a stranger to. Hall's argument regarding the second ledger makes no sense and should be disregarded.

Presentment of a claim is not supposed to be guess work for the person trying to evaluate the claim pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Hall failed to present a claim to Sacks *at any time in any amount* because he knew he owed Sacks a refund. (PX2; DX10@92-93). The Texas Legislature requires presentment of a claim before attorney fees can be assessed to meet due process demands. Not only did Hall fail to present a claim to Sacks, his admissions of <u>owing her money</u> made her secure in the fact that he could not legitimately be awarded attorney's fees. Sacks's due process rights would be horribly violated if an attorney fees award were allowed to stand under the facts of this case. Admitting to a person that you owe her money, then creating a ledger reflecting an amount owing on a new contract that was never signed, then admitting to a regulatory board that you owed her money but that now no money was owed to either party cannot possibly meet the due process notice requirements specified in Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Sacks was never on notice that Hall could get a fee award which renders the fee award a due process violation even if Sacks had owed Hall money, and the record is abundantly clear that she did not

owe him a dime, never was presented with a bill or claim, and – to the contrary – was expecting a refund.

## III. HALL'S REFUSAL TO SEGREGATE RECOVERABLE FROM UNRECOVERABLE ATTORNEY FEES REQUIRES REVERSAL

### (Relates to Point of Error II)

Hall claims that he was unable to segregate recoverable from unrecoverable fees. Not one hour. Not one minute. Not one dollar of expenses.

Sacks's original brief discussed all the defensive claims Hall was addressing where attorney fees were not recoverable (Appellant Brief 53-56). Sacks also addressed Hall's claims against third parties such as Aetna and Employers Retirement System of Texas that Hall voluntarily dismissed. (SCR 31-38 [Hall's petition against Aetna and ERS]; 39-41 [Aetna's Answer]; 42-44 [ERS Plea to the jurisdiction]; CR 155-57 [nonsuit of ERS]; 190-91 [nonsuit of Aetna]).

Attorney fees for services and fees associated with claims against third parties should have been segregated and Hall refused to do so.

When reviewing the 56 pages of attorney fee bills, one can only come to the conclusion that virtually all the time reflected therein was in defense of negligence and D.T.P.A. claims against Hall. (DX18). (Appendix 12). A non-exclusive list of some of the attorney fees and expenses reflected in their bills that should have been segregated from Hall's contract claim:

1.) Hall's objection to Plaintiff's expert witness report and motion to dismiss negligence case. (DX18@8, 26);

2.) Hall's motion for summary judgment on DTPA claim. (DX18@1, 3, 4, 5, 7, 8, 10, 11, and 26);

3.) Hall's no evidence motion for summary judgment on tort claims. (DX18@21, 26, 29, 30, 31, and 32);

4.) Hall's research on DTPA, negligence and negligence misrepresentation. (DX18@2, 4, 7, 26);

5.) Hall's defense of Sacks's motion to seal her medical records after Hall filed Sacks's medical records in the public records. (DX18@44); and

6.) Virtually every page of the bills contains entries associated with dealing with various doctors in defense of the medical negligence case. (See DX18@4-54).

For sure, some time was devoted to the one page contract (PX2) but when reviewing the bills, there is description after description addressing motions for summary judgment or motion to dismiss the negligence claim and/or DTPA claim, which were all denied. There are also hours upon hours devoted to doctors in defense of the medical malpractice claim. (DX18).

Even a cursory review of DX18 (Appendix 12) establishes that segregating recoverable from unrecoverable claims could have been done and should have been done. Hall's failure to do so is an additional reason for a reversal in this case.

**IV. IT IS UNCONTESTED THAT HALL DID NOT PERFORM 100% OF THE SERVICES AGREED TO UNDER THE PARTIES' ONLY CONTRACT; THEREFORE THE $1,220 AWARD IS UNSUPPORTED BY THE EVIDENCE AND MUST BE REVERSED.**

**(Relates to Point of Error III, IV, & V)**

Hall is unable to respond to the undeniable fact that there is no evidence to support a damage award of $1,220 found in question number 10, as Hall did not perform all the services contemplated in the Parties' three year contract, and put on no evidence of damages (because not only did he sustain no damages, but he got a windfall from Sacks's prepayment of $4,775).

Hall's brief tries to embellish Hall's testimony. For example, Hall's brief states that Hall performed an "overwhelming majority" of the 36 month orthodontic treatment plan in just 6 months. (Hall's Response at 31). Of course, nowhere does Hall testify that he performed an "overwhelming majority"[3] of the orthodontia services and no such cite is found in his brief.

Hall's records do reflect that he believes he performed 60% of the orthodontia services and owed Sacks a 40% refund. (DX10@92). That is not 100%.

Sacks's original brief carefully addresses this issue on pages 57-63. Hall's response does not seriously dispute the analysis. But briefly, the undisputed testimony is that Hall performed only a fraction of the contract (6 months

---

[3] Even an overwhelming majority is not 100%.

performed on the original 24 month treatment plan (PX4) and zero months on the additional 12 month retention period). (RR V.4, PP.158-59 [Hall]; V.5, PP.67-68; PX2 [Hall]; PX4; DX10@A90-93). Additionally, there are Hall's written admissions about the value of the services he rendered per visit to Sacks ($225 per visit according to Hall's written statement to the Greater Houston Dental Society (DX10@A92-93) or $135 per visit according to the insurance claims Hall sent to Aetna (DX10@80-88)). Hall freely admitted at Trial that he did not treat Sacks for at least 18 of the prepaid monthly visits and treated her for none of the 12 month retention period. (RR V.5, P.67, L.18 – P.68, L.2). The contract states the value of the full 36 month contract was $5,995. (PX2). The contract also reflects that Sacks paid in advance $4,775. (PX2). Since Hall treated Sacks for less than six months out of the twenty-four month treatment plan and zero months out of the additional twelve month retention plan, it cannot be argued that Hall fully performed. There is no evidence or at least insufficient evidence to support the award from question number 10, and it must be set aside.

Hall testified that he was "only asking for the $1,220 that the insurance didn't pay…" (RR V.5, P.105, LL.20-21), and the jury awarded Hall the amount of the estimated insurance benefits assigned but unpaid by Aetna - $1220. (CR243; PX2). However, that would **not** be the appropriate measure of damages and in fact was **not** the question asked by the Court to the jury in question number 10.

(CR243). Based on the evidence in the record concerning the value of Hall's services rendered **and not rendered** and the amount Sacks pre-paid, reasonable minds cannot differ that Hall did not **<u>perform</u>** 100% of the orthodontic services agreed to as found in the jury's answer to question 10. (CR 243) (Appendix 2).

The damage award must be set aside along with its associated contract claim.

**V. ON THE FACE OF THE FORM CONTRACT DRAFTED BY HALL, THE INSURANCE BENEFITS ESTIMATED BY HALL WERE ASSIGNED BUT NOT RECEIVED, NECESSITATING A NEW (SECOND) CONTRACT BETWEEN THE PARTIES TO DEAL WITH ASSIGNED, UNPAID INSURANCE BENEFITS, AND NO NEW CONTRACT WAS EVER CREATED OR SIGNED BY THE PARTIES.**

**(Relates to Point of Error VI)**

Hall suggests that since he did not receive payments directly from the insurance company, he was not assigned benefits. (Hall brief at 34). The assignment of benefits and the actual receipt of payment are not the same thing. We would suggest that this is the precise reason Hall's attorneys put in his contract that in the event actual payment is not received by Hall from the patient's insurance company, "a new contract will need to be signed for the remaining account balance". (PX1) (Appendix 7).

On the face of Hall form contract, the insurance benefits Hall estimated <u>were assigned</u> to Hall. (PX1) (Appendix 7). This scenario is specifically envisioned by Hall's Financial Contract, which requires a new, second contract to be signed to

deal with assigned, unpaid insurance benefits, but it is undisputed that no new, second contract was signed, and instead the parties parted ways.

Had there not been all the problems resulting from Hall placing the teeth torqueing Orthoclear trays on infected roots and gums, and had the original treatment plan been fully performed, presumptively, Hall and Sacks would have entered into a second contract in the event no funds came from the assignment. However, that did not happen.

Hall performed 6 months out of a 24 month treatment plan with an additional 12 month retention period. Sacks went forward with the new (second) treatment plan with braces on upper and lower teeth with a new dentist and paid $5,200 to do so. (PX15@31, 35-36). Hall owed a refund. (PX2, DX10@A92-93). The only question was the amount. Was it a $650, $1,820, or larger refund for at least the services prepaid and not provided? Of course, no new contract was prepared or signed in this case. (RR V.5, P.31, LL.19-21). There was nothing due to Hall.

It cannot be seriously challenged that Hall had an assignment. Not only was the assignment on the face of Hall's form contract (PX1) (Appendix 7), Hall made many claims to Aetna, Sacks's dental insurance provider. (DX10@80-88) (Appendix 9). **In fact, on the claims submitted to Aetna by Hall, he represented that Sacks had "authorized payment directly to the below named dentist [Dr.**

**Hall] of the group insurance benefits otherwise payable to me [Sacks]".** (DX10@A80, 82, 84, 86, 88 [in the middle of the claim where it says "signature on file"]) (Appendix 9). The claim forms are signed by Dr. Hall. Surely, Hall would not submit insurance claims "certifying" that Sacks's benefits had been assigned to him if they had not. (*Id.*)

Hall's form Financial Contract, drafted by Hall, specified that "IF" insurance does not pay, a new, second contract will be executed by the parties. It is undisputed that no new, second contract was ever executed. (RR V.5, P.31; RR V.4, P.16, L.147). The word "if" usually connotes intent for a condition precedent. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *Amir v. International Bank of Commerce*, 419 S.W.3d 687, 691-92 (Tex. App. - Houston [1st Dist.] 2013, no pet.). Since the condition precedent did not occur, Sacks can have no liability on the contract before the Court pertaining to amounts unpaid by insurance. *See id.* To the extent that there is ambiguity or internal inconsistency in Hall's contract, it is to be construed against Hall because Hall drafted the contract. *Gonzalez v. Mission American Ins. Co.*, 795 S.W. 2d 734, 737 (Tex. 1990). And, specific contract terms override more general contract terms, so that Hall's specific provision requiring a new, second contract between the parties in the event of assigned but unpaid insurance benefits controls because this is what

happened in this case. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132,133-34 (Tex. 1994).

Since there is a failure of a condition precedent, pertaining to the failure of an insurance company to pay for any reason (no second contract was ever drafted or signed by the parties), that provision regarding unpaid amounts of insurance benefits is unenforceable. This is an additional reason the contract award must be reversed and a take nothing judgment rendered. Of course, if the contract claim is reversed, the associated attorney fee award cannot be maintained. *Ashford Partners v. Eco Resources Inc.,* 401 S.W. 3d 35, 40-41 (Tex. 2012).

## **CONCLUSION**

The judgment for attorney fees against Sacks pursuant to Section 38.002 must be reversed because the conditions precedent to obtaining fees under Section 38.002 were never met (Hall neither pled nor proved that a claim in any amount was ever presented to Sacks). The attorney fee award should also be reversed because Hall failed to segregate fees for his recoverable from unrecoverable claims. Additionally, the judgment for $1220 for breach of contract must be reversed and a take nothing judgment rendered because the evidence does not support the damage award in Question 10 and the condition precedent (a second contract) to bringing a claim pertaining to the failure of an insurance company to make payment has not been satisfied.

## **PRAYER**

Appellant Deana Pollard Sacks prays that the Trial Court's amended final judgment be reversed and a take nothing judgment rendered.

Alternatively, she prays that the amended final judgment be reversed and remanded for further proceeding and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

**/s/ David J. Sacks_____**
David J. Sacks
SACKS LAW FIRM
State Bar No. 17505700
2323 S. Shepherd Dr., Suite 825
Houston, Texas 77019
Telephone: 713-863-8400
Facsimile: 713-863-0502
david@sackslawfirm.com

Brad Beers
State Bar No. 02041400
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Telephone: 713-654-0700
Facsimile: 713-654-9898
bbeers@beerslaw.net

ATTORNEYS FOR PLAINTIFF,
DEANA POLLARD SACKS

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2015, a true and correct copy of the foregoing has been served via certified mail, return receipt requested and/or by facsimile upon the following:

Mr. Gregory R. Travis
Mr. John Woods
THE TRAVIS LAW FIRM
800 Wilcrest Drive, Suite 350
Houston, Texas 77042
Facsimile:   713-626-3801


**/s/ David J. Sacks**_____
David J. Sacks


## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 7,290 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).


**/s/ David J. Sacks** _____
David J. Sacks

## APPENDIX

7.    June 6, 2006 Financial Contract       (PX1 [RR V.11, P.2])

8.    Hall Chart Maintained on Sacks       (PX2 [RR V.11, PP.3-4])

9.    Hall Claims Sent to Aetna regarding Sacks       (DX10@A80-88 [RR V.12, PP.335-343])

10.   Hall April 18, 2007, Letter to the Greater Houston Dental Society Regarding Sacks       (DX10@A90-93 [RR V.12, PP.345-348])

11.   Hall Internal Ledgers       (DX1@68, 69, 74)

12.   Legal Bills       (DX18)

# Financial Contract

Payment schedule for _Deana Pollard_ Date _6/6/06_

Orthodontic Regular Fee     $ _5995.00_

Insurance/Plan _____ Discount _____

    _+ 2000.00_   ortho chart

Adjusted Treatment Fee     _7995.00_   ceramics ✓

Less Initial Payment     _- 2000.00_   Insurance disc.

<span>Less Estimated Insurance Benefits Assigned</span>     _4775.00_

Balance Due     _- 1220.00_

Prepay Fee     _0_

Payment Plan Fee

Total Amount Due     $ _0_

It is agreed that the total due $ _0_ will be paid in ____ installments of $ ____ with a final payment of $ ____ . Payments are due the 1ˢᵗ of each month until the account balance is paid in full. Payments will begin ____ . A LATE FEE IS ASSESSED ON ALL PAST DUE PAYMENTS.

THE FREQUENCY OF VISITS HAS NO RELATION TO THE MONTHLY PAYMENTS. THE ACCOUNT BALANCE MUST BE ZERO BY THE TIME APPLIANCES ARE REMOVED. PATIENT IS RESPONSIBLE FOR ANY COST NOT COVERED BY INSURANCE.

**INSURANCE ASSIGNMENT:** In order for our office to accept insurance assignment, we must have your completed, signed insurance form BEFORE the braces are placed. If insurance has been assigned and is part of this contract but insurance payments cease for any reason, a new contract will need to be signed for the remaining account balance. If you are on a dental plan you must remain active during the treatment, If the dental plan terminates for any reason, the fee will change to the orthodontic regular fee and a new contract will be required. (any discounts or special fee are canceled) Past due amounts will be charged a collection fee in addition to late fees.

**Orthodontic Charges:** 1. Pre-treatment x-rays and models are not part of this contract.
2. The Orthodontic Program Fee includes only the procedures performed during active treatment of orthodontia and one year of retention visits.
3. Additional fees will be charged for:
    A. Braces that are loose or broken, retainer replacement, or appliance repair
    B. Failed Appointments
    C. Poor Cooperation by the patient
    D. Retention visits after one year

**DENTAL CARE:** During orthodontic services, your general dental care including six months exams for cavities is the RESPONSIBILITY OF YOU AND YOUR GENERAL DENTIST.

Dr. Hall has referred me to an oral surgeon for surgical evaluation. (Orthognathic Surgery)

_Initial_

_Initial_

_[signature]_
RESPONSIBLE PARTY

_[signature]_
DR. TOM F. HALL, DDS

_6-5-06_
DATE

Appendix 7


PLAINTIFF'S EXHIBIT 1

# 5591 | Deana Pollard

Appendix 8

PLAINTIFF'S
EXHIBIT
2

PATIENT NUMBER

COMMENTS: OPT-I - Bilat. FL - 24 mos
TMJo's

OPT II - TO Clench - TO Grind

HOME PHONE 713-627-0403  OFFICE PHONE 713-627-0035

OFFICE NW ___  CL ___  K ___  PARENT ___
INS. FILED ___
CONSULT LTTR ___  EST. RB ___  ACTUAL RB ___
PH. I ___
PH. II ___  7. 08

| DATE | OH | AW | PROCEDURE | NEXT APPT. | TM | DATE | OH | AW | PROCEDURE |
|------|----|----|-----------|-----------|----|----|----|----|-----------|
| 5/10/04 | | | Exam, Models, BW, Photos, C005 | | | 1-26-07 | | | Advised AA, ILC's Pt |
| 6/6/06 | | | Consult w/Pt - revise to S | | | 2-5-07 | Ok | | wants to transfer w/ Richmond |
| 6/14/06 | | | Cleni. Imp & Ortho Clerk | 4 | | | | | to Dr Jones re: pay to Pt |
| | | | + Pt dismissed w/ financial contract in RE | | | | | | + Treat Pt on pmy |
| | | | sign off & contract | | | | | | |
| 6/14/06 | | | disabled billet vine | 4 | | | | | |
| JUL 1 2 2006 | | | RTC | | | | | | |
| 8-2-06 | | | O.L. & O.C.R | 6 | | | | | |
| AUG 2 2006 #1 | | | RTC | | | | | | |
| | | | Del O.C. trial #2 | KSA | | | | | |
| OCT 1 0 2006 #3 | | | +#4 Coil Act | Adj: | | | | | |
| NOV 2 7 2006 Ø | | | Structuring | | | | | | |
| | | | Imp for Invisalign Aligners (sign consent) | 6 | | | | | |
| 12-6-06 | | | IVA Online Submission Rec'd IVA | | | | | | |
| 1-4-07 | | | O.L. & Reinforce: Dx | | | | | | |
| 1-4-07 | (e) | | Pt has not been wearing Trays | | | | | | |
| | | | because Teeth mobile, sore. | | | | | | |
| JAN 0 9 2007 CADES | | | Pt appt cancel email. | | | | | | |
| 1-17-07 | | | phone cancel email | | | | | | |
| 1-17-07 | Oh | | Pt has question re: Treatmt | | | | | | |
| 1/18/07 | | | Phone advise re: Treatmt | | | | | | |
| 1-18-07 | | | On about Ins claim for payment | | | | | | |
| 1-23-07 | (e) | | Pt picking up claim for payment | | | | | | |
| 1-24-07 | Oh | | Pt picking up amended dup | | | | | | |
| 1-24-07 | Oh | | Im appt reset | | | | | | |

# Name: Pollard, Deana

Age: Tr. 42   Mo. 2   Birthday 3 / 5 / 64

Date 5 / 10 / 04

| DATE | OH | AW | PROCEDURE | NEXT APPT. | TM | DATE |
|------|----|----|-----------|-----------|----|----|
|  |  |  |  |  |  |  |

## Diagnosis

Skeletal Growth
Pattern: ☐ Mesocephalic   ☐ Dolicocephalic   ☐ Brachycephalic

Classification: ☐ I   ☐ II-1   ☐ II-2   ☐ III

Crowding: Max. _____ mm   Mand. _____ mm

Overbite: _____ %   Overjet _____ mm

Crossbite: ☐ Rt.   ☐ Lt.   ☐ Posterior   ☐ Anterior

Openbite: ☐ Rt.   ☐ Lt.   ☐ Posterior   ☐ Anterior

Periodontium: ☐ WNL   ☐ Maintenance   ☐ Impacted Teeth

Comments _____

## Treatment

☐ Limited   ☐ Phase I   ☐ Phase II   ☐ Ortho/Surgery

Attempt Non-Extraction: _____

Extract: _____ R _____ L _____

Extra Oral Force: _____ ARS _____ Lip Bmpr. _____

Appliance: ☐ Metal   ☐ Ceramic   ☐ Removable

Estimated Treatment Time I _____ II _____ months

Option A _____

Option B _____

## TMJ

☐ Normal   ☐ Crepitus L   R   ☐ Pain L · R

☐ Splint Therapy   ☐ Sup. Repost.   ☐ Ant. Repost.

☐ Laminographs   ☐ MRI   ☐ Arthrography

Max. opening _____ mm   Protrusive: _____ mm

Lateral Movement: R _____ mm   L _____ mm

☐ Deflection L → R   ☐ Deviation L → R

Date: _____

Pt. Concerns: _____

Diagnosis: _____

Prognosis: _____

Re-evaluate: _____

Dentist Dr. Salazar

Referral Dr. Adriana

# DENTAL CLAIM FORM

**Check one:**
- [ ] Dentist's pre-treatment estimate
- [X] Dentist's statement of actual services

**CARRIER NAME AND ADDRESS**

Aetna Healthcare
P.O. Box 14094
Lexington, KY 40512-4094

## PATIENT COVERAGE INFORMATION

| 1. Patient's name | 2. Relationship to employee | 3. Sex | 4. Patient birthdate | 5. If full time student |
|---|---|---|---|---|
| first m.i. last<br>Deana Pollard | [X] self ___ child<br>___ spouse ___ other | m [ ] f [X] | MM 3 DD 5 YYYY 1964 | school<br>city |

| 6. Employee/subscriber name and mailing address | 7. Employee/subscriber soc. sec. or I.D. number | 8. Employee/subscriber birthdate | 9. Employer (company) name and address | 10. Group number |
|---|---|---|---|---|
| Denna Pollard<br>447 North Post Oak Lane<br>Houston, TX 77024 | w09576728501 | MM 3 DD 5 YYYY 1964 | Texas Southern University | 876396020 |

**11.** Is patient covered by another dental plan? ___ yes [X] no
If yes, complete 12-a.
Is patient covered by a medical plan? ___ yes [X] no

**12-a.** Name and address of carrier(s)

**12-b.** Group no. (s)

**13.** Name and address of other employer (s)

**14-a.** Employee/subscriber name (if different than patient's)

**14-b.** Employee/subscriber soc. sec. or I.D. number

**14-c.** Employee/subscriber birthdate MM DD YYYY

**15.** Relationship to patient: [ ] self [ ] parent [ ] spouse [ ] other ___

I have reviewed the following treatment plan. I authorize release of any information relating to this claim. I understand that I am responsible for all costs of dental treatment.

Signed (Patient, or parent if minor): Signature on file — Date 6/7/2006

I hereby authorize payment directly to the below named dentist of the group insurance benefits otherwise payable to me.

Signed (insured person): Signature on file — Date 6/7/2006

## BILLING DENTIST

**16.** Name of Billing Dentist or Dental Entity
THOMAS F. HALL DDS.,MS.,PC.

**17.** Address where payment should be remitted
1919 North Loop West #460
City, State, Zip
Houston, TX 77008

**18.** Dentist Soc. Sec. or T.I.N. 76-0335147
**19.** Dentist license no. 12970
**20.** Dentist phone no. (713) 862-8223

**21.** First visit date current series 6/6/2006
**22.** Place of treatment: Office [X] Hosp. ECF Other
**23.** Radiographs or models enclosed? No Yes [X] How many?

**24.** Is treatment result of occupational illness or injury? No [X] Yes
**25.** Is treatment result of auto accident? No [X]
**26.** Other accident? No [X]
**27.** If prosthesis, is this initial placement? No [X] — (if no, reason for replacement)
**28.** Date of prior placement
**29.** Is treatment for orthodontics? No Yes [X]
If services already commenced enter: Date appliances placed 6/6/2006 — Mos. treat. remain. 24

Identify missing teeth with 'x'

**30.** Examination and treatment plan – List in order from tooth no. 1 through tooth no. 32 – Use charting system shown.

| Tooth # or letter | Surface | Description of service (including x-rays, prophylaxis, materials used, etc.) | Date service performed Mo. Day Year | Procedure number | Fee | For administrative use only |
|---|---|---|---|---|---|---|
| | | Total treatment fee: | 6/6/2006 | 08090 | 7995.00 | |
| | | Initial payment amount: 4775.00 | | | | |
| | | Estimated total length of treatment: 24 | | | | |
| | | Diagnosis:<br>Class I malocclusion<br>Severe Crowding<br>Deep overbite<br>Advanced Wear | | | | |
| | | Treatment:<br>Retention therapy, indefinite term<br>Comprehensive TX Adult Dentition<br>Bonded maxillary and mandibular appliances | | | | |

**31.** Remarks for unusual services
Future general dentistry after orthodontics

Appendix 9

I hereby certify that the procedures as indicated by date have been completed and that the fees submitted are the actual fees I have charged and intend to collect for those procedures.

Signed (Treating Dentist): [signature] — License Number 12970 — Date 6/7/2006

D 115(1) 6/7/2006 12:58:34 PM 0, 0

Form Approved by the Council on Dental Care Program AMERICAN DENTAL ASSOCIATION

| Total Fee Charged | 7995.00 |
|---|---|
| Max. Allowable | |
| Deductible | |
| Carrier % | A 000080 |

061260580

I612605472.001

```
DCA1 ID 000000053586529901 SUB POLLARD_____  CONTAC BC_____
PAT DEANA          PAT QUAL 01 LAD 10/24/06 PLAN           KEY   ICN       02
CL-ID              CL-ST    YR     RCVD       I/P          OP           MEMO
A P  FR    TO   TOS POS RULE    IP    THU CTR CHK  CHRGS        BASIC      MAJOR
  P 0606-       0                     D8090  01  001   7995.00         .00        .00




  DA AS11  DX <<<P  HCRA N HSA N SUB TOTALS   7995.00         .00        .00
NAP     QLTY  LCT       .00  CLAIM TOTALS     7995.00         .00        .00
EXP EXP  DISAL      COPAY       COINS       DED        COB PD       PAID
PRV RZ  7995.00        .00         .00        .00         .00        .00




  STL   7995.00         .00        .00        .00         .00        .00
  CTL   7995.00         .00        .00        .00         .00        .00
_ 760335147     PD 10/24/06 ISDT 10/25/06 DRFT           S   CSH
-               N-CPY PF14-REWK PF18-CRS PF19-EWM PF22-FA PF21-CQC C-CODER
[    ]
```

A 000081

# DENTAL CLAIM FORM

**Check one:**

☐ Dentist's pre-treatment estimate
☒ Dentist's statement of actual services

**CARRIER NAME AND ADDRESS**

Aetna Healthcare
P.O. Box 14094
Lexington, KY 40512-4094

| | |
|---|---|
| **1. Patient's name** first m.i. last<br>Deana Pollard | **2. Relationship to employee** X<br>self child<br>spouse other |

**3. Sex** m f — X

**4. Patient birthdate** MM 3 DD 5 YYYY 1964

**5. If full time student** school — city

**6. Employee/subscriber name and mailing address**
Denna Pollard
447 North Post Oak Lane
Houston, TX 77024

**7. Employee/subscriber soc. sec. or I.D. number**
w09576728501

**8. Employee/subscriber birthdate** MM 3 DD 5 YYYY 1964

**9. Employer (company) name and address**
Texas Southern University

**10. Group number**
876396020

**11. Is patient covered by another dental plan?**
___ yes X no
If yes, complete 12-a
Is patient covered by a medical plan?
___ yes X no

**12-a. Name and address of carrier(s)**

**12-b. Group no. (s)**

**13. Name and address of other employer (s)**

**14-a. Employee/subscriber name (if different than patient's)**

**14-b. Employee/subscriber soc. sec. or I.D. number**

**14-c. Employee/subscriber birthdate** MM DD YYYY

**15. Relationship to patient**
☐ self ☐ parent
☐ spouse ☐ other

I have reviewed the following treatment plan. I authorize release of any information relating to this claim. I understand that I am responsible for all costs of dental treatment.

♦ Signature on file      10/04/2006
Signed (Patient, or parent if minor)    Date

I hereby authorize payment directly to the below named dentist of the group insurance benefits otherwise payable to me.

♦ Signature on file      10/04/2006
Signed (insured person)    Date

## BILLING DENTIST

**16. Name of Billing Dentist or Dental Entity**
THOMAS F. HALL DDS,.MS.,PC.

**17. Address where payment should be remitted**
1919 North Loop West #460

**City, State, Zip**
Houston, TX 77008

| | |
|---|---|
| **18. Dentist Soc. Sec. or T.I.N.** 76-0335147 | **19. Dentist license no.** 12970 |
| **20. Dentist phone no.** (713) 862-8223 | |

**21. First visit date current series** 06/06/2006

**22. Place of treatment** Office X Hosp. ECF Other

**23. Radiographs or models enclosed?** No X Yes How many?

**24. Is treatment result of occupational illness or injury?** No X Yes — If yes, enter brief description and dates.

**25. Is treatment result of auto accident?** X

**26. Other accident?** X

**27. If prosthesis, is this initial placement?** X — (If no, reason for replacement)

**28. Date of prior placement**

**29. Is treatment for orthodontics?** Yes X — If services already commenced enter: Date appliances placed 06/06/2006 Mos. treat. remain 20

Identify missing teeth with "x"

30. Examination and treatment plan – List in order from tooth no. 1 through tooth no. 32 – Use charting system shown.

| Tooth # or letter | Surface | Description of service (including x-rays, prophylaxis, materials used, etc.) | Date service performed Mo. Day Year | Procedure number | Fee | For administrative use only |
|---|---|---|---|---|---|---|
| | | Total treatment fee: | 06/06/2006 | 08090 | 7995.00 | |
| | | Initial payment amount: ==4775.00== | | | | |
| | | Estimated total length of treatment: ==24== | | | | |
| | | Diagnosis:<br>Class I malocclusion<br>Severe Crowding<br>Deep overbite<br>Advanced Wear | | | | |
| | | Treatment:<br>Retention therapy, indefinite term<br>Comprehensive TX Adult Dentition<br>Bonded maxillary and mandibular appliances<br>Future general dentistry after orthodontics | | | | |

31. Remarks for unusual services

Resubmitted

I hereby certify that the procedures as indicated by date have been completed and that the fees submitted are the actual fees I have charged and intend to collect for those procedures.

♦ _[signature]_      12970      10/04/2006
Signed (Treating Dentist)    License Number    Date

| | |
|---|---|
| **Total Fee Charged** | 7995.00 |
| **Max. Allowable** | |
| **Deductible** | |
| **Carrier %** | A 000082 |

FD 115) 10/04/2006 10:52:27 AM -46, -111

DCN: 061009575500   SEQ: 1009060428

```
DCA1 ID 000000053586529901 SUB POLLARD          CONTAC BC
PAT DEANA        PAT QUAL 01 LAD 01/03/07 PLAN        KEY     ICN     02
CL-ID            CL-ST    VR    RCVD        I/P        OP         MEMO
A P FR   TO  TOS POS RULE   IP   THU CTR CHK  CHRGS     BASIC      MAJOR
_ P 1127-    0               D8670  01  001   135.00    135.00       .00



 DA ASI1  DX <<<P  HCRA N HSA N SUB TOTALS     135.00    135.00       .00
NAP    QLTY  LCT       .00  CLAIM TOTALS       135.00    135.00       .00
EXP EXP  DISAL     COPAY       COINS      DED        COB PD     PAID
         .00      135.00        .00       .00         .00        .00



 STL     .00     135.00        .00       .00         .00        .00
 CTL     .00     135.00        .00       .00         .00        .00
_ 760335147   PD 01/03/07 ISDT 01/04/07 DRFT           S   CSH
_
[    ]        N-CPY PF14-REWK PF18-CRS PF19-EWM PF22-PA PF21-CQC C-CODER
```

A 000083

# DENTAL CLAIM FORM

**Check one:**

☐ Dentist's pre-treatment estimate

☒ Dentist's statement of actual services

**CARRIER NAME AND ADDRESS**

Aetna Healthcare
P.O. Box 14094
Lexington, KY 40512-4094

## PATIENT COVERAGE INFORMATION

| 1. Patient's name | | | 2. Relationship to employee | 3. Sex | 4. Patient birthdate | | | 5. If full time student |
|---|---|---|---|---|---|---|---|---|
| first mi. last | | | X self ☐ child ☐ spouse ☐ other | m f | MM | DD | YYYY | school |
| Deana Pollard | | | | X | 3 | 5 | 1964 | city |

| 6. Employee/subscriber name and mailing address | 7. Employee/subscriber soc. sec. or I.D. number | 8. Employee/subscriber birthdate | | | 9. Employer (company) name and address | 10. Group number |
|---|---|---|---|---|---|---|
| Denna Pollard 447 North Post Oak Lane Houston, TX 77024 | w09576728501 | MM 3 | DD 5 | YYYY 1964 | Texas Southern University | 876396020 |

| 11. Is patient covered by another dental plan? ___ yes X no. If yes, complete 12-a. Is patient covered by a medical plan? ___ yes X no | 12-a. Name and address of carrier(s) | 12-b. Group no (s) | 13. Name and address of other employer (s) |
|---|---|---|---|

| 14-a. Employee/subscriber name (if different than patient's) | 14-b. Employee/subscriber soc. sec. or I.D. number | 14-c. Employee/subscriber birthdate MM DD YYYY | 15. Relationship to patient ☐ self ☐ parent ☐ spouse ☐ other___ |
|---|---|---|---|

I have reviewed the following treatment plan. I authorize release of any information relating to this claim. I understand that I am responsible for all costs of dental treatment.

**Signature on file**     12/12/2006
Signed (Patient, or parent if minor)    Date

I hereby authorize payment directly to the below named dentist of the group insurance benefits otherwise payable to me.

**Signature on file**     12/12/2006
Signed (insured person)    Date

## BILLING DENTIST

| 16. Name of Billing Dentist or Dental Entity | |
|---|---|
| THOMAS F. HALL DDS., MS., PC. | |

17. Address where payment should be remitted

1919 North Loop West #460

City, State, Zip

Houston, TX 77008

| 18. Dentist Soc. Sec. or T.I.N. | 19. Dentist license no. | 20. Dentist phone no. |
|---|---|---|
| 76-0335147 | 12970 | (713) 862-8223 |

| 21. First visit date current series | 22. Place of treatment Office Hosp. ECF Other | 23. Radiographs or models enclosed? No Yes How many? |
|---|---|---|
| 6/6/2006 | X | X |

| 24. Is treatment result of occupational illness or injury? | No X | Yes | If yes, enter brief description and dates |
|---|---|---|---|
| 25. Is treatment result of auto accident? | X | | |
| 26. Other accident? | X | | |
| 27. If prosthesis, is this initial placement? | X | | (if no, reason for replacement) | 28. Date of prior placement |
| 29. Is treatment for orthodontics? | | X | If services already commenced enter: Date appliances placed 6/6/2006 | Mos. treat. remain ==18== |

**Identify missing teeth with 'x'**

30. Examination and treatment plan – List in order from tooth no. 1 through tooth no. 32 – Use charting system shown.

| Tooth # or letter | Surface | Description of service (including x-rays, prophylaxis, materials used, etc.) | Date service performed Mo. Day Year | Procedure number | Fee | For administrative use only |
|---|---|---|---|---|---|---|
| | | ==Periodic Orthodontic Treatment Visit:== | ==11/27/2006== | ==D8670== | ==135.00== | |

31. Remarks for unusual services

I hereby certify that the procedures as indicated by date have been completed and that the fees submitted are the actual fees I have charged and intend to collect for those procedures.

Signed (Treating Dentist)    12970    12/12/2006
License Number    Date

| | |
|---|---|
| Total Fee Charged | 135.00 |
| Max. Allowable | |
| Deductible | |
| Carrier % | A 000084 |

FD 115(7) 12/12/2006 3:54:09 PM 0. 0

Form Approved by the Council on Dental Care Program
AMERICAN DENTAL ASSOCIATION

DCN: 061218454975   SEQ: 1218061051

```
DCA1 ID 000000053586529901 SUB POLLARD              CONTAC BC
PAT DEANA           PAT QUAL 01 LAD 03/06/07 PLAN          KEY    ICN     02
CL-ID               CL-ST    YR     RCVD         I/P         OP          MEMO
A P  FR   TO  TOS POS RULE    IP     TH# CTR CHK   CHRGS       BASIC       MAJOR
  P 0101-      0            D6670   01  001       135.00      135.00        .00




  DA ASI1  DX <<<P  HCRA N HSA N SUB TOTALS      135.00      135.00        .00
NAP    OLTV  LCT       .00  CLAIM TOTALS         135.00      135.00        .00
EXP EXP  DISAL       COPAY        COINS      DED          COB PD      PAID
         .00       135.00          .00       .00          .00          .00




  STL     .00      135.00          .00       .00          .00          .00
  CTL     .00      135.00          .00       .00          .00          .00
_ 760335147    PD 03/06/07 ISDT 03/07/07 DRFT            S   CSH
_             N-CPY PF14-REWK PF18-CRS PF19-EWM PF22-PA PF21-COC C-CODER
  [    ]
```

# DENTAL CLAIM FORM

Check one:

☐ Dentist's pre-treatment estimate

☒ Dentist's statement of actual services

CARRIER NAME AND ADDRESS

Aetna Healthcare
P.O. Box 14094
Lexington, KY 40512-4094

**PATIENT COVERAGE INFORMATION**

| 1 Patient's name | | | 2 Relationship to employee | 3 Sex | 4 Patient birthdate | 5 Full time student school |
|---|---|---|---|---|---|---|
| first m.i. last | | | X self ___ child ___ spouse ___ other ___ | m f X | MM 3 DD 5 YYYY 1964 | city |
| Deana Pollard | | | | | | |

6 Employee/subscriber name and mailing address

Denna Pollard
447 North Post Oak Lane
Houston, TX 77024

| 7 Employee/subscriber soc sec or I.D. number | 8 Employee/subscriber birthdate | 9 Employee company name and address | 10 Group number |
|---|---|---|---|
| w09576728501 | MM 3 DD 5 YYYY 1964 | Texas Southern University | 876396020 |

11 Is patient covered by another dental plan?

___ yes X no

If yes, complete 12-a

Is patient covered by a medical plan? ___ yes X no

12-a Name and address of carrier(s)

12-b Group no. s)

12 Name and address of other employers

| 14-a Employee/subscriber name (if different than patient's) | 14-b Employee/subscriber soc sec or I.D. number | 14-c Employee/subscriber birthdate | 15 Relationship to patient |
|---|---|---|---|
| | | MM DD YYYY | ☐ self ☐ parent ☐ spouse ☐ other |

I have reviewed the following treatment plan. I authorize release of any information relating to this claim. I understand that I am responsible for all costs of dental treatment.

I hereby authorize payment directly to the below named dentist of the group insurance benefits otherwise payable to me.

● Signature on file      2/14/2007
Signed (Patient, or parent if minor)    Date

● Signature on file      2/14/2007
Signed (insured person)    Date

**BILLING DENTIST**

16 Name of Billing Dentist or Dental Entity

THOMAS F. HALL DDS.,MS.,PC.

17 Address where payment should be remitted

1919 North Loop West #460

City, State Zip

Houston, TX 77008

18 Dentist Soc Sec or T.I.N.

76-0335147

| 19 Dentist license no. | 20 Dentist phone no. |
|---|---|
| 12970 | (713) 862-8223 |

| 21 First visit date current series | 22 Place of treatment | 23 Radiographs or models enclosed? |
|---|---|---|
| 6/6/2006 X | Office Hosp ECF Other | No Yes X How many? |

| 24 Is treatment result of occupational illness or injury? | X | If yes, enter brief description and dates |
|---|---|---|
| 25 Is treatment result of auto accident? | X | |
| 26 Other accident? | X | |
| 27 If prosthesis is this initial placement? | X | If no, reason for replacement |
| 29 Is treatment for orthodontics? | X | If services already commenced, enter |

28 Date of prior placement

Date appliances placed: 6/6/2006   Mos treat remain: 16

Identify missing teeth with "x"

30. Examination and treatment plan – List in order from tooth no. 1 through tooth no. 32 – Use charting system shown

| Tooth # or letter | Surface | Description of service (including x-rays, prophylaxis, materials used etc.) | Date service performed Mo Day Year | Procedure number | Fee | For administrative use only |
|---|---|---|---|---|---|---|
| | | Periodic Orthodontic Treatment Visit: | 1/1/2007 | D8670 | 135.00 | |

31. Remarks for unusual services

I hereby certify that the procedures as indicated by date have been completed and that the fees submitted are the actual fees I have charged and intend to collect for those procedures.

Signed (Treating Dentist)     12970 License Number     2/14/2007 Date

ID 115(T) 2/14/2007 9:33:51 AM 0, 0

| Total Fee Charged | 135.00 |
|---|---|
| Max. Allowable | |
| Deductible | |
| Carrier % | A 000086 |

Form Approved by the Council on Dental Care Programs
AMERICAN DENTAL ASSOCIATION

DCN: 070223408503    SEQ: 0223070493

```
DCA1 ID 000000053586529901 SUB POLLARD                    CONTAC BC
PAT DEANA          PAT QUAL 01 LAD 05/01/07 PLAN          KEY   ICN      02
CL-ID              CL-ST    YR     RCVD        I/P       OP          MEMO
A P  FR   TO  TOS POS RULE   IP    THN CTR CHK CHRGS     BASIC       MAJOR
_ P 0305-     0              D8670  01  001    135.00    135.00        .00




 DA ASI1  DE <<<P  HCRA N HSA N SUB TOTALS     135.00    135.00        .00
NAP    QLTY  LCT         .00  CLAIM TOTALS     135.00    135.00        .00
EXP EXP  DISAL      COPAY        COINS      DED        COB PD       PAID
         .00       135.00         .00        .00         .00         .00




 STL      .00      135.00         .00        .00         .00         .00
 CTL      .00      135.00         .00        .00         .00         .00
_ 760335147    PD 05/01/07 ISDT 05/07/07 DRFT          S   CSH
-              N-CPY PF14-REWK PF18-CRS PF19-EWM PF22-PA PF21-CQC C-CODER
[    ]
```

A 000087

## DENTAL CLAIM FORM

Check one:

- [ ] Dentist's pre-treatment estimate
- [X] Dentist's statement of actual services

CARRIER NAME AND ADDRESS

Aetna Healthcare
P.O. Box 14094
Lexington, KY 40512-4094

**PATIENT COVERAGE INFORMATION**

| 1. Patient's name | | | | 2. Relationship to employee | | 3. Sex | | 4. Patient birthdate | | | 5. If full time student |
|---|---|---|---|---|---|---|---|---|---|---|---|
| first | m.i. | last | | X | | m | f | MM | DD | YYYY | school |
| Deana Pollard | | | | self __ child __ spouse __ other __ | | | X | 3 | 5 | 1964 | city |

| 6. Employee/subscriber name and mailing address | 7. Employee/subscriber soc. sec. or I.D. number | 8. Employee/subscriber birthdate | | | 9. Employer (company) name and address | 10. Group number |
|---|---|---|---|---|---|---|
| Denna Pollard 447 North Post Oak Lane Houston, TX 77024 | w09576728501 | MM 3 | DD 5 | YYYY 1964 | Texas Southern University | 876396020 |

11. Is patient covered by another dental plan? ___ yes  X no

If yes, complete 12-a.

Is patient covered by a medical plan? ___ yes  X no

| 12-a. Name and address of carrier(s) | 12-b. Group no. (s) | 13. Name and address of other employer (s) |
|---|---|---|

| 14-a. Employee/subscriber name (if different than patient's) | 14-b. Employee/subscriber soc. sec. or I.D. number | 14-c. Employee/subscriber birthdate | | | 15. Relationship to patient |
|---|---|---|---|---|---|
| | | MM | DD | YYYY | self __ parent __ spouse __ other __ |

I have reviewed the following treatment plan. I authorize release of any information relating to this claim. I understand that I am responsible for all costs of dental treatment.

♦ Signature on file     04/12/2007
Signed (Patient, or parent if minor)     Date

I hereby authorize payment directly to the below named dentist of the group insurance benefits otherwise payable to me.

♦ Signature on file     04/12/2007
Signed (Insured person)     Date

**BILLING DENTIST**

16. Name of Billing Dentist or Dental Entity
THOMAS F. HALL DDS,.MS.,PC.

17. Address where payment should be remitted
1919 North Loop West #460
City, State, Zip
Houston, TX 77008

| 18. Dentist Soc. Sec. or T.I.N. | 19. Dentist license no. | 20. Dentist phone no. |
|---|---|---|
| 76-0335147 | 12970 | (713) 862-8223 |

| 21. First visit date current series | 22. Place of treatment | | | | 23. Radiographs or models enclosed? | | How many? |
|---|---|---|---|---|---|---|---|
| | Office | Hosp. | ECF | Other | No | Yes | |
| 06/06/2006 | X | | | | X | | |

Identify missing teeth with "x"

| 24. Is treatment result of occupational illness or injury? | No X | Yes | If yes, enter brief description and dates. |
|---|---|---|---|

25. Is treatment result of auto accident?  X

26. Other accident?  X

27. If prosthesis, is this initial placement?  X  (If no, reason for replacement)

28. Date of prior placement

29. Is treatment for orthodontics?  X

If services already commenced enter: 06/06/2006  Date appliances placed  Mos. treat. remain. 14

30. Examination and treatment plan – List in order from tooth no. 1 through tooth no. 32 – Use charting system shown.

FACIAL

RIGHT  LOWER UPPER  PRIMARY PERMANENT  LEFT

FACIAL

| Tooth # or letter | Surface | Description of service (including x-rays, prophylaxis, materials used, etc.) | Date service performed Mo. Day Year | Procedure number | Fee | For administrative use only |
|---|---|---|---|---|---|---|
| | | Periodic Orthodontic Treatment Visit: | 03/05/2007 | D8670 | 135.00 | |

31. Remarks for unusual services

I hereby certify that the procedures as indicated by date have been completed and that the fees submitted are the actual fees I have charged and intend to collect for those procedures.

♦ *Hall*
Signed (Treating Dentist)

12970
License Number

04/12/2007
Date

D 115(C) 04/12/2007 3:18:24 PM -46, -111

| Total Fee Charged | 135.00 |
|---|---|
| Max. Allowable | |
| Deductible | |
| Carrier % | |

A 000088

Form Approved by the Council on Dental Care Program
AMERICAN DENTAL ASSOCIATION

DCN: 070426439828   SEQ: 0426070864

Greater Houston Dental Society
One Greenway Plaza, Suite 110
Houston, Texas 77046

RECEIVED

MAY 0 2 2007

FELECIA CITIZEN

Michael Gonzalez, D.D.S.
Chairman Peer Review Committee

Re Case # 1370-0   Deana Pollard

Dear Dr. Gonzalez,

As requested by your office, what follows is a narrative of my treatment and recommendations for Deana Pollard.

## INITIAL VISIT

Deana Pollard presented at my office May 10, 2006 to consult for orthodontic treatment. The purpose of her visit as Deana Pollard stated, she wanted to "make her teeth look better".   D. Pollard stated that she was planning to have significant cosmetic work performed on her teeth to make them look better.  D. Pollard stated she had been told by the dentist that her teeth would need to be straightened before the cosmetic work could be performed. D. Pollard stated she thought that she needed some dental work, but that said she had known this for sometime.  D. Pollard did not note the date of her last visit with a dentist.

At the initial visit, I always inquire about the patients dentist and how they learned of our office.   D. Pollard said that Dr. Salazar <u>had</u> been her dentist, but that Dr. Adrianna Corredor <u>would</u> be doing the cosmetic work.
I recommended that orthodontic treatment would help to align the teeth prior to dental cosmetics.

## EXAM

The occlusion was a Class I with a 100% deep bite.  There was excessive wear to the lower incisors due to the deep bite.  The panorex and full mouth x-rays revealed numerous teeth that had been treated endodontically (5 teeth) and others that had very deep restorations.  The patient did not report any symptomatic teeth and there was no radiographic evidence to contraindicate orthodontic treatment.  The periodontium was healthy and bone height within normal levels.

## CONSULTATION

At the consultation I recommended orthodontic treatment in preparation for dental cosmetics.  I suggested regular braces and D. Pollard told me she only wanted Invisalgn (clear tray) treatment.  I advised her of the limitations and requirements of Invisalign and

Appendix 10

A 000090

DCN: 070607483581   SEQ: 0607070009

RECEIVED

MAY 02 2007

...CIA CITIZEN

she accepted. Treatment would consist of Invisalign for the upper arch and regular braces (ceramic type) for the lower arch.

I recommended that D. Pollard proceed with any dental work she had been advised to have before starting orthodontics. I explained to her that it is routine for any crowns to be replaced after orthodontics. She acknowledged, then told me she would like to proceed with the orthodontics anyway.....telling me "she had put this off long enough and did not want to waste any more time". * The orthodontic exam and radiographic survey provided no contra-indications to orthodontic treatment that I could see.

## Treatment

Deana Pollard chose fixed appliances (ceramic style) for the lower teeth and clear aligners for the upper teeth. Appliances were placed June 8, 2006 and impressions for clear aligners were also taken at that time. The patient was present for 3 adjustment appointments July, August and October. In November D Pollard told me she had stopped wearing the clear aligners for the upper teeth. *If a patient stops wearing the aligners, teeth will shift and future aligners will not fit. All aligners will have to be re-fit at additional cost to the patient. This was told to the patient at the consultation and at delivery of the clear aligners. D. Pollard did not make any appointments with my office after November 27, 2006.

## Patients Complaint as I Understand

The patient is unhappy because she was diagnosed as needing root canal therapy, and believes the braces are the cause. She also blames Dr. Hall of not "pre-diagnosing" her future need for root canals. To the contrary, Dr. Hall advised her that she might in fact require root canal therapy. The root canals were performed by Dassy Salazar DDS. The patient has also "shopped" a number of other dentists in Houston and received various conflicting dental diagnostic opinions.
The dentists are:

Dassy Salazar DDS
David DeJongh DDS
Mike Mizzel DDS
Francis Jones DDS
Mark Hablinski DDS

* I request that the peer review board request narratives from these dentists regarding their experiences with Deana Pollard.

0607070009

A 000091

DCN: 070607483581   SEQ: 0607070009

RECEIVED

MAY 02 2007

FELECIA CITIZEN

## Dr. Hall's View

Deana Pollard required root canal therapy because of pre-existing large fillings and crowns that had caused nerve damage in the past. * See patient consent to treatment attached.

*The American Association of Orthodontics Standard Treatment Consent to Treatment

#7 item states: <u>A tooth/teeth may have been traumatized by an accident or a tooth may have a large filling that can cause damage to the nerve of the tooth.  Orthodontic tooth movement may, in some cases aggravate this condition and in some instances necessitate root canal treatment.</u>
*The item # 7 was "highlighted" for the patients benefit by Dr. Hall because the patient did have numerous teeth with pre-existing deep fillings/crowns.

This easy to read standardized consent form was explained to Deana Pollard and signed by same at the orthodontic consultation appointment. June 5, 2006.  Copies of this have been supplied to the patient and her attorney several times.

Deana Pollard was advised to continue to see her general dentist while in orthodontic treatment.  In addition, there is a notice to every patient and in D Pollard's financial contract, that was SIGNED & INITIALED by Pollard.  *See attached patient contract.
It states:

<u>DENTAL CARE: During orthodontic services your general dental care including six months exams for cavities is the RESPONSIBILITY OF YOU AND YOUR GENERAL DENTIST</u>.

## Resolution and Offer of Refund

After numerous lengthy discussions with D Pollard on the telephone she decided she would seek to continue her orthodontic treatment somewhere else.  She demanded a full refund of all money or she said, "I would be hearing from her boyfriend, who is a *#*#*# attorney".  D Pollard often used threatening profanity when speaking with my office.

In a phone call January 24, 2007 I offered Deana Pollard a refund of approximately 40% of the treatment fee, pro-rated on the time, treatment, consultations and expenses. Deana Pollard refused my offer of a 40% refund, she then told me she wanted a 100% refund, and HUNG UP the phone.  She has since requested several sets of records to be sent to her and her attorney.

DCN: 070607483581   SEQ: 0607070009

RECEIVED

MAY 0 2 2007

FELECIA CITIZEN

Refund

| | |
|---|---|
| Total Orthodontic Treatment: | $5,995.00 |
| Estimated Insurance Benefits: | -1220.00 |
| Initial Bonding (Ceramic Brackets): | -1500.00 |
| Clear Aligner Lab Charge: | -1500.00 |
| 5 Months of Treatment @ 225.00: | -1125.00 |
| Total Refund Offered: 1/24/2007 | $650.00 |

| | | |
|---|---|---|
| New Expenses: | | |
| 1 Hour Phone Conversation @ 325.00 1/17/07 | -325.00 | |
| ½ Hour Phone Conversation: | -175.00 | |
| Copies of Records Mailed to Attorney: | -150.00 | " \ |

| | |
|---|---|
| Total Refund: | $0.00 |

*[signature]*   4/18/07

0607070009

A 000093

DCN: 070607483581   SEQ: 0607070009

**THOMAS F. HALL DDS,.MS.,PC.**
1919 North Loop West #460
Houston, TX 77008
(713) 862-8223

Patient #: 5591
Patient name: Deana Pollard
Family #: 5395  Contract #: 6330
Responsible party: Denna Pollard
447 North Post Oak Lane
Houston, TX 77024

| Treatment start date: | | Ledger Type | Accounts Receivable |
|---|---|---|---|
| Charge frequency: | 6/6/2006 | Billing option: | Past Due |
| Activity code: | Monthly | Contract code: | Regular |
| Original contract amount: | Active | Current due: | $0.00 |
| Initial charge amount: | $6,775.00 | Over 30 due: | $0.00 |
| Regular Charge Amount: | $4,775.00 | Over 60 days past due: | $0.00 |
| Present Contract Balance: | $0.00 | Over 90 days past due: | $0.00 |
| | $0.00 | Interest due: | $0.00 |
| Remaining commitment: | | Amount Due Now: | $0.00 |
| Patient home phone: | $0.00 | | $0.00 |
| Responsible Party home phone: | (713) 927-9935 | | |
| Responsible Party work phone: | (713) 927-9935 | | |
| Spouse's name: | | | |
| Spouse work phone: | | | |

| Date | S | Description | Type | Reference | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 5/10/2006 | M | Models | | | $60.00 | | $60.00 |
| 5/10/2006 | M | Payment to Current | CC | 9078 | | ($60.00) | $0.00 |
| 6/6/2006 | M | Payment to Current | CHK | 2874 | | ($4,775.00) | ($4,775.00) |
| 6/6/2006 | M | START | | START | $4,775.00 | | $0.00 |
| | | TOTALS: | | | $4,835.00 | ($4,835.00) | $0.00 |

000068

Appendix 11

## THOMAS F. HALL DDS,.MS.,PC.
### 1919 North Loop West #460
### Houston, TX 77008
### (713) 862-8223

Patient #: 5591
Patient name: Deana Pollard
Family #: 5395 Contract #: 6372
Responsible party: Denna Pollard - Texas Southern University/Aetna Healthcare
447 North Post Oak Lane
Houston, TX 77024

| | | | |
|---|---|---|---|
| Treatment start date: | 6/6/2006 | Ledger Type | Accounts Receivable |
| Charge frequency: | Monthly | Billing option: | Past Due |
| Activity code: | Active | Contract code: | Regular |
| Original contract amount: | $1,220.00 | Current due: | $51.00 |
| Initial charge amount: | $0.00 | Over 30 due: | $51.00 |
| Regular Charge Amount: | $51.00 | Over 60 days past due: | $51.00 |
| Present Contract Balance: | $761.00 | Over 90 days past due: | $306.00 |
| | | Interest due: | $0.00 |
| Remaining commitment: | $1,220.00 | Amount Due Now: | $459.00 |
| Patient home phone: | (713) 927-9935 | | |
| Responsible Party home phone: | (713) 927-9935 | | |
| Responsible Party work phone: | | | |
| Spouse's name: | | | |
| Spouse work phone: | | | |

| Date | S | Description | Type | Reference | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 6/7/2006 | M | START | | START | $0.00 | | $0.00 |
| 7/1/2006 | M | Contract Charge | | | $51.00 | | $51.00 |
| 8/1/2006 | M | Contract Charge | | | $51.00 | | $102.00 |
| 9/1/2006 | M | Contract Charge | | | $51.00 | | $153.00 |
| 10/1/2006 | M | Contract Charge | | | $51.00 | | $204.00 |
| 11/1/2006 | M | Contract Charge | | | $51.00 | | $255.00 |
| 12/1/2006 | M | Contract Charge | | | $51.00 | | $306.00 |
| 1/1/2007 | M | Contract Charge | | | $51.00 | | $357.00 |
| 2/1/2007 | M | Contract Charge | | | $51.00 | | $408.00 |
| 3/1/2007 | D | Contract Charge | | | $51.00 | | $459.00 |
| | | TOTALS: | | | $459.00 | $0.00 | $459.00 |

000069

**THOMAS F. HALL DDS,.MS.,PC.**
**1919 North Loop West #460**
**Houston, TX 77008**
**(713) 862-8223**

Patient #:       5591
Patient name:    Deana Pollard
Family #:        5395      Contract #: 6330
Responsible party:   Denna Pollard
                447 North Post Oak Lane
                Houston, TX 77024

| | | | |
|---|---|---|---|
| Treatment start date: | 6/6/2006 | Ledger Type | Accounts Receivable |
| Charge frequency: | Monthly | Billing option: | Past Due |
| Activity code: | Active | Contract code: | Regular |
| Original contract amount: | $6,775.00 | Current due: | $0.00 |
| Initial charge amount: | $4,775.00 | Over 30 due: | $0.00 |
| Regular Charge Amount: | $0.00 | Over 60 days past due: | $0.00 |
| Present Contract Balance: | $0.00 | Over 90 days past due: | $0.00 |
| | | Interest due: | $0.00 |
| Remaining commitment: | $0.00 | Amount Due Now: | $0.00 |
| Patient home phone: | (713) 927-9935 | | |
| Responsible Party home phone: | (713) 927-9935 | | |
| Responsible Party work phone: | | | |
| Spouse's name: | | | |
| Spouse work phone: | | | |

| Date | S | Description | Type | Reference | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 5/10/2006 | M | Models | | | $60.00 | | $60.00 |
| 5/10/2006 | M | Payment to Current Comment: payment for models | CC | 9078 | | ($60.00) | $0.00 |
| 6/6/2006 | M | Payment to Current Comment: payment for braces | CHK | 2874 | | ($4,775.00) | ($4,775.00) |
| 6/6/2006 | M | START | | START | $4,775.00 | | $0.00 |
| 6/6/2006 | M | Production Start Comment: Original: $6,775.00 Initial: $4,775.00 Regular: $0.00 Balance: $2,000.00 Frequency: Monthly Interest: Late charge | | | | | $0.00 |
| 6/6/2006 | M | Contract Status Change Comment: From N to A | | | $0.00 | | $0.00 |
| 6/6/2006 | M | Contract Balance Change Comment: Contract Balance Change From $2,000.00 to $0.00 aetna ins disct | | | | | $0.00 |

000074

# TRAVIS & HAMMOND, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



December 09, 2008

In Reference To:   Pollard

Invoice #2430

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/2/2008 | JRL | Conducted research ███████ under Texas DTPA as tie-in from Medical Liability Act. ████████ causes of action suit by plaintiff. | 0.40 $145.00/hr | 58.00 |
|  | GRT | Draft and forward response to Deanna A. Pollard's counsel. Telephone conference with ████████ Receipt and review e-mail correspondence from ████████ and draft response to same. | 0.80 $145.00/hr | 116.00 |
| 6/3/2008 | GRT | Receipt, review and analysis of Plaintiff's Petition and begin drafting ████████████████ Review law cited in petition. | 3.70 $145.00/hr | 536.50 |
| 6/9/2008 | JRL | Phone calls to ██████ regarding ███████████ | 0.20 $145.00/hr | 29.00 |
| 6/13/2008 | JRL | Research on ███████ Deceptive Trade Practices Act and medical liability causes of action. | 0.50 $145.00/hr | 72.50 |
| 6/17/2008 | JRL | Drafting of Answer and Request for Disclosure. | 1.00 $145.00/hr | 145.00 |
| 6/18/2008 | JRL | Drafted Defendant's Request for Production of Documents, Interrogatories, Request for Admissions. | 2.30 $145.00/hr | 333.50 |
| 6/19/2008 | JRL | Drafting of Answer and Counterclaims. Research regarding ████████ | 1.30 $145.00/hr | 188.50 |
| 6/20/2008 | JRL | Drafted Notice of Deposition for Deanna Pollard and Medical Authorization. Revision of Answer and Counterclaims; revision of Discovery requests. Research on ████████ Deceptive Trade Practices Act in medical liability act claim. | 2.40 $145.00/hr | 348.00 |
| 6/23/2008 | JRL | Phone call to ██████ regarding ██████████ Revision to Answer and Counterclaims. Drafting of ████ regarding Deceptive Trade Practices Act claims in addition to Medical Liability Act. | 5.80 $145.00/hr | 841.00 |

Appendix 12



EXHIBIT
18

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/23/2008 | GRT | Receipt, review and revise Original Answer to Counterclaims. Receipt and review of various e-mails from ████████ | 1.80 $145.00/hr | 261.00 |
| 6/24/2008 | JRL | Completion ██████ Deceptive Trade Practices Act causes of action for medical negligence. | 1.40 $145.00/hr | 203.00 |
| 6/25/2008 | JRL | Drafting of Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claims. Research on ████████ Medical Liability Act claims. | 5.60 $145.00/hr | 812.00 |
| 6/27/2008 | JRL | Research on ████████ Phone call to Sacks Law Firm ████ Deceptive Trade Practices Act and medical negligence actions. Review of ████ and ████ Research on ████ Deceptive Trade Practices Act and negligent misrepresentation claims. Revision of Partial Summary Judgment. | 3.10 $145.00/hr | 449.50 |
|  | GRT | Receipt, review and analyze lengthy and various correspondence from Plaintiff's counsel regarding demands, statements, facts and records. | 2.70 $145.00/hr | 391.50 |
| 6/30/2008 | JRL | Phone call to ████ regarding ████████ Revision of Motion for Summary Judgment. | 1.70 $145.00/hr | 246.50 |
|  | MJP | Review and revise discovery requests. (.8) | 0.80 $145.00/hr | 116.00 |
|  |  | For professional services rendered | 35.50 | $5,147.50 |

Additional Charges :

| 6/1/2008 | Copying cost | 23.00 |
|---|---|---|
| 6/13/2008 | LEXIS | 24.47 |
| 6/23/2008 | Filing Fee - Beverly Kaufman, Harris County Clerk - Counterclaim Filing Fee | 40.00 |
|  | Total additional charges | $87.47 |
|  | Total amount of this bill | $5,234.97 |

Please make checks payable to Travis & Hammond, P.C.





# TRAVIS & HAMMOND, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



January 26, 2009

In Reference To:   Hall

Invoice #2433

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/2/2008 | JRL | Drafting and revision of Hall's First Amended Answer to include allegations of Sacks' misrepresentation regarding insurance coverage and lack of payment for Hall's services.<br>Revision of Hall's Request for Production of Documents, Interrogatories, and Request for Admissions. | 1.60<br>$110.00/hr | 176.00 |
| 7/7/2008 | JRL | Review and revision of Dr. Hall's Amended Answer.<br>Meeting with Dr. Hall ████████████<br>Review of medical records for Plaintiff.<br>Research on ████████████████████ ██████ | 3.00<br>$110.00/hr | 330.00 |
| 7/8/2008 | JRL | Revision of Hall's Amended Answer and Discovery requests.<br>Drafting of Notice to Produce Documents and Subpoena for Sacks' Medical Records to Dr. Salazar.<br>Review of Sacks' medical records for inclusion in Hall's Motion for Summary Judgment.<br>Revision of Motion for Summary Judgment on Sacks' Deceptive Trade Practices Act claims. | 4.10<br>$110.00/hr | 451.00 |
| | GRT | Receipt and review and correspondence from Dr. Hall ████████████ ████ Telephone conference with Dr. Thomas Hall | 0.90<br>$145.00/hr | 130.50 |
| 7/9/2008 | GRT | Receipt and review of correspondence for Plaintiff's regarding release of records.  Review, revise Deposition of Written Questions and Subpoenas to subsequent treaters. | 1.90<br>$145.00/hr | 275.50 |
| | JRL | Drafted Notice of Subpoena and Subpoena's for Plaintiff's medical records to Dr. Jones, Dr. De Jongh, Dr. Hablinski, and Dr. Mizell. | 2.00<br>$110.00/hr | 220.00 |
| 7/10/2008 | JRL | Review and revision of Hall's Motion for Summary Judgment and Plaintiff's Deceptive Trade Practices Act claims.<br>Phone Call with Dr. Hablinski regarding Plaintiff's medical records. | 0.70<br>$110.00/hr | 77.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2008 | JRL | Research on ████ Deceptive Trade Practices Act ████ and medical negligence ████<br>Revision of Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claim. | 1.70<br>$110.00/hr | 187.00 |
| 7/14/2008 | JRL | Travel to Dr. Hablinski's office for review and copying of Plaintiff's medical records. | 0.70<br>$110.00/hr | 77.00 |
| 7/16/2008 | JRL | Revision of Motion for Summary Judgment on Plaintiff DTPA claims. | 0.30<br>$110.00/hr | 33.00 |
| 7/17/2008 | JRL | Revision of Thomas Hall's discovery requests and Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claims. | 0.70<br>$110.00/hr | 77.00 |
| 7/22/2008 | BNM | Review and revise subpoena for Production of Documents for various Dental Care Providers | 0.60<br>$75.00/hr | 45.00 |
| | GRT | Review and file multiple subpoenas for records to all subsequent treaters. | 1.50<br>$145.00/hr | 217.50 |
| 7/28/2008 | MJP | Receipt and review Plaintiff's Request for Disclosure and discuss ████ | 0.10<br>$145.00/hr | 14.50 |
| | GRT | Receipt and review correspondence from Plaintiff's counsel regarding Request for Disclosure. | 0.20<br>$145.00/hr | 29.00 |
| 7/29/2008 | JRL | Revision of subpoenas for medical records of Plaintiff. | 1.70<br>$110.00/hr | 187.00 |
| 7/31/2008 | BNM | Review and revise depositions on Written Questions for Custodian of Records of Dental Care Providers | 0.70<br>$75.00/hr | 52.50 |
| | JRL | Revision and drafting of subpoena as to Dr. Dassy Salazar, Dr. James W. May, Dr. David De Jongh, Dr. Francis Jones and Dr. Michael Mizell. Telephone call to ████ Revision of Request for Admissions to Plaintiff and Defendant's Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claims. | 3.10<br>$110.00/hr | 341.00 |
| 8/1/2008 | JRL | Edits to Deceptive Trade Practices Act Motion for Summary Judgment and Request for Admission ████ | 1.40<br>$110.00/hr | 154.00 |
| 8/4/2008 | MJP | Receipt and review documents responsive to subpoena to David De Jongh. | 1.30<br>$145.00/hr | 188.50 |
| 8/5/2008 | GRT | Receipt and review of various e-mails from ████ Reply to same. Draft e-mail to ████ Review e-mail from ████ | 0.40<br>$145.00/hr | 58.00 |
| | JRL | Review and revision of Defendant's Request for Admissions. Gathered research ████ | 1.00<br>$110.00/hr | 110.00 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 8/6/2008 JRL | Revision of Thomas Hall's Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claim. Phone call with█████████ ████████████████████████████Telephone█ | 0.80 $110.00/hr | 88.00 |
| 8/7/2008 JRL | Revision of Defendant's Request for Admissions to Plaintiff. | 0.60 $110.00/hr | 66.00 |
| 8/8/2008 GRT | Review, revise and file First Set of Responses to Plaintiffs Interrogatories, First Set of Request for Admissions's. Forst Set of Request for Production of Documents, and Request for Disclosure. | 3.30 $145.00/hr | 478.50 |
| JRL | Review records and Plaintiff's Petition in preparation for discovery and filing████████████████████meeting with████████ | 1.70 $110.00/hr | 187.00 |
| MJP | Review and revise discovery requests including Requests for Disclosure, Request for Production of Documents, Interrogatories, and Requests for Admissions. | 1.80 $145.00/hr | 261.00 |
| 8/13/2008 JRL | E-mail correspondence with████████regarding████████ ████████████Telephone call to████████ | 0.40 $110.00/hr | 44.00 |
| 8/14/2008 MJP | Receipt and review documents responsive to subpoena to Michael Mizell, DDS. Receipt and review documents responsive to subpoena to Frances Jones, DDS. | 1.30 $145.00/hr | 188.50 |
| JRL | Travel to Dr. Jones' and Dr. Mizell's office███████████████ Telephone call with██████████████ | 2.60 $110.00/hr | 286.00 |
| 8/20/2008 JRL | Drafting of██████████████ | 0.70 $110.00/hr | 77.00 |
| 8/21/2008 JRL | Drafting of████████████████████ Prepared Defendant's response to Plaintiff's Request for Disclosures. E-mail to██████████ | 2.90 $110.00/hr | 319.00 |
| 8/22/2008 JRL | Review of records of Plaintiff's documents received from subpoenas. ████████████████████ | 2.50 $110.00/hr | 275.00 |
| 8/24/2008 JRL | Revision of memorandum██████████████████ ████████ | 1.20 $110.00/hr | 132.00 |
| 8/25/2008 GRT | Review and revise file Defendant's Response to Plaintiff's Request for Disclosure. | 0.50 $145.00/hr | 72.50 |
| 9/10/2008 GRT | Receipt and review of correspondence from██████████ | 0.20 $145.00/hr | 29.00 |
| 9/15/2008 MJP | Receipt and review D. Pollards responses to written discovery. | 1.80 $145.00/hr | 261.00 |

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/15/2008 | GRT | Receipt, review and analysis of Plaintiff's Responses to Defendant's Request for Production of Documents, Request for Disclosure, Request for Admissions and First Set of Interrogatories. Review ██████ | 2.30 $145.00/hr | 333.50 |
| 9/23/2008 | JRL | Review of Plaintiff's Discovery Responses and ████████ | 1.20 $110.00/hr | 132.00 |
| 9/25/2008 | GRT | Draft and forward email correspondence to Dr. Hall regarding ███████ | 0.30 $145.00/hr | 43.50 |
|  | MJP | Receipt and review Plaintiff's Expert Witness Designation and discuss same with ████ | 0.80 $145.00/hr | 116.00 |
|  | JRL | Receipt, review and respond  to email correspondence with Dr. Hall. | 0.20 $110.00/hr | 22.00 |
| 9/29/2008 | JRL | Email to Dr. Hall regarding ████████ Receipt and review of Plaintiff's expert report. | 1.20 $110.00/hr | 132.00 |
| 9/30/2008 | GRT | Receipt and review of Plaintiff's Expert Witness Designation and thorough review and analysis of expert's report ████████ | 3.80 $145.00/hr | 551.00 |
|  |  | For professional services rendered | 61.70 | $7,525.50 |

Additional Charges :

| | | Amount |
|---|---|---|
| 7/1/2008 | Photocopies | 101.00 |
| 7/18/2008 | Postage | 5.32 |
| 8/1/2008 | Photocopies | 96.00 |
| 8/18/2008 | Recording Fee - Records (notary/supply fees) | 65.00 |
| 8/27/2008 | Filing Fee - Courthouse Connection - July 08 - Attempted Rush Subpoena to Smile Spa Dental | 100.00 |
|  | Filing Fee - Courthouse Connection - July 08 - Subpoena to Michael Mizell | 65.00 |
|  | Filing Fee - Courthouse Connection - July 08 - Subpoena to Dr. Frances Jones | 65.00 |
|  | Filing Fee - Courthouse Connection - July 08 - Subpoena to David De Jongh | 65.00 |
| 9/1/2008 | Photocopies | 67.00 |
|  | Total additional charges | $629.32 |
|  | Total amount of this bill | $8,154.82 |

# TRAVIS & HAMMOND, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



January 13, 2009

In Reference To: Hall

Invoice #2438

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/2/2008 | GRT | Receipt and review of e-mail correspondence from ███████ regarding Deceptive Trade Practices Act Motion for Summary Judgment. | 0.10 $145.00/hr | 14.50 |
| 10/3/2008 | JRL | Email to ██████████████████ Plaintiff's Deceptive Trade Practices Act claim.(0.10)  Phone call with Dr. Hall regarding ████████████████████ (0.60)  Letter to Plaintiff's counsel regarding discovery responses and requesting dates for the depositions of Plaintiff, Gloria Pollard, and Plaintiff's medical expert. (0.30)  Review of Plaintiff's expert report in preparation for ████████ | 2.10 $110.00/hr | 231.00 |
|  | MJP | Review and revise correspondence to Plaintiff's Counsel regarding Discovery issues. | 0.30 $145.00/hr | 43.50 |
|  | GRT | Review research on Deceptive Trade Practices Act Motion for Summary Judgment. ████████████ | 1.70 $145.00/hr | 246.50 |
| 10/9/2008 | JRL | Email to Dr. Hall regarding ████████████ | 0.10 $110.00/hr | 11.00 |
|  | GRT | Receipt and review of correspondence from Dr. Hall regarding ████████ ████████ Respond to same. | 0.20 $145.00/hr | 29.00 |
| 10/10/2008 | JRL | Research on establishing differences between orthodontist and dentist and proper form and contents for ████████████ 0.70)  Review of Plaintiff's expert report in preparation for ████████ .2) Drafting ████ (2.2) | 4.10 $110.00/hr | 451.00 |
| 10/13/2008 | JRL | Phone call with ████████████████ regarding ████████ Dr. Hall's Motion for Summary Judgment, and strategy for ████████ (0.50)  Drafting of Dr. Hall's ████████ (6.8) | 7.30 $110.00/hr | 803.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/14/2008 | JRL | Drafted Motion to Compel Plaintiff's Responses to Dr. Hall's discovery and to provide dates for reviewing and copying records at the office of Plaintiff's counsel. (3.3) Email to ███ regarding filing of Motion for Summary Judgment, Motion to Dismiss, and Motion to Compel. (0.10) | 3.40 $110.00/hr | 374.00 |
| 10/15/2008 | JRL | Drafted Notice of Hearing, Notice of Submission, and Request for Oral Hearing for Motion to Dismiss and Motion for Summary Judgment. (0.50) Drafted Request for Production of Documents Plaintiff regarding medical providers identified in Plaintiff's Original Petition. (3.70) Phone call to Plaintiff's counsel regarding responses to Dr. Hall's discovery. (0.20) Drafted letter to Plaintiff's counsel regarding responses to Dr. Hall's discovery. (0.30) | 4.70 $110.00/hr | 517.00 |
|  | MJP | Review and revise Defendant's Objections to Plaintiff's Expert Report, Motion for Partial Summary Judgment, and Notices of Oral Hearing, discuss same with ███ | 2.60 $145.00/hr | 377.00 |
|  | GRT | Review and revise Defendant's Objections to Plaintiff's Report and Motion to Dismiss, Defendant's Motion for Partial Motion for Summary Judgment. | 2.40 $145.00/hr | 348.00 |
| 10/16/2008 | MJP | Review and revise correspondences to David Sacks regarding ███ ███ | 0.20 $145.00/hr | 29.00 |
|  | GRT | Review correspondence regarding discovery. Confirm with ███ regarding same. Receipt and review of various e-mails from ███ ███ | 0.50 $145.00/hr | 72.50 |
| 10/20/2008 | JRL | Preparation for hearing on Objections to Plaintiff's Expert Report and Motion to Dismiss. (3.20) Final revision of Motion to Compel. (0.70) | 3.90 $110.00/hr | 429.00 |
|  | MJP | Receipt and review Plaintiff's Response to Objections to Expert Report to Motion to Dismiss and discuss same with ███ | 1.60 $145.00/hr | 232.00 |
|  | GRT | Receipt and review of Plaintiff's lengthy response to Dr. Thomas Hall's Objection to Expert Report and Motion to Dismiss. Conference with ███ ███ regarding matter. | 0.80 $145.00/hr | 116.00 |
| 10/21/2008 | JRL | Research on ███ ███ (0.80) Preparation for hearing on Motion to Dismiss. (2.20) | 3.00 $110.00/hr | 330.00 |
|  | MJP | Meeting with ███ and ███ regarding ███ ███ | 1.50 $145.00/hr | 217.50 |
|  | GRT | Receipt and review of various correspondence from Plaintiff's counsel regarding hearing. | 0.20 $145.00/hr | 29.00 |
| 10/22/2008 | JRL | Final drafting of Motion to Compel and drafting of Notices of Deposition for Plaintiff and Dr. Henwood, Plaintiff's medical expert. (1.60) Phone call with ███ (0.10) Reviewed email from ███ (0.10) | 1.80 $110.00/hr | 198.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/22/2008 | MJP | Review and revise Defendant's Motion to Compel Answers to Interrogatories, Responses to Request for Admissions, Responses to Request for Production of Documents and Responses to Request for Disclosure.  Review and revise Deposition Notice of Plaintiff. | 1.80 $145.00/hr | 261.00 |
|  | GRT | Review and revise Dr. Hall's Motion to Compel Answers to Interrogatories, Request for Admissions, Request for Production of Documents, and Request for Disclosures.  Draft e-mail correspondence t█████████████████████ | 2.80 $145.00/hr | 406.00 |
| 10/23/2008 | JRL | Phone call with Plaintiff's counsel regarding Motion to Compel and deposition notices. | 0.40 $110.00/hr | 44.00 |
| 10/24/2008 | JRL | Telephone call with opposing Attorney regarding Plaintiff's responses to Dr. Hall's discovery and attempting to schedule a time to pick up responsive documents from office of Plaintiff's counsel. | 0.30 $110.00/hr | 33.00 |
| 10/27/2008 | JRL | Preparation for 10/28/08 hearing on Dr. Hall's Motion to Compel production of documents and supplemental answers to discovery. (2.40)  Review of Plaintiff's Response to Dr. Hall's Motion to Compel in preparation for hearing on 10/28/08. (1.80)  Telephone call with opposing attorney regarding Dr. Hall's Motion to Compel. (0.20) | 4.40 $110.00/hr | 484.00 |
|  | MJP | Review and revise Plaintiff's Response to Motion to Compel Answers to Discovery and discuss same with█████████ | 0.80 $145.00/hr | 116.00 |
|  | GRT | Receipt and review████████████Plaintiff's Responses to Defendant's Motion to Compel, Answer to Interrogatories, Request for Admissions's, Request for Production of Documents, Request for Disclosure's. Confer with████████████████████ | 1.80 $145.00/hr | 261.00 |
| 10/28/2008 | JRL | Court Appearance for Hearing on Dr. Hall's Motion to Compel, including further preparation time. (2.1) Revision of Initial Litigation Plan & Budget. (2.50)  Email to ██████ and█████████ forwarding same. (0.10) | 4.70 $110.00/hr | 517.00 |
|  | GRT | Receipt and review of e-mail correspondence regarding██████ Confirm with████████████████ | 0.30 $145.00/hr | 43.50 |
| 10/29/2008 | JRL | Reviewed Plaintiff's subpoena of records from Dr. Steinberger. (0.10)Drafted Notice of Deposition of Plaintiff.  (0.40)  Meeting with Plaintiff's counsel to obtain records pursuant to Dr. Hall's discovery requests and Court order. (1.10) | 1.60 $110.00/hr | 176.00 |
| 10/30/2008 | JRL | Meeting with██████ regarding██████████ | 0.30 $110.00/hr | 33.00 |
| 10/31/2008 | JRL | Letter to Plaintiff's counsel requesting deposition dates for Plaintiff and Plaintiff's medical expert. | 0.50 $110.00/hr | 55.00 |
|  | MJP | Review and revise correspondence to Plaintiff's counsel regarding deposition dates for Deanna Sacks. | 0.20 $145.00/hr | 29.00 |
| 11/4/2008 | MJP | Receipt and review Order for Trial Setting. | 0.10 $145.00/hr | 14.50 |

| | Hrs/Rate | Amount |
|---|---|---|
| 11/4/2008 GRT    Receipt and review of Order from trial setting. | 0.10 $145.00/hr | 14.50 |
| 11/5/2008 JRL    Review of correspondence from Court regarding setting of trial date. | 0.10 $110.00/hr | 11.00 |
| 11/6/2008 MJP    Review and revise Notice of Oral Hearing and Motion to Quash Deposition of Dr. Steinberger ███████████████ | 0.60 $145.00/hr | 87.00 |
| GRT    Receipt and review of Notice of Oral Hearing on Dr. Steinberger's Motion to Quash. | 0.10 $145.00/hr | 14.50 |
| 11/7/2008 JRL    Review of Plaintiff's Request for Production to Dr. Hall. | 0.30 $110.00/hr | 33.00 |
| MJP    Receipt and review Plaintiff's Requests for Production.  Discuss same with █████ Receipt and review Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. | 0.60 $145.00/hr | 87.00 |
| GRT    Receipt and review and analysis of Plaintiff's Request for Production of Documents to Dr. Hall. Forward to ██████ | 1.40 $145.00/hr | 203.00 |
| 11/10/2008 JRL    Drafted Notice of Deposition of Plaintiff and Plaintiff's expert, Dr. Henwood, (0.80)  Email to Dr. Hall regarding possible deposition dates and ████████████ (0.10)  Meeting with █████████████████ (0.50) | 1.40 $110.00/hr | 154.00 |
| MJP    Review and revise Deposition Notices of Sacks and Dr. Henwood. | 0.60 $145.00/hr | 87.00 |
| GRT    Conference with █████ regarding ██████████ Revise Notice of Deposition. Receipt, review and analysis of Plaintiff's Responses to Defendant's Motion of Partial Summary Judgment. Receipt, review and revise Plaintiff's First Amended Petition. Receipt and review or correspondence regarding trial setting. Receipt and review of email correspondences to Dr. hall regarding █████████ | 3.40 $145.00/hr | 493.00 |
| 11/11/2008 JRL    Phone call from Dr. Hall regarding response to Plaintiff's Requests for Production. Discussion of case status and his availability for deposition. (0.60)  Phone call with attorney for Dr. Steinberger regarding Plaintiff's notice of deposition and upcoming hearing on Motion to Quash. Review of Plaintiff's subpoena for records from the Better Business Bureau. (0.10)  Review of Dr. Steinberger's Notice of Hearing on Motion to Quash Deposition of Dr. Steinberger. (0.10) (Original deposition notice sent by Plaintiff's counsel.)  Research on relevancy of Plaintiff's discovery request for ███████████████████ (0.60)  Research on ████████████████ Motion to Quash hearing on 11/12/08. (0.60) | 2.00 $110.00/hr | 220.00 |
| GRT    Receipt and review Motion to Quash the Deposition of Larry Steinberger, DDS | 0.20 $145.00/hr | 29.00 |
| 11/12/2008 JRL    Court Appearance for Hearing on Dr. Steinberger's Motion to Quash his deposition. (1.60)  Preparation for hearing on Dr. Steinberger's Motion to Quash. (0.80)  Review of Plaintiff's Amended Petition and Response to | 4.10 $110.00/hr | 451.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|

Dr. Hall's Motion for Summary Judgment. (1.60) Review of Plaintiff's Notice of Appearance of Additional Counsel. (0.10)

| Date | Init. | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/12/2008 | MJP | Receipt and review Notice of Appearance of Additional Counsel and discuss same with ████████████. Receipt and review Plaintiff's 2nd Request for Production of Documents, 1st of Interrogatories, and Request for Admissions. | 0.90 $145.00/hr | 130.50 |
| | GRT | Receipt and review of Notice of Appearance of General Counsel. Receipt, review, and analysis of Plaintiff's 2nd Request for Disclosures, 1st Set of Interrogatories, and Request for Admissions. Forward to Dr. Thomas Hall. | 2.30 $145.00/hr | 333.50 |
| 11/13/2008 | JRL | Drafted Reply to Plaintiff's Response to Dr. Hall's Motion for Summary Judgment on Plaintiff's Deceptive Trade Practices Act claims. (1.90) Review of Plaintiff's Second Request for Production, Request for Admissions, and Interrogatories. (1.20) | 3.10 $110.00/hr | 341.00 |
| | MJP | Receipt and review Motion to Quash Depositions of Sacks and Henwood. Review and revise Defendant's reply to Plaintiff's response to Defendant's Motion for Partial Summary Judgment. Receipt and review Plaintiff's response to Dr. Steinberger's Motion to Quash Deposition. | 1.90 $145.00/hr | 275.50 |
| | GRT | Receipt and review of Plaintiff's Motion to to Quash Depositions of Deanna Sacks and Robbie Henwood. Review and revise Dr. Thomas Hall's Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment. Receipt and review of Plaintiff's Response to Dr. Steinberger's Motion to Quash. Conference with ████████ Receipt and review of e-mail correspondence from ████████████ | 1.90 $145.00/hr | 275.50 |
| 11/14/2008 | JRL | Drafted Deposition on Written Questions to Drs. Steinberger, Dr. Corredor and Dr. Alawadhi. (1.20) Drafted Second Request for Admissions and Second Request for Production to Plaintiff. (1.80) Reviewed Motions to Quash the Depositions of Plaintiff and Dr. R. Henwood. (0.20) Research regarding ████████████ (1.90) Review of Plaintiff's Response to Dr. Steinberger's Motion to Quash. (0.10) Drafted letter to Plaintiff's counsel requesting dates for depositions of Dr. R. Henwood and Plaintiff. (0.30) Telephone conference with opposing attorney regarding deposition dates for Dr. R. Henwood and Plaintiff. (0.20) Review of letter from Plaintiff's counsel to Dr. Steinbeger regarding review of records. (0.10) Review of new Notice of Deposition for Dr. Steinberger. (0.10) | 5.90 $110.00/hr | 649.00 |
| 11/17/2008 | JRL | Email to ████████████ Plaintiff's Amended Petition and Response to Dr. Hall's Motion for Summary Judgment. Advised that Dr. Hall's professional association is now added as Defendant. (0.10) Email to Dr. Hall requesting input on Plaintiff's new discovery requests. (0.10) Phone call to Dr. Hall regarding accepting service on behalf of his professional association. Also advised that Plaintiff has issued new discovery and I would be forwarding same to him for his review and input. (0.40) | 0.60 $110.00/hr | 66.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/17/2008 | GRT | Conference with J. Leske regarding Dr. Thomas Hall's Professional Association and acceptance of service. Receipt and review of various e-mail correspondence regarding discovery and Amended Petitions. Review each and respond to same. | 1.60 $145.00/hr | 232.00 |
| 11/18/2008 | JRL | Letter to Plaintiff's counsel advising that Travis & Hammond, P.C. would accept service on behalf of Dr. Hall's professional association. (0.30) Drafted Notice of Deposition for Plaintiff dated 11/1/08 and Dr. Henwood dated 11/21/08. (0.80) | 1.10 $110.00/hr | 121.00 |
|  | MJP | Receipt and review Plaintiff's 2nd Request for Production of Documents. | 0.30 $145.00/hr | 43.50 |
| 11/19/2008 | JRL | Emails to Plaintiff's counsel regarding moving Dr. Henwood's deposition to 11:30am on 11/21/08. (0.30) Preparation for deposition of Dr. Henwood on 11/21/08. (1.40) Reviewed letter from Plaintiff's counsel regarding moving Dr. Henwood's deposition to 11:30am on 11/21/08. (0.10) | 1.80 $110.00/hr | 198.00 |
|  | MJP | Receipt and review correspondence from Plaintiff's attorney regarding deposition start time and discuss with J. Leske. | 0.30 $145.00/hr | 43.50 |
|  | GRT | Begin preparation for deposition. Receipt and review of correspondences regarding deposition. Receipt, review and analysis of Plaintiff's Responses to Second Set of Production Requests. Receipt and review of various email correspondences regarding discovery issues. | 3.90 $145.00/hr | 565.50 |
| 11/20/2008 | JRL | Review and responses to emails from Plaintiff's counsel regarding keeping Dr. Henwood's deposition at time originally noticed. (0.40) Telephone call with opposing Attorney regarding cancellation of Dr. Henwood's deposition. (0.30) Letter to Plaintiff's counsel regarding cancellation of Dr. Henwood's deposition. (0.40) Letter to Plaintiff's counsel regarding facts and issues surrounding cancellation of Dr. Henwood's deposition. (0.50) | 1.60 $110.00/hr | 176.00 |
|  | MJP | Receipt and review correspondence to Plaintiff's attorney regarding deposition scheduling and meet with J. Leske and G. Travis regarding same. Receipt and review correspondence from Plaintiff's attorney regarding deposition scheduling. | 1.70 $145.00/hr | 246.50 |
|  | GRT | Receipt and review of various correspondences regarding scheduling depositions. Conference with J. Leske regarding discovery and deposition. Receipt and review of various correspondence from Plaintiff's counsel regarding depositions and discovery. Conferences with J. Leske and J. Portele regarding depositions. Telephone conference with Plaintiff's counsel regarding deposition and scheduling. | 2.90 $145.00/hr | 420.50 |
| 11/21/2008 | JRL | Review of Plaintiff's Second Request for Production, Interrogatories, and Request for Admissions to Dr. Hall. (1.30) Preparation of materials and medical records ████████████████ (1.40) Phone call to Dr. Hall regarding Plaintiff's new discovery requests. (0.40) Discussed his responses and ██████. (0.40) Review of letter from Plaintiff's counsel confirming cancellation of deposition of Dr. Henwood. (0.20) | 3.70 $110.00/hr | ' 407.00 |



|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 11/21/2008 MJP | Receipt and review correspondence from Plaintiff's counsel regarding acceptance of service on Plaintiff's First Amended Petition and discuss same with J. Leske. | 0.80 $145.00/hr | 116.00 |
| GRT | Receipt, review and analysis of Plaintiff's First Amended Petition adding Dr. Thomas Hall's Professional Association and causes of action pertaining thereto. Receipt and review lengthy e-mails from Dr. Thomas Hall regarding Deanna A. Pollard's responses to discovery. | 1.30 $145.00/hr | 188.50 |
| 11/24/2008 JRL | Review of notice from County Clerk regarding payment for jury fee. (0.10) Review of Plaintiff's responses to Dr. Hall's Second Request for Production. (0.50) | 0.60 $110.00/hr | 66.00 |
| GRT | Receipt and review of e-mail from J. Leske regarding ██████████ ████████ | 0.20 $145.00/hr | 29.00 |
| 11/25/2008 JRL | Final revisions to Dr. Hall's Third Request for Production and Second Request for Admission. (0.30) Review of email from Dr. Hall containing his responses to Plaintiff's recent discovery requests. (0.30) Research on steps and requirements for qualifying as ██████████████ ██████████████(0.60)Preparation for deposition of Plaintiff. (0.70) | 1.90 $110.00/hr | 209.00 |
| 11/26/2008 JRL | Preparation for deposition of Plaintiff on 12/1/08. Review of Dr. Hall's records in preparation for deposition. (4.30) Phone call to Dr. Hall regarding meeting at Travis & Hammond ███████████his responses to Plaintiff's First Request for Production, and request for written authorization for accepting service on behalf of his professional association. (0.40) | 4.70 $110.00/hr | 517.00 |
| 11/28/2008 JRL | Preparation for deposition of Plaintiff on 12.1.08. | 1.80 $110.00/hr | 198.00 |
| GRT | Receipt and review of deposition outline and make changes to same. | 0.70 $145.00/hr | 101.50 |
| 11/30/2008 JRL | Preparation for deposition of Plaintiff on 12.1.08. | 2.30 $110.00/hr | 253.00 |
| 12/1/2008 GRT | Receipt and review of e-mail correspondence regarding meeting. | 0.10 $145.00/hr | 14.50 |
| 12/2/2008 JRL | Phone call from client regarding ██████████████████ setting up meeting in our offices (0.6). Began drafting Dr. Hall's responses and objections to Plaintiff's First Request for Production of Documents (0.8). | 1.40 $110.00/hr | 154.00 |
| MJP | Receipt and review Deposition on Written Questions to Better Business Bureau (0.3). | 0.30 $145.00/hr | 43.50 |
| 12/3/2008 JRL | Revision to Dr. Hall's Responses to Plaintiff First Request for Production of Documents (2.1). | 2.10 $110.00/hr | 231.00 |

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/3/2008 GRT | ████ meeting with Dr. Hall to discuss strategy and status. Receipt and review of Defendant's Discovery Requests directed to defendant. | | 1.90 $145.00/hr | 275.50 |
| MJP | Receipt and review Certificate of Written Discovery on Plaintiff's Request for Disclosure (0.1). | | 0.10 $145.00/hr | 14.50 |
| 12/4/2008 JRL | Receipt and review of Plaintiff's Requests for Disclosure to Defendant Thomas F. Hall, DDS, MS, P.A (0.1). Meeting with Greg Travis and Dr. Hall regarding strategy ██████ (0.8). Receipt and review of letter from Plaintiff's counsel to co-Defendants' counsel regarding the substitution of Dr. Whiteley's executor as a party to the suit (0.1). Email to Dr. Hall with synopsis of meeting with G. Travis and J. Leske on 12.4.08 (0.4). Research on ██████ (0.6). | | 2.00 $110.00/hr | 220.00 |
| 12/5/2008 GRT | Review and revise Dr. Halls Responses to Plaintiff's Request for Production. | | 1.40 $145.00/hr | 203.00 |
| MJP | Review and revise Defendant's Responses to Plaintiff's Request for Disclosure (0.8). | | 0.80 $145.00/hr | 116.00 |
| 12/8/2008 JRL | Drafted Thomas F. Hall, D.D.S., M.S., P.A.'s Original Answer and Counterclaims to Plaintiff's First Amended Petition (2.1). Research on ██████ Answers to Plaintiff's First Amended Petition (0.6). | | 2.70 $110.00/hr | 297.00 |
| 12/9/2008 GRT | Telephone conference with Dr. Garrett to review and discuss matters. ██████ Receipt and review of Plaintiff's deposition of Dr. Hall. Telephone conference with plaintiff's counsel regarding case and depositions. Draft Rule 11 and discuss issues. | | 1.50 $145.00/hr | 217.50 |
| MJP | Receipt and review Notice of Deposition of the Corporate Representative of Thomas Hall, DDS, MS, P.A. (0.2). | | 0.20 $145.00/hr | 29.00 |
| 12/10/2008 JRL | Drafted Thomas F. Hall, DDS Second Amended Answer and Counterclaims to Plaintiff's First Amended Petition (1.8). Receipt and review of Rule 11 Agreement from Plaintiff's counsel regarding scheduling of Dr. Hall's deposition in January 2009 and extending the discovery deadline accordingly (0.1). Receipt and review of Notices of Deposition for Thomas Hall, DDS and Thomas F. Hall, D.D.S., M.S., P.A. (0.2). Drafted Thomas Hall, DDS' Responses to Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Production of Documents (3.7). Receipt and review of email from David Sacks regarding scheduling of Dr. Hall's deposition (0.1). Drafted Thomas F. Hall, D.D.S., M.S., P.A.'s Third-Party Petition against Aetna and Employees Retirement System of Texas (3.1). Email to Dr. Hall requesting ██████ (0.1). | | 9.10 $110.00/hr | 1,001.00 |
| 12/11/2008 JRL | Receipt and review of email from Dr. Hall regarding ██████ (0.1). Drafted Thomas F. Hall, D.D.S., M.S., P.A.'s Request for Disclosures to Plaintiff (0.6). | | 0.10 $110.00/hr | 11.00 |

| | Hrs/Rate | Amount |
|---|---|---|
| 12/11/2008 GRT Review and revise Dr. Hall's Second Amended Answer and Counterclaims, Dr. Hall P.A.'s Original Answer and Counterclaim and review and revise Dr. Halls Responses to First Set of Interrogatories, Request for Admissions and Request for Production of Documents. | 2.80 $145.00/hr | 406.00 |
| 12/12/2008 GRT Review and revise subpoena for production of documents for Larry Steinberger and discuss same with ████ | 0.60 $145.00/hr | 87.00 |
| JRL Exchanged several phone calls and emails with Dr. Hall regarding his responses to Plaintiff's First Set of Interrogatories (0.6). | 0.60 $110.00/hr | 66.00 |
| GRT Receipt and review of Order for Trial Setting from court clerk. | 0.10 $145.00/hr | 14.50 |
| MJP Review and revise Defendant's Second Amended Answer and CounterclaimThomas Hall, DDS, MS, P.A. Original Answer and Counterclaim, Thomas Hall, DDS, MS, P.A. Third Party Plaintiff's Request for Admissions, Hall's Responses to Plaintiff's First Set of Interrogatories, Hall's responses to Plaintiff's First Request for Admissions, Hall's Responses to Plaintiff's Second Request for Production and Certificate of Written Discovery (2.5). Receipt and review Order on Trial Setting (0.2). | 2.70 $145.00/hr | 391.50 |
| 12/15/2008 MJP Receipt and review of Order of Referral to Mediation (0.2). | 0.20 $145.00/hr | 29.00 |
| GRT Receipt and review Order of Referral of Mediation. | 0.20 $145.00/hr | 29.00 |
| 12/16/2008 JRL Attended deposition of Dr. Larry Steinberger, as noticed by Plaintiff (1.2). Receipt and review of Order of Referral of Mediation from Harris County Court at Law Number 3 (0.1). Receipt and review of correspondence from Plaintiff's attorney regarding new trial setting of 03.02.09 and their intention to seek a new trial date from the Court (0.1). Receipt and review of Order for Trial Setting -- 03.02.09 (0.1). | 1.50 $110.00/hr | 165.00 |
| GRT Receipt and review Plaintiff's Second Amended Petition and discuss same with J. Leske. | 0.80 $145.00/hr | 116.00 |
| 12/17/2008 MJP Receipt and review of Plaintiff's Second Amended Petition and discuss same with J. Leske (0.4). | 0.40 $145.00/hr | 58.00 |
| MJP Receipt and review Plaintiff's Responses to Defendant's First Request for Admissions and Request for Production (0.8). | 0.80 $145.00/hr | 116.00 |
| 12/18/2008 GRT Receipt and review of status update for J. Leske. | 0.10 $145.00/hr | 14.50 |
| 12/19/2008 JRL Receipt and review of Plaintiff's Second Amended Petition (0.8). | 0.80 $110.00/hr | 88.00 |
| 12/22/2008 JRL Drafted Thomas F. Hall, D.D.S., M.S., P.A.'s Responses to Plaintiff's Request for Disclosures (1.1). | 1.10 $110.00/hr | 121.00 |



|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 163.60 | $20,187.00 |
| | Additional Charges : | | |
| 10/1/2008 | Photocopies | | 264.00 |
| 10/16/2008 | Filing Fee | | 7.24 |
| | Filing Fee | | 7.24 |
| 10/28/2008 | Parking (Oral Hearing on Defendant's Motion to Compel Discovery) | | 3.00 |
| 10/30/2008 | IKON - color copies & x-ray duplication | | 21.76 |
| 11/1/2008 | Photocopies | | 269.00 |
| 11/11/2008 | Beverly Kaufman, Harris County County Clerk - Jury Demand Fee | | 22.00 |
| 11/12/2008 | Parking - Oral Hearing on Dr. Steinberger's Motion to Quash the Deposition of Dr. Steinberger | | 3.00 |
| 11/21/2008 | Courier Service to Dr. Fred Garrett (50%) | | 8.25 |
| 12/1/2008 | Postage | | 12.24 |
| | Copying cost | | 117.00 |
| 12/15/2008 | Filing Fee | | 11.84 |
| | Total additional charges | | $746.57 |
| | Total amount of this bill | | $20,933.57 |

Please make checks payable to Travis & Hammond, P.C.

**TRAVIS & HAMMOND, P.C.**
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800

May 12, 2009

In Reference To:   Hall
Invoice #2555

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/2/2009 | MJP | Review and revise T. Hall's responses to Plaintiff's Request for Disclosures. (.4) | 0.40 $145.00/hr | 58.00 |
| | GRT | Review and revise Dr. Hall's Responses to Plaintiff's Request for Disclosure. | 0.30 $145.00/hr | 43.50 |
| 1/5/2009 | JRL | Email and phone call with C. DiFerrante regarding dates for Dr. Hall's deposition. Drafted memorandum to file regarding same. (.3) | 0.30 $110.00/hr | 33.00 |
| 1/6/2009 | JRL | Phone call from Dr. Hall regarding his availability for deposition and discussion of current case status. Drafted memorandum to file regarding same. | 0.40 $110.00/hr | 44.00 |
| 1/7/2009 | GRT | Receipt and review of correspondence regarding Setting of Deposition. | 0.10 $145.00/hr | 14.50 |
| 1/12/2009 | JRL | Phone call to Dr. Hall regarding his availability for deposition. Drafted memorandum to file regarding same. (.3) Receipt and review of fax from C. DiFerrante inquiring into additional available dates for Dr. Hall's deposition. (.1) | 0.40 $110.00/hr | 44.00 |
| | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding deposition dates (.1). Conference with Dr. Hall regarding same (.2). | 0.30 $145.00/hr | 43.50 |
| 1/13/2009 | JRL | Phone call to Dr. Hall regarding setting his deposition and ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Discussed items to review in preparation and further facts involved in the case. (.5) Telephone call with opposing Attorney regarding deposition dates for Dr. Hall▓▓▓▓▓ ▓▓▓▓▓ (.1) | 0.60 $110.00/hr | 66.00 |
| 1/14/2009 | JRL | Email to Plaintiff's counsel regarding possible mediation dates. | 0.10 $110.00/hr | 11.00 |
| 1/15/2009 | JRL | Deposition preparation for Dr. Hall in anticipation of 1/22/09 deposition (3.3). Receipt and review of email from C. DiFerrante regarding mediation dates and Dr. Hall's deposition. (.1) Reviewed transcript of Plaintiff's deposition in preparation for Dr. Hall's deposition and in anticipation of | 1.90 $110.00/hr | 209.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | filing a Motion for Summary Judgment. (1.7) Email to Dr. Hall ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |  |  |
| 1/15/2009 | MJP | Receipt and review correspondence from K. Black regarding potential mediation dates. | 0.10 $145.00/hr | 14.50 |
|  | GRT | ▓▓▓▓▓▓▓▓▓▓▓▓▓ Dr. Hall deposition scheduled on 1/22/09 (3.3). | 3.30 $145.00/hr | 478.50 |
| 1/16/2009 | JRL | Receipt, review and respond to emails and letter from Plaintiff's counsel regarding available mediation dates. (0.3) ▓▓▓▓▓▓▓▓▓▓▓▓▓ Receipt and review of correspondence from Plaintiff's counsel regarding review of records obtained by our office in response to Defendants' Deposition upon Written Questions in preparation for compiling records and supplementing our discovery responses. (.1) | 0.50 $110.00/hr | 55.00 |
|  | MJP | Receipt and review deposition notice of T. Hall (.2) Receipt and review Designation of Attorney in Charge (.1) | 0.30 $145.00/hr | 43.50 |
|  | GRT | Receipt and review of various correspondence from Plaintiff's Counsel regarding mediation and discovery (.2). Receipt and review of correspondence for Plaintiff's counsel regarding Deposition Notice of Dr. Hall (.1). Receipt and review of Designation of Attorney in Charge (.1). | 0.40 $145.00/hr | 58.00 |
| 1/17/2009 | JRL | Research on agent for service for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (.3) Review of Dr. Hall's responses to Plaintiff's Request for Production of Documents in preparation for supplementing the responses. (.6) Receipt and review of Plaintiff's Designation of C. DiFerrante as Attorney in Charge. (.1) Receipt and review of Plaintiff's Notice of Deposition for Dr. Hall, individually and as corporate representative. (.2) Receipt and review of ▓▓▓▓▓ (.1) | 1.30 $110.00/hr | 143.00 |
| 1/19/2009 | JRL | Email to client regarding ▓▓▓▓▓▓▓▓▓▓▓ (.1) Receipt and review of email from Dr. Hall ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (.1) | 0.20 $110.00/hr | 22.00 |
|  | GRT | Receipt and review of emails from ▓▓▓▓▓▓▓▓▓▓ (.1). | 0.10 $145.00/hr | 14.50 |
| 1/20/2009 | JRL | Phone call to client regarding financial contract and discussions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Drafted memorandum to file regarding same. (.5) Receipt, review and respond to email from Dr. Hall ▓▓▓▓▓▓ (.2) | 0.70 $110.00/hr | 77.00 |
|  | GRT | Receipt and review of ▓▓▓▓▓▓▓▓▓▓▓▓ Receipt and review of various emails from ▓▓▓▓ and draft response to same (.9). | 0.90 $145.00/hr | 130.50 |
| 1/21/2009 | JRL | Phone call to Dr. May's office regarding status of record request in preparation for supplementing our discovery responses. (.2) Drafted email and review of response from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (.1) Email to ▓▓▓▓▓▓▓▓ (.1) Drafted letter to Plaintiff's | 1.20 $110.00/hr | 132.00 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|

counsel regarding review of records received by our office in response to depositions upon written questions, mediation date, and requesting dates for the deposition of Plaintiff's expert and Plaintiff. (.2) Phone call to client ███████████████████ Drafted memorandum to file regarding same. (.3) Receipt and review of email from Dr. Hall ███████████████ (.1) Email to Plaintiff's counsel regarding ███████████████. (.1) Receipt and review of letter from Dr. J. May's office regarding cost of records for Plaintiff. (.1)

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/21/2009 | GRT | Receipt and review of correspondence from Dr. Mays, subsequent treaters regarding records (.1). Review supplement to Plaintiff's discovery to determine relevance (.1). | 0.20 $145.00/hr | 29.00 |
| 1/22/2009 | JRL | Preparation and attendance at deposition of Dr. Hall. (6.2) Drafted letter to Plaintiff's counsel attaching supplemental documents to our discovery responses. (.1) | 6.30 $110.00/hr | 693.00 |
|  | GRT | Draft and forward e-mail correspondence to ███████████ (.1). Draft and forward e-mails correspondence to ███████████ (.1). Telephone conference with ███████ (.1). Preparation and presentation of Dr. Hall at his deposition (3.4). | 0.30 $145.00/hr | 43.50 |
| 1/26/2009 | JRL | Email to client regarding status of case and attaching pleadings for review. (.1) Email to client attaching information regarding mediation on 2.19.09. (.1) ███████████ Phone call from counsel for Plaintiff regarding trial scheduling and producing documents responsive to Defendants' Depositions Upon Written Questions. (.2) | 2.80 $110.00/hr | 308.00 |
|  | MJP | Receipt and review order on Trial Setting. | 0.10 $145.00/hr | 14.50 |
| 1/27/2009 | GRT | Receipt and review of Order of Trial Setting and correspondence from plaintiff's counsel regarding production of records. | 0.10 $145.00/hr | 14.50 |
| 1/28/2009 | JRL | Email to Dr. Hall requesting information for his curriculum vitae. | 0.10 $110.00/hr | 11.00 |
| 1/29/2009 | JRL | Phone call from client regarding his resume/curriculum vitae, ███████ and discussion about pleadings in case. ███████ Drafted memorandum to file regarding same. (.7) Email to Dr. Hall ███ (.1) Phone call ███████████ (.2) | 1.00 $110.00/hr | 110.00 |
| 2/1/2009 | JRL | Drafted Defendants' Supplemental Responses to Plaintiff's discovery requests. | 2.60 $110.00/hr | 286.00 |
| 2/2/2009 | JRL | Review and ███████████ for use in supplementing Defendants' discovery responses. (2.6) Emails to Dr. Hall regarding status of his resume. (.2) | 2.80 $110.00/hr | 308.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/2/2009 | GRT | Receipt and review of e-mail correspondence regarding service of process. | 0.10 $145.00/hr | 14.50 |
| 2/3/2009 | GRT | Receipt and review of various e-mails from ███████ regarding status and respond to same. (.1) ████████████ ████████ (.8) | 0.90 $145.00/hr | 130.50 |
| 2/4/2009 | JRL | Receipt, review and respond to emails with ████████ regarding ████████████████ | 0.30 $110.00/hr | 33.00 |
| | JRL | Phone call from Plaintiff's counsel regarding a possible Motion for Continuance and possible dates to reset the trial. | 0.20 $110.00/hr | 22.00 |
| | GRT | Receipt and review of e-mail from Dr. Hall regarding ████████ (.1) Draft Response to same. (.2) Receipt and review of additional e-mail correspondence from Dr. Hall regarding ████████ | 0.40 $145.00/hr | 58.00 |
| 2/6/2009 | JRL | Phone call with ████████████████████ ██████. Drafted memorandum to file regarding same. | 0.40 $110.00/hr | 44.00 |
| | JRL | Receipt and review of email from ████████████ ████████████████ | 0.10 $110.00/hr | 11.00 |
| | GRT | Review and revise Defendant's Supplemental Responses to Plaintiff's Request for Production of Documents and Plaintiff's First Set of Interrogatories. (2.3) Review and revise Dr. Hall's Supplemental Response to Plaintiff's Request for Disclosures. (.4) | 2.70 $145.00/hr | 391.50 |
| 2/7/2009 | JRL | Receipt and review of Affidavit of Service on Aetna Dental Inc. | 0.10 $110.00/hr | 11.00 |
| 2/9/2009 | JRL | Drafted letter to Plaintiff's counsel regarding deposition dates for Dr. Henwood and Plaintiff and attaching Dr. Hall's curriculum vitae. | 0.20 $110.00/hr | 22.00 |
| | JRL | Email to ████████████████████ | 0.10 $110.00/hr | 11.00 |
| 2/10/2009 | GRT | Receipt and review of Third-Party Aetna's Original Answer. | 0.10 $145.00/hr | 14.50 |
| 2/11/2009 | JRL | Receipt, review and respond to email from ██████████████████ ry ████████████████ | 0.20 $110.00/hr | 22.00 |
| | JRL | Drafted letter to mediator in response to his request for information about matter, including disputed facts, disputed law, and breakdown of the case. | 1.30 $110.00/hr | 143.00 |
| 2/12/2009 | JRL | Receipt and review of email from ████████████████ ████████████ | 0.10 $110.00/hr | 11.00 |
| 2/16/2009 | JRL | Phone call with ████████████ regarding status of case. Drafted memorandum to file regarding same. | 0.30 $110.00/hr | 33.00 |
| | JRL | Receipt and review of ████████████████ | 0.10 $110.00/hr | 11.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/16/2009 | JRL | Email to J. Poole regarding ▓▓▓▓▓▓▓ | 0.10 $110.00/hr | 11.00 |
|  | JRL | Email to Dr. Hall regarding 2.19.09 mediation ▓▓▓▓ ▓▓▓▓ | 0.10 $110.00/hr | 11.00 |
|  | JRL | Email to K. Black, Plaintiff's counsel, regarding potential dates for new trial setting. | 0.10 $110.00/hr | 11.00 |
|  | GRT | Receipt, review and analysis of Business Records Affidavits with Records. (.1) Receipt and review of Third-Party Defendant's Original Answer. (.2) | 0.30 $145.00/hr | 43.50 |
| 2/17/2009 | JRL | Receipt and review of Affidavit of Service for Employees Retirement System of Texas. | 0.10 $110.00/hr | 11.00 |
|  | JRL | Receipt and review of Business Records Affidavits and Notice of Filing from Plaintiff. | 0.10 $110.00/hr | 11.00 |
|  | JRL | Revision to Defendants' Joint No-Evidence Motion for Summary Judgment. | 0.70 $110.00/hr | 77.00 |
| 2/18/2009 | JRL | Receipt and review of email from Dr. Hall inquiring about time frame for 2.19.09 mediation ▓▓▓▓▓ | 0.20 $110.00/hr | 22.00 |
|  | MJP | Receipt and review ▓▓▓▓▓▓▓▓ ▓▓▓ (.6) | 0.60 $145.00/hr | 87.00 |
|  | GRT | Receipt and review of Affidavit of Service of Employee Retirement Systems. | 0.10 $145.00/hr | 14.50 |
| 2/19/2009 | JRL | Preparation and attendance for mediation, 2.19.09. (4.9) Phone call with ▓▓▓▓▓▓ regarding status of case and briefing before ▓▓▓ (.3) Email to ▓▓▓▓ (.1) | 5.30 $110.00/hr | 583.00 |
|  | GRT | Receipt, review and analysis of Defendant's Motion for Sanctions along with exhibits. | 1.60 $145.00/hr | 232.00 |
| 2/20/2009 | JRL | Receipt and review of emails from ▓▓▓▓▓▓ regarding ▓▓▓▓▓ | 0.20 $110.00/hr | 22.00 |
| 2/23/2009 | JRL | Telephone call with ▓▓▓▓▓▓▓▓ | 0.10 $110.00/hr | 11.00 |
| 2/24/2009 | JRL | Phone calls to ▓▓▓▓▓▓▓ regarding status of Unopposed Motion for Continuance. | 0.30 $110.00/hr | 33.00 |
|  | JRL | Receipt and review of multiple emails from ▓▓▓▓▓ and Court Coordinator regarding new trial setting. Receipt and review of ▓▓▓▓ ▓▓▓▓ | 0.50 $110.00/hr | 55.00 |
|  | GRT | Receipt and review of ▓▓▓▓▓ Motion for Continuance of Trial Setting. (.1) Receipt and review of correspondence regarding D. Sack's deposition. (.1) Receipt and review of ▓▓▓▓▓▓ | 0.80 $145.00/hr | 116.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|

Answer and Plea to the jurisdiction. (.3) Receipt and review of correspondence from ████████████ (.3)

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/25/2009 | JRL | Receipt and review of Plaintiff's changes to her deposition transcript. | 0.10 $110.00/hr | 11.00 |
| 2/26/2009 | JRL | Phone call to client to set meeting ███████████ ███████ Receipt and review of email from Dr. Hall regarding | 0.20 $110.00/hr | 22.00 |
| | JRL | Meeting with Dr. Hall to obtain signature on changes to deposition transcript. | 0.50 $110.00/hr | 55.00 |
| | JRL | Receipt and review of letter from Travelers denying coverage under Dr. Hall's general liability policy. Receipt and review of Original Answer of Employees Retirement System of Texas. Receipt and review of Order setting trial date. | 0.30 $110.00/hr | 33.00 |
| 3/2/2009 | JRL | Phone call to ████████████ (.6) Receipt and review of e-mail from ███████████ s ████ (.6) | 1.20 $110.00/hr | 132.00 |
| | GRT | Receipt and review of ████████████. | 0.20 $145.00/hr | 29.00 |
| 3/5/2009 | JRL | Phone call with Dr. David Skibell ███████████ Draft memorandum to file regarding same. Began research | 1.10 $110.00/hr | 121.00 |
| | MJP | Receipt and review ███████████ (3.0) Discuss same with G. Travis and J. Leske. (.8) | 3.00 $145.00/hr | 435.00 |
| | GRT | Receipt, review and analysis of ████████████. (2.8) Conference with J. Leske regarding matter. (.8) | 2.80 $145.00/hr | 406.00 |
| 3/6/2009 | JRL | Email to ████████████ t. | 0.10 $110.00/hr | 11.00 |
| | GRT | Receipt, review and analysis of ██████████ Interrogatories, First Set of Request for Production of Documents and Request for Disclosures to Dr. Hall, D.D.S., M.S., P.A. (2.3) Forward to client. (.1) Telephone conference with client regarding Discovery. (.3) ████████████ (.3) Continued review of Plaintiff's Motion for Sanctions and Exhibits. (.9) | 3.90 $145.00/hr | 565.50 |
| 3/9/2009 | JRL | Drafted Defendant's response to Plaintiff's Motion for Sanctions. (2.3) Phone call with ████████████ (.4) | 2.70 $110.00/hr | 297.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/11/2009 | JRL | Preparation for ▓▓▓▓▓▓▓▓▓▓ (1.6) Court Appearance for Hearing ▓▓▓▓ (2.7) Receipt, review and respond to email from ▓▓▓▓ (.2) | 1.80 $110.00/hr | 198.00 |
| | GRT | Attend ▓▓▓▓▓▓▓▓ (2.7) Draft correspondence to Plaintiff's Counsel regarding scheduling Expert's Deposition. (.3) Meeting with ▓▓▓▓ (.8) | 3.80 $145.00/hr | 551.00 |
| 3/12/2009 | GRT | Receipt and review of Docket sheet resetting trial to June 8th, 2009. | 0.10 $145.00/hr | 14.50 |
| 3/13/2009 | GRT | Receipt and forward e-mail correspondence to ▓▓▓▓ | 0.20 $145.00/hr | 29.00 |
| 3/16/2009 | GRT | Receipt and review of discovery requests addressed to Plaintiff ▓▓▓▓ | 0.30 $145.00/hr | 43.50 |
| 3/17/2009 | GRT | Receipt and review ▓▓▓▓ Receipt and review of discovery requests propounded upon Dr. Hall. | 2.40 $145.00/hr | 348.00 |
| 3/31/2009 | MJP | Meet with G. Travis regarding ▓▓▓▓ (.7). | 0.70 $145.00/hr | 101.50 |
| | GRT | Receipt, review and reply to various e-mails from Plaintiff's Counsel regarding matter and scheduling of expert's deposition. | 0.70 $145.00/hr | 101.50 |

| | | |
|---|---|---|
| For professional services rendered | 75.00 | $9,391.00 |

Additional Charges :

| | | |
|---|---|---|
| 1/31/2009 | Copying cost | 1,922.00 |
| 2/6/2009 | Filing Fee | 11.84 |
| 2/19/2009 | Mediation Fee for Court appointed J. Kirkham. | 575.00 |
| 3/1/2009 | Copying cost for March. | 235.20 |
| 3/10/2009 | Delivery Cost to Harris County Civil Court of Law. | 16.50 |
| 3/16/2009 | Courier Service to C. DiFerrante. | 19.00 |
| 3/25/2009 | Service of Third Party Citation on Employees Retirement System of Texas by serving The Secretary of State. | 134.95 |
| 3/26/2009 | Research and copy of medical records from Dr. James W. May. | 100.61 |

| | |
|---|---|
| Total additional charges | $3,015.10 |

| | |
|---|---|
| Total amount of this bill | $12,406.10 |

# TRAVIS & PORTELE, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



July 30, 2009

In Reference To:   Hall

Invoice #2651

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/1/2009 GRT | Receipt and review of e-mail correspondence from Dr. Hall regarding status and respond to same (.3) | 0.30 $145.00/hr | 43.50 |
| 4/6/2009 GRT | Draft Rule 11 Agreement obtaining an extension for discovery. (.3) | 0.30 $145.00/hr | 43.50 |
| 4/13/2009 GRT | Draft ███████████████████████████████ (5.8) | 5.80 $145.00/hr | 841.00 |
| 4/20/2009 GRT | Receipt and review and analysis of ██████████████ty ████ ██████ (2.4) | 2.40 $145.00/hr | 348.00 |
| 4/27/2009 GRT | Receipt and review of correspondence from ████████ ██████████ (.3) | 0.30 $145.00/hr | 43.50 |
| 4/28/2009 GRT | Receipt and review of correspondence from ████████ ██████ (.1) | 0.10 $145.00/hr | 14.50 |
| 4/29/2009 GRT | Receipt and review of Plaintiff's discovery requests to ████ ████████ (.5) Receipt and review of Plaintiff's Motion to take telephone conference Deposition of ████████ (.3) | 0.80 $145.00/hr | 116.00 |
| 5/1/2009 GRT | Receipt and review of ███████████████████ (.4) Draft and forward e-mail correspondence to ██████████ (.2) | 0.60 $145.00/hr | 87.00 |
| 5/4/2009 GRT | Receipt and review of ██████████████ (.3) Receipt and review of various e-mails from C. DiFerrante regarding Dr. Henwood's Deposition ██████ (.5) | 0.80 $145.00/hr | 116.00 |
| 5/5/2009 GRT | Receipt and review of correspondence from Plaintiff's counsel regarding discovery. | 0.20 $145.00/hr | 29.00 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/6/2009 | GRT | Receipt, review and analysis o█████████████████████or ██████████████ (.8) Receipt and review of e-mail correspondence from ██████████████(.3) | 1.10 $145.00/hr | 159.50 |
| 5/7/2009 | MJP | Receipt and review Motion to Quash Deposition and discuss same with G. Travis (.4). | 0.40 $145.00/hr | 58.00 |
| | GRT | Receipt and review of correspondence from Co-defendant's counsel regarding matter and respond to same. (.2) Receipt and review of ████████████████(.1) | 0.30 $145.00/hr | 43.50 |
| 5/11/2009 | JML | Prepared Motion for Continuance. | 0.80 $110.00/hr | 88.00 |
| | GRT | Telephone conference with████████████████████. Receipt and review of various e-mails from█████████ ████████████████ Respond to same. | 0.70 $145.00/hr | 101.50 |
| 5/12/2009 | GRT | Review, revise and file Unopposed Motion for Continuance. Draft and file ██████████████████ | 0.40 $145.00/hr | 58.00 |
| 5/13/2009 | JML | Review file in order to prepare██████████████ Begin conducting research regarding███████ | 1.00 $110.00/hr | 110.00 |
| 5/18/2009 | JML | Continue drafting████████████████ | 1.50 $110.00/hr | 165.00 |
| 5/19/2009 | GRT | Receipt and review of e-mail correspondence regarding new trial date and forward on to Dr. Hall. | 0.10 $145.00/hr | 14.50 |
| 5/22/2009 | JML | Continued█████████████████ | 2.70 $110.00/hr | 297.00 |
| | GRT | Receipt and review of Order for Trial Setting. | 0.10 $145.00/hr | 14.50 |
| 5/25/2009 | GRT | Receipt and review of correspondence from Dr. Hall with various questions. Respond to same. | 0.30 $145.00/hr | 43.50 |
| 5/26/2009 | JML | Telephone conference with Dr. Skibell. Arranged conference with Dr. Skibell. Continued█████████████ | 1.20 $110.00/hr | 132.00 |
| | MJP | Receipt and review Plaintiff's Amended Answer to Hall's Counter-claims and discuss with G. Travis (.3). | 0.30 $145.00/hr | 43.50 |
| | GRT | Receipt and review of Plaintiff's Amended Answer to Plaintiff's Second Amended Counter-claims. (.2) | 0.20 $145.00/hr | 29.00 |
| 5/28/2009 | JML | Reviewed Discovery file in order to prepare Second Supplemental Response to Plaintiff's Request for Disclosure. Prepare same. Research regarding████████████████ | 2.50 $110.00/hr | 275.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/29/2009 GRT | Receipt and review of various correspondence from Aetna's counsel regarding discovery. | | 0.30 $145.00/hr | 43.50 |
| 6/1/2009 MJP | Review and revise Defendant's Second Supplemental Responses to Plaintiff's Request for Disclosure (.5). | | 0.50 $145.00/hr | 72.50 |
| GRT | Receipt and review of Plaintiff's extensive Supplemental Response to Request for Disclosures and Expert Designation. | | 0.70 $145.00/hr | 101.50 |
| 6/2/2009 JML | Revised No-Evidence Motion for Summary Judgment. | | 0.20 $110.00/hr | 22.00 |
| 6/3/2009 JML | Conducted research on Dr. Henwood ███████████ ████ | | 1.00 $110.00/hr | 110.00 |
| 6/4/2009 GRT | Receipt and review of correspondence for ████████ ████ | | 0.10 $145.00/hr | 14.50 |
| 6/10/2009 JML | Identified and assembled necessary documents and records for Dr. Skibell to review. (.5) | | 0.50 $110.00/hr | 55.00 |
| MJP | Review ████████████████████ ████████████████ .6). | | 0.60 $145.00/hr | 87.00 |
| 6/11/2009 JML | Reviewed documents in file ████████████ ████████████████████ ell | | 1.70 $110.00/hr | 187.00 |
| 6/12/2009 JML | Continue review and organizing of documents to be forwarded to Dr. Skibell for review. (.8) | | 0.80 $110.00/hr | 88.00 |
| 6/15/2009 JML | Preparation of medical records and X-Rays for delivery to Dr. Skibell's office for his review (.8). | | 0.80 $110.00/hr | 88.00 |
| 6/16/2009 JML | Draft and finalize letter to opposing counsel regarding potential dates in July to conduct deposition of their expert witness.(.2) Reviewed Plaintiff's Amended Petition (Second Amended) to determine ████████ ████████████ . (.5) Conference with J. Portele regarding research. (.1) | | 0.80 $110.00/hr | 88.00 |
| GRT | Review letter to Plaintiff's counsel regarding deposition dates and forward letter and e-mail to Plaintiff's counsel (.3). | | 0.30 $145.00/hr | 43.50 |
| 6/17/2009 MJP | Review previously filed Motion to Dismiss, Objections to Plaintiff's Expert and Motion for Partial Summary Judgment in order to determine if same should be incorporated into No-Evidence Motion for Summary Judgment (2.2). | | 2.20 $145.00/hr | 319.00 |
| 6/18/2009 JML | Participate in conference call with G. Travis and Dr. Skibell ████████████████████ | | 2.90 $110.00/hr | 319.00 |

|  | | | Hrs/Rate | Amount |
|---|---|---|---|---|
|  | | Review deposition of Deana Pollard Sacks | | |
| 6/18/2009 | GRT | Receipt, review and analysis of ███████████ | 0.40<br>$145.00/hr | 58.00 |
| 6/22/2009 | MJP | Meet with G. Travis and M. Long regarding ███████ | 0.30<br>$145.00/hr | 43.50 |
|  | GRT | Receive additional documents to be given to expert for review (1.1). | 1.10<br>$145.00/hr | 159.50 |
|  | JML | Prepared Motion to Designate Expert. (.4) | 0.40<br>$110.00/hr | 44.00 |
| 6/23/2009 | MJP | Review and revise correspondence to opposing counsel regarding expert deposition (.3). | 0.30<br>$145.00/hr | 43.50 |
|  | GRT | Telephone conference with Dr. Skibell regarding matter (.1). | 0.10<br>$145.00/hr | 14.50 |
|  | JML | Prepared Notice of the Intent to take Oral Deposition of Plaintiff's expert, Dr. Henwood. (.2) Prepared letter to be sent to opposing counsel regarding our Notice. (.3) Prepared Certificate of Written Discovery to be filed with the Court. (.3) Forwarded Dr. Hall's deposition to Dr. Skibell for his review. (.1) | 0.90<br>$110.00/hr | 99.00 |
| 6/24/2009 | MJP | Receipt and review correspondence from Dr. Skibell, defendant's expert (.3). | 0.30<br>$145.00/hr | 43.50 |
|  | GRT | Telephone conference with Dr. Hall regarding matter (.1). | 0.10<br>$145.00/hr | 14.50 |
| 6/25/2009 | GRT | Telephone conference with Dr. Skibell regarding meeting and opinion (.3). | 0.30<br>$145.00/hr | 43.50 |
|  | GRT | Receipt and review of email correspondence from plaintiff's counsel regarding mediation dates (.1). | 0.10<br>$145.00/hr | 14.50 |
|  | JML | Telephone conference with Dr. Skibell regarding following up on his initial opinion(s). (.3) | 0.30<br>$110.00/hr | 33.00 |
| 6/26/2009 | GRT | Review and revise initial expert report. (1.8) Telephone conference with Dr. Skibell regarding meeting (.1). | 1.90<br>$145.00/hr | 275.50 |
|  | JML | Prepared initial report to be reviewed by Dr. Skibell and forward to G. Travis for review and additions or deletions. (1.2) | 1.20<br>$110.00/hr | 132.00 |
| 6/30/2009 | JML | Continued preparation of ███████████ | 3.50<br>$145.00/hr | 507.50 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/30/2009 GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding Dr. Henwood's deposition. | 0.10 $145.00/hr | 14.50 |
|  | For professional services rendered | 49.90 | $6,493.50 |

Additional Charges :

| 4/1/2009 | Copying cost for April 2009. | 21.60 |
|---|---|---|
|  | Postage for April 2009. | 11.73 |
| 5/11/2009 | Filing Fee-Notice of Nonsuit without Prejudice. | 7.24 |
| 5/12/2009 | Filing Fee-Defendants Unopposed Motion for Continuance | 7.24 |
| 5/18/2009 | Filing Fee- Proposed Order; Defendant's Motion for Continuance | 7.24 |
| 5/31/2009 | Copying cost | 478.40 |
| 6/1/2009 | Filing Fee- Certificate of Written Discovery | 11.84 |
|  | Postage for June | 1.22 |
| 6/23/2009 | Filing Fee- Certificate of Written Discovery | 11.84 |
|  | Filing Fee- Defendant's Notice of the Intent to Take the Oral Deposition of Dr. Robbie Henwood. | 11.84 |
| 6/29/2009 | Copying cost for June 2009. | 323.20 |
|  | Total additional charges | $893.39 |
|  | Total amount of this bill | $7,386.89 |




Please make checks payable to Travis & Portele, P.C.



December 10, 2009

In Reference To:   Hall

Invoice #2725

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/1/2009 | JML | Continued preparing ▮▮▮▮▮▮▮▮▮▮ | 2.10 $110.00/hr | 231.00 |
|  | GRT | Receipt and review of Designation of Experts (0.2). | 0.20 $145.00/hr | 29.00 |
| 7/2/2009 | JML | Continued preparing ▮▮▮▮▮▮▮▮▮ ). | 3.90 $110.00/hr | 429.00 |
| 7/3/2009 | JML | Continued preparing ▮▮▮▮▮▮▮▮ . | 2.80 $110.00/hr | 308.00 |
| 7/6/2009 | JML | Continued preparing ▮▮▮▮▮▮▮▮ | 2.50 $110.00/hr | 275.00 |
|  | GRT | Receipt and review of various correspondence regarding trial setting and discovery issues (0.2). | 0.20 $145.00/hr | 29.00 |
| 7/7/2009 | JML | Prepared ▮▮▮▮▮▮ Prepared affidavit for Dr. T. Hall in support of Motion for Summary Judgment (.8). | 1.50 $110.00/hr | 165.00 |
| 7/8/2009 | JML | Made revisions to ▮▮▮▮▮▮▮▮ | 2.50 $110.00/hr | 275.00 |
|  | MJP | Review and revise ▮▮▮▮▮▮▮ s | 3.30 $145.00/hr | 478.50 |
| 7/9/2009 | JML | Made final revisions to Motion for Partial Summary Judgment and exhibits (1.0). Submitted to J. Portele for final review. Reviewed prior responses by plaintiff to Interrogatories to determine if plaintiff had provided any information regarding ▮▮▮▮▮▮▮ | 1.20 $110.00/hr | 132.00 |
|  | MJP | Review and revise Partial Motion for Summary Judgment (1.5). | 1.50 $145.00/hr | 217.50 |



|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|

7/9/2009  GRT   Telephone conference with C. DiFerrante, attorney for Plaintiff's regarding settlement talks and deposition for Dr. Henwood. Receipt and review of email correspondence from ▮▮▮▮▮▮ Review testimony and exhibits. E-mail Documents to Dr. Hall (1.7).    1.70  $145.00/hr   246.50

7/10/2009  JML   Prepare Notice of Submission and cover letter to be sent to opposing counsel regarding our Motion for Partial Summary Judgment (0.2). Revise Motion for Partial Summary Judgment ▮▮▮▮▮▮ (2.7).    2.90  $110.00/hr   319.00

MJP   Review and revise Partial Motion for Summary Judgment and discuss same with G. Travis (2.5). Telephone conference with C. DiFerrante regarding status of Dr. Henwood's deposition and receipt and review email regarding same (0.4).    2.90  $145.00/hr   420.50

GRT   Receipt and review of various e-mails from ▮▮▮▮▮▮ Telephone conference with C. DiFerrante, Plaintiff's counsel, regarding deposition of Dr. Henwood (0.2).    0.40  $145.00/hr   58.00

7/13/2009  JML   Revised "Conclusion" section of Motion for Partial Summary Judgment. (.5)    0.50  $145.00/hr   72.50

GRT   Review and revise Dr. Hall's Motion for Partial Summary Judgment (2.8).    2.80  $145.00/hr   406.00

7/20/2009  GRT   Meeting with D. Sacks and C. DiFerrante, Plaintiff's Counsel, to discuss ▮▮▮▮▮▮    2.40  $145.00/hr   348.00

7/23/2009  JML   Prepare Agreed Motion for Continuance (0.6).    0.70  $110.00/hr   77.00

7/24/2009  GRT   Telephone conference with D. Sacks regarding ▮▮▮▮▮▮ Draft e-mail correspondence to D. Sacks regarding same. Receipt and review of correspondence from D. Sacks regarding same. (0.8)    0.80  $145.00/hr   116.00

7/27/2009  GRT   Receipt and review of correspondence from K. Black, Plaintiff's Counsel, regarding trial and Dr. Henwood deposition. (0.2)    0.20  $145.00/hr   29.00

7/29/2009  GRT   Receipt and review of e-mail correspondence from D. Sacks regarding Partial Motion for Summary Judgment. Draft correspondence to ▮▮▮▮▮▮ Telephone conference with D. Sacks regarding Motion for Summary Judgment and extension. (0.7)    0.70  $145.00/hr   101.50

7/30/2009  GRT   Receipt and review of e-mail correspondence from D. Sacks regarding Motion for Summary Judgment and settlement. Telephone conference with D. Sacks regarding same. (0.3)    0.30  $145.00/hr   43.50

8/3/2009  JML   Receipt and review Plaintiff's Response to our Motion for Partial Summary Judgment in order to draft our reply. (1.1)    1.10  $110.00/hr   121.00

GRT   Receipt, review and analyze Plaintiff's Objections to Hall's Summary Judgment evidence. Receipt, review and analyze Plaintiff's Response to Defendant's Motion for Summary Judgment. Draft and file Plaintiff's Agreed Motion for Continuance. Receipt and review of correspondence from ▮▮▮▮▮▮    3.80  $145.00/hr   551.00

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | same. Receipt and review of various e-mails from D. Sacks regarding matter and respond to same. (3.8) |  |  |
| 8/4/2009 | JML | Drafted Reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment. (3.6) | 3.60 $110.00/hr | 396.00 |
| 8/5/2009 | MJP | Review and revise Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (2.0). | 2.00 $145.00/hr | 290.00 |
|  | JML | Revised Reply to Plaintiff's Response to Defendant' Motion for Partial Summary Judgment. (3.4) | 3.40 $110.00/hr | 374.00 |
|  | GRT | Receipt, review and finalize Defendant's Objections to reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. (3.6) | 3.60 $145.00/hr | 522.00 |
| 8/6/2009 | MJP | Review, revise and finalize Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (2.0). | 2.00 $145.00/hr | 290.00 |
|  | JML | Finalized Reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment. Organized and attached exhibits to Motion. Drafted letter to accompany hand delivery of courtesy copy of Motion to Judge. (2.5) | 2.50 $110.00/hr | 275.00 |
|  | GRT | Review, revise and file Reply to Plaintiff's Responses to Motion for Summary Judgment. (0.9) | 0.90 $145.00/hr | 130.50 |
| 8/7/2009 | MJP | Receipt and review email from D. Sacks regarding status of Motion for Continuance and our response to same (0.3). | 0.30 $145.00/hr | 43.50 |
|  | GRT | Receipt and review of e-mail correspondence from D. Sacks regarding status of trial. Respond to same. Telephone conference with Dr. Hall regarding Agreed Continuance. Receipt and review of Court Order on Trial Setting. (0.5) | 0.50 $145.00/hr | 72.50 |
| 8/12/2009 | GRT | Receipt and review of Motion to Quash Subpoena. Telephone conference with ▮▮▮▮▮▮▮▮(0.4) | 0.40 $145.00/hr | 58.00 |
| 8/14/2009 | GRT | Telephone conference with D. Sacks regarding discovery and potential settlements. (0.2) | 0.20 $145.00/hr | 29.00 |
| 8/19/2009 | GRT | Draft ▮▮▮▮▮▮▮Receipt and review of various emails from ▮▮▮▮▮ | 0.70 $145.00/hr | 101.50 |
| 8/28/2009 | GRT | Receipt and review of correspondence form ▮▮▮▮▮e ▮▮▮▮▮ | 0.90 $145.00/hr | 130.50 |
| 9/8/2009 | GRT | Check on status of Court's ruling on Motion for Summary Judgment. (.3) | 0.30 $145.00/hr | 43.50 |
| 9/14/2009 | GRT | Receipt and review of correspondence from D. Sacks regarding status and respond to same. (.3) | 0.30 $145.00/hr | 43.50 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 9/30/2009 GRT Receipt and review of correspondence from ████████ | | 0.20 $145.00/hr | 29.00 |
| For professional services rendered | | 64.70 | $8,307.00 |

Additional Charges :

| | | |
|---|---|---|
| 2/12/2008 | Service of Third Party Citation on Aetna Dental Inc. | 79.95 |
| 7/14/2009 | Filing Fee- Defendant's Motion for Partial Summary Judgment; Notice of Submission. | 7.24 |
| 7/28/2009 | Copying cost for July 2009. | 414.40 |
| | Postage for July 2009. | 15.90 |
| 8/1/2009 | Service Fee for service to Chris DiFerrante on 7/10/09. | 12.00 |
| 8/3/2009 | Filing Fee- Agreed Motion for Continuance; Order of Agreed Motion for Continuance. | 11.84 |
| 8/6/2009 | Service Fee to Harris County Court of Law | 31.50 |
| 9/1/2009 | Postage for August 2009. | 11.42 |
| | Copying cost for August 2009. | 317.60 |
| | Total additional charges | $901.85 |
| | Total amount of this bill | $9,208.85 |



Please make checks payable to Travis & Portele, P.C.

# TRAVIS & PORTELE, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



February 01, 2010

In Reference To:   Hall

Invoice #2825

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/1/2009 | GRT | Draft status e-mail to T. Hall and receipt and review of various and multiple e-mails from T. Hall ███████ Telephone conference with D. Sacks regarding status. (.4) | 1.40 $145.00/hr | 203.00 |
| 10/5/2009 | GRT | Receipt and review of e-mail correspondence from D. Sacks. Telephone conference with D. Sacks regarding case and resolution of matter. | 0.40 $145.00/hr | 58.00 |
| 10/6/2009 | GRT | Receipt and review of e-mail from T. Hall regarding status and respond to same. (.2) | 0.20 $145.00/hr | 29.00 |
| 10/7/2009 | GRT | Draft and forward email to T. Hall regarding ███████ | 0.30 $145.00/hr | 43.50 |
| 10/8/2009 | GRT | Receipt and review emails from D. Sacks regarding discovery and respond to same. (0.3) | 0.30 $145.00/hr | 43.50 |
| 10/9/2009 | GRT | Receipt and review of various e-mails regarding Trial Settings. (.2) | 0.20 $145.00/hr | 29.00 |
| 10/12/2009 | MJP | Begin review of relevant pleadings and other court filings in preparation for draft of Jury Charge. (3.5) | 3.50 $145.00/hr | 507.50 |
|  | GRT | Receipt and review of correspondence from T. Hall regarding case and draft response to same. (0.4) | 0.40 $145.00/hr | 58.00 |
| 10/13/2009 | MA | Preparation of trial notebook (4.1). | 4.10 $75.00/hr | 307.50 |
|  | GRT | Receipt and review correspondence regarding expert designation. (0.3) | 0.30 $145.00/hr | 43.50 |
| 10/16/2009 | GRT | Telephone conference with D. Sacks regarding Subpoena. Telephone conference with ███████ | 0.90 $145.00/hr | 130.50 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/19/2009 GRT | Draft email to D. Sacks regarding settlement offer and receipt and review of email response from D. Sacks. Draft response to same. Telephone conference with D. Sacks regarding matter. (0.9) | 0.90 $145.00/hr | 130.50 |
| 10/23/2009 GRT | Draft email correspondence to D. Sacks regarding trial. (0.2) | 0.20 $145.00/hr | 29.00 |
| 10/26/2009 MJP | Draft and file Notice of Deposition of Deana Sacks and Dr. Robbie Henwood (1.3). Review relevant medical records in order to identify those to be used at trial and draft Notice of Filing of Business Records Affidavits. (3.5) Review and redact Attorney Fee invoices for inclusion in filing.(1.5) | 6.30 $145.00/hr | 913.50 |
| GRT | Begin trial preparation (1.2). Begin review of dentists records (1.5). Begin review of documents to be produced(1.3) Receipt and review of correspondence from C. DiFerrante regarding trial and discovery and respond to same. (1.7) | 5.70 $145.00/hr | 826.50 |
| 10/27/2009 GRT | Continued trial preparation. Receipt and review films, expert reports. Receipt and review of Plaintiff's Motion to Quash the deposition of D. Sacks and Dr. Henwood. Receipt and review of Plaintiff's Filing of Business Records Affidavit. Receipt and review of correspondence from C. DiFerrante regarding discovery and trial issues. (3.9) | 3.90 $145.00/hr | 565.50 |
| 10/29/2009 MJP | Receipt and review Plaintiff's Motion to Quash deposition of D. Sacks and Dr. R. Henwood and discuss with G. Travis (0.5). Receipt and review Plaintiff's Notice of Records Filing Affidavit (0.3). Receipt and review Plaintiff's Subpoena for Trial.(0.2) | 1.00 $145.00/hr | 145.00 |
| GRT | Receipt and review of subpoenas for trial to Dr. Jongh and Dr. May. Receipt and review of correspondence from D. Sacks regarding offer and respond to same. (0.6) | 0.60 $145.00/hr | 87.00 |
| 10/30/2009 GRT | Telephone conference with D. Sacks regarding trial and offer of settlement. (0.3) | 0.30 $145.00/hr | 43.50 |
| 11/2/2009 MJP | Receipt and review Notice of Records Filing Affidavit. (0.4) | 0.40 $145.00/hr | 58.00 |
| GRT | Receipt and review of Plaintiff's Notice of Filing of Affidavits along with accompanying documents. (.3) Receipt and review of correspondence from Plaintiff's Counsel regarding Continuance. (.2) | 0.50 $145.00/hr | 72.50 |
| 11/3/2009 MJP | Draft Motion to Compel Deposition of Dr. Henwood and Plaintiff, Order and Notice of Hearing. (1.6) | 1.60 $145.00/hr | 232.00 |
| GRT | Review and revise Motion to Compel Deposition of Plaintiff's Expert and Plaintiff. (.2) Telephone conference with Plaintiff's Counsel regarding Trial matter. (.2) | 0.40 $145.00/hr | 58.00 |
| 11/4/2009 GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding Motion to Compel. (.1) Draft Responses to same. (.2) Telephone conference with Plaintiff's Counsel regarding deposition and Motion to Compel. (.2) | 0.50 $145.00/hr | 72.50 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/5/2009 | MJP | Receipt and review multiple subpoenas for trial of witness from Plaintiff and discuss with G. Travis. (0.7) | 0.70 $145.00/hr | 101.50 |
| | GRT | Receipt and review of Trial subpoenas ordered to various Orthodontists. (.2) | 0.20 $145.00/hr | 29.00 |
| 11/20/2009 | MJP | Receipt and review Order for Trial Setting. | 0.20 $145.00/hr | 29.00 |
| | GRT | Receipt and review of Court Order for Trial Setting. | 0.10 $145.00/hr | 14.50 |
| 11/25/2009 | GRT | Receipt and review of multiple e-mails from C. DiFerrante regarding new trial setting and rescheduling of matter. (0.4) Telephone conference with C. DiFerrante regarding same. (0.1) | 0.50 $145.00/hr | 72.50 |
| 12/1/2009 | GRT | Receipt and review of correspondence regarding Discovery and Trial rescheduling. | 0.10 $145.00/hr | 14.50 |

|  | 36.10 | $4,947.50 |
|---|---|---|
| For professional services rendered | | |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 10/26/2009 | Filing Fee- Notice of Filing Business Records Affidavit. | 11.84 |
| 10/27/2009 | Filing Fee- Certificate of Written Discovery | 11.84 |
| 10/29/2009 | Copying cost- October 2009 | 659.20 |
| 11/3/2009 | Filing Fee- Motion to Compel Deposition of Plaintiff's Expert and Plaintiff. | 11.84 |
| 12/1/2009 | Copying cost- November 2009 | 286.40 |

| Total additional charges | $981.12 |
|---|---|

| Total amount of this bill | $5,928.62 |
|---|---|





Please make checks payable to Travis & Portele, P.C.

# TRAVIS & PORTELE, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



May 06, 2010

In Reference To:  Hall

Invoice #2886

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/5/2010 | GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding matter. (.3)  Receipt, review and analyze Plaintiff's Second Amended Answer. (.3) | 0.60 $145.00/hr | 87.00 |
| 1/7/2010 | GRT | Receipt, review and respond to e-mail correspondence from Plaintiff's Counsel regarding Continuance. (.3)Telephone conference with C. DiFerrante regarding matter and Continuance. (.2) | 0.50 $145.00/hr | 72.50 |
| 1/8/2010 | MJP | Receipt and review Agreed Motion for Continuance from opposing counsel. (0.4) | 0.40 $145.00/hr | 58.00 |
|  | GRT | Receipt and review of Plaintiff's Application for Continuance. (.6) Receipt and review of correspondence from Plaintiff's Counsel and respond to same. (.5) Lengthy telephone conference with C. DiFerrante regarding dates. (.3) | 1.40 $145.00/hr | 203.00 |
| 1/12/2010 | GRT | Receipt and review of Plaintiff's Second Amended Answer to Defendant's Counter-claim. | 0.10 $145.00/hr | 14.50 |
| 1/19/2010 | GRT | Draft and file Notice of Non-suit as to Aetna Dental. (.5) | 0.50 $145.00/hr | 72.50 |
| 1/20/2010 | GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding new Trial Setting. | 0.40 $145.00/hr | 58.00 |
| 2/15/2010 | GRT | Receipt and review of various correspondence from ███████ ███████ | 0.80 $145.00/hr | 116.00 |
| 2/23/2010 | GRT | Draft and file Unopposed Motion for Continuance. (.7) | 0.70 $145.00/hr | 101.50 |
| 3/4/2010 | GRT | Receipt and review of courts trial order. (.1) | 0.10 $145.00/hr | 14.50 |
| 3/8/2010 | GRT | Receipt and review Order for Trial Setting. (0.1) | 0.10 $145.00/hr | 14.50 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 3/12/2010 GRT | Receipt and review of correspondence from ██████. ████ Respond to same. (0.1) | 0.30 $145.00/hr | 43.50 |
|  | For professional services rendered | 5.90 | $855.50 |

Additional Charges :

| 1/19/2010 | Filing Fee- Notice of Nonsuit for Aetna | 11.84 |
|---|---|---|
| 1/31/2010 | January Copying cost | 6.80 |
| 2/1/2010 | Copying cost-February 2010 | 3.20 |
| 2/23/2010 | Filing Fee-Unopposed Motion for Continuance Proposed Order in Unopposed Motion | 11.84 |
| 3/26/2010 | Copying cost- March 2010 | 9.20 |
|  | Total additional charges | $42.88 |
|  | Total amount of this bill | $898.38 |

Please make checks payable to Travis & Portele, P.C.

# THE TRAVIS LAW FIRM, P.C.

2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



July 12, 2010

In Reference To:   Hall

Invoice #2938

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/1/2010 | JW | Receipt and review letter and e-mail regarding production of Dr. Henwood for deposition. | 0.10 $110.00/hr | 11.00 |
|  | MJP | Review and Revise correspondence from C. DiFerrante regarding De-designation of Henwood and his deposition. (.2) Review and Revise Plaintiff's 4th Supplemental Response to Requests for Disclosure and Expert Designation. (.2) Draft correspondence to C. DiFerrante regarding same. (.3) | 0.70 $145.00/hr | 101.50 |
|  | GRT | Receipt and review of correspondence from Plaintiff's counsel de-designating Dr. Henwood. (.2)  Receipt and review of Plaintiff's Fourth Supplemental Response to Requests for Documents and Expert Designation (1.0) Draft correspondence to ███████████████ | 1.40 $145.00/hr | 203.00 |
| 6/2/2010 | JW | Receipt and review of Plaintiff's letter and e-mail regarding Designation of Dr. Henwood and Dr. DeJongh. (.1) Research and analysis of Plaintiff's strategy of de-designating Dr. Henwood as Defendant's Expert and then designating Dr. DeJongh. (2.3) Review and analyze Texas statutes, particularly Ch. 74.351 regarding requirements of Expert Report. (2.2) | 5.20 $110.00/hr | 572.00 |
|  | MJP | Review and Revise E-mail from C. DiFerrante regarding Deposition of Henwood and De-Designation. (.2) | 0.20 $145.00/hr | 29.00 |
|  | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding: experts. (.2) | 0.20 $145.00/hr | 29.00 |
| 6/3/2010 | JW | Review and analyze Plaintiff's e-mail concerning producing Dr. Henwood for deposition and implications of Plaintiff's de-designation of Dr. Henwood and the implications to Plaintiff's case in light of Plaintiff designating Dr. Henwood as a fact witness. | 1.10 $110.00/hr | 121.00 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/3/2010 MJP | Draft E-mail to C. DiFerrante regarding Henwood's Deposition (.3) | 0.30<br>$145.00/hr | 43.50 |
| 6/4/2010 MJP | Review and Revise C. DiFerrante's response to email regarding Henwood's status. (.2) | 0.20<br>$145.00/hr | 29.00 |
| 6/7/2010 MJP | Draft Subpoena for Henwood's Deposition. (.5)<br>Draft e-mail to C. DiFerrante regarding same. (.2)<br>Teleconference with Dr. Henwood regarding Deposition (.3) | 1.00<br>$145.00/hr | 145.00 |
| 6/8/2010 MJP | Receipt and review Plaintiff's deposition notice of Dr. Henwood (.1)<br>Receipt and review emails from C. DiFerrante regarding Subpoena being served (.3)<br>Teleconference with ▮▮▮▮▮▮▮▮▮▮▮g<br><br>Teleconference with Dr. Henwood regarding same. (.3) | 1.10<br>$145.00/hr | 159.50 |
| GRT | Receipt and review of Plaintiff's Notice of Intent to take the deposition of Dr. Henwood. (.3) | 0.30<br>$145.00/hr | 43.50 |
| 6/9/2010 MJP | Thorough review of all relevant pleadings and depositions in preparation for deposition of Dr. Henwood. (6.4)<br>Draft e-mail to ▮▮▮▮▮▮▮▮▮▮▮ | 6.60<br>$145.00/hr | 957.00 |
| 6/10/2010 MJP | Complete Preparation for deposition of Dr. Henwood including outline for cross identifying exhibits for use at deposition, and review of all available medical records. | 6.70<br>$145.00/hr | 971.50 |
| 6/11/2010 MJP | Draft and file Motion for Continuance (.7)Travel to and Attend deposition of Dr. Henwood. (7.5) | 8.20<br>$145.00/hr | 1,189.00 |
| GRT | Receipt and review and revisions of Motion for Continuance. (.7) | 0.70<br>$145.00/hr | 101.50 |
| 6/16/2010 GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding Motion for Continuance.(.3) | 0.30<br>$145.00/hr | 43.50 |
| 6/17/2010 MJP | Receipt and review Pf's Opposition to Motion for Continuance and Notice of Hearing. (.3)   Receipt and review Pf's No-Evidence Motion for Summary Judgment on affirmative defense and continuances. (.5) Receipt and review Pf's Traditional Motion for Summary Judgment on Defendant's Counterclaim and affirmative references. (.5)  Receipt and review e-mail from G. Travis to C. DiFerrante regarding: Motion for Continuance. (.2) | 1.50<br>$145.00/hr | 217.50 |
| GRT | Receipt and review of various correspondence from Plaintiff's Counsel regarding Motion for Continuance. (.5) Receipt and review of Plaintiff's No-Evidence Motion for Summary Judgment. (.9) Receipt and review of Plaintiff's Opposition to Defendant's Motion for Continuance. (.8) Draft e-mail to Plaintiff's Counsel regarding Motion for Continuance. (.3) | 2.60<br>$145.00/hr | 377.00 |
| 6/18/2010 MJP | Receipt and review Order on Trial Setting (.1) | 0.10<br>$145.00/hr | 14.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/18/2010 | GRT | Receipt, review and analysis of Plaintiff's traditional Motion for Summary Judgment on Defendant's Counterclaim and Affirmative Defenses. (1.2) Receipt and review of Order for Trial Setting. (.1) | 1.30 $145.00/hr | 188.50 |
| 6/21/2010 | MJP | Draft e-mail to C. DiFerrante regarding Hearing on Motion for Continuance and telephone conference with him regarding same. (.7) Prepare for and attend hearing by telephone. (.7) | 1.40 $145.00/hr | 203.00 |
| 6/22/2010 | MJP | Receipt and review transcript of Dr. Henwood's deposition. | 0.60 $145.00/hr | 87.00 |
| 6/23/2010 | MJP | Receipt and review Order for Trial Setting | 0.10 $145.00/hr | 14.50 |
| | GRT | Receipt and review of correspondence from the Court resetting Trial. (.1) Receipt and review of correspondence regarding Discovery. (.1) | 0.20 $145.00/hr | 29.00 |
| 6/24/2010 | GRT | Receipt and review of correspondence for Plaintiff's Counsel regarding rescheduling Trial again. (.1) | 0.10 $145.00/hr | 14.50 |
| 6/25/2010 | GRT | Receipt and review additional e-mails from Plaintiff's Counsel regarding Trial Setting and respond to same. (.2) Receipt and review of correspondence regarding receipt of Henwood Depositon. (.1) Briefly review deposition transcripts and highlights. (.9) | 1.20 $145.00/hr | 174.00 |
| 6/30/2010 | MJP | Thorough review of the depositions of Dr. Hall, Dr. Henwood and Plaintiff as well as Plaintiff's Motion for Summary Judgment. (4.6) Draft outline for responses and begin draft of both responses to Traditional and No Evidence Motion for Summary Judgment.(4.8) | 9.40 $145.00/hr | 1,363.00 |

| | | | |
|---|---|---|---|
| For professional services rendered | | 52.80 | $7,432.00 |

Additional Charges :

| | | |
|---|---|---|
| 6/1/2010 | Postage- June 2010 | 1.22 |
| | Copying cost- June 2010 | 287.20 |
| 6/11/2010 | Filing Fee- Motion for Continuance | 12.96 |
| | -Exhibit A | |
| | -Exhibit B | |
| | -Proposed Order on Motion for Continuance | |

| | |
|---|---|
| Total additional charges | $301.38 |

| | |
|---|---|
| Total amount of this bill | $7,733.38 |

Please make checks payable to The Travis Law Firm, P.C.

# THE TRAVIS LAW FIRM, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



October 13, 2010

In Reference To:   Hall

Invoice #2981

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/1/2010 | MJP | Legal research on ████████████ ████ t. (.8)  Draft response to traditional Motion for Summary Judgment. (4.8) | 5.60 $145.00/hr | 812.00 |
| 7/2/2010 | MJP | Draft response to no-evidence Motion for Summary Judgment and file same after organization of exhibits. (4.2)  Draft amended answer and continuance. (.6) | 4.80 $145.00/hr | 696.00 |
| | GRT | Review and revise Defendant's 2nd Amended Answer and Counterclaims (1.7).  Review and revise Defendant's Responses to Plaintiff's Partial Summary Judgment (2.0). | 3.70 $145.00/hr | 536.50 |
| 7/5/2010 | GRT | Draft correspondence to Plaintiff's counsel regarding schedule (.2). Receipt and review of various correspondence from Plaintiff's counsel regarding trial date and rescheduling (.7). | 0.90 $145.00/hr | 130.50 |
| 7/7/2010 | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding trial setting, and respond to same (.4). | 0.40 $145.00/hr | 58.00 |

| | | Hrs | Amount |
|---|---|---|---|
| For professional services rendered | | 15.40 | $2,233.00 |

Additional Charges :

| | | Amount |
|---|---|---|
| 7/6/2010 | Deposition Costs for Robbie Henwood M.D. | 445.00 |
| 7/27/2010 | Copying cost July 2010 | 34.00 |
| | Total additional charges | $479.00 |
| | Total amount of this bill | $2,712.00 |

Please make checks payable to The Travis Law Firm, P.C.

# THE TRAVIS LAW FIRM, P.C.

2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



November 29, 2010

In Reference To: Hall
Invoice #3044

Professional Services

|  | Hrs/Rate | Amount |
|---|---|---|
| 9/7/2010 GRT   Receipt and review of correspondence from ████ ██████ ███. | 0.30 $145.00/hr | 43.50 |
| For professional services rendered | 0.30 | $43.50 |

Please make checks payable to The Travis Law Firm, P.C.

# THE TRAVIS LAW FIRM, P.C.
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056
(713) 626-3800



February 11, 2011

In Reference To:   Hall

Invoice #3137

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 11/19/2010 GRT | Receive, review, and analyze Plaintiff's Motion to Seal Court Records. Telephone conference with Plaintiff's counsel regarding matter. | 0.80 $145.00/hr | 116.00 |
| 11/22/2010 GRT | Receipt and review of various emails regarding Plaintiff's Motion to Seal Court Records and receipt and review of notice of hearing regarding same. | 0.30 $145.00/hr | 43.50 |
| | For professional services rendered | 1.10 | $159.50 |

 

Please make checks payable to The Travis Law Firm, P.C.

# THE TRAVIS LAW FIRM, P.C.
2401 Fountain View Drive, Suite 400
Houston, Texas 77057
(713) 626-3800



April 11, 2011

In Reference To: Hall

Invoice #3180

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2010 | JW | Telephone conference with G. Travis regarding response to Motion to Seal (.1). Review and analyze case law cited in Plaintiff's Motion to Seal (1.1). Draft and revise Response to Motion to Seal (.9). | 2.10 $145.00/hr | 304.50 |
| | GRT | Begin review of file to begin preparing for trial. | 1.50 $145.00/hr | 217.50 |
| 12/7/2010 | JW | Review and revise Response to Motion to Seal and prepare issues for hearing. | 0.70 $145.00/hr | 101.50 |
| | GRT | Revise and file Defendant's Response to Plaintiff's Motion to Seal Court Records (.2). Receipt and review of email correspondence from ■ | 0.50 $145.00/hr | 72.50 |
| 12/8/2010 | GRT | Attend hearing and argue against Plaintiff's Motion to Seal Records (2.7). Telephone conference with Plaintiff's counsel subsequent to hearing (.2). Review proposed order and reject same (.1). Telephone conference with court explaining need for ruling (.2). Draft email to Plaintiff's counsel regarding Motion and possible order (.2). Receipt and review of various email correspondence from Plaintiff's counsel regarding same (.4). | 3.80 $145.00/hr | 551.00 |
| 12/9/2010 | GRT | Receipt and review of various correspondence from ■ g | 0.70 $145.00/hr | 101.50 |
| 12/10/2010 | GRT | Receive, review, and analyze Plaintiff's Second Supplemental Answers to Defendant's First Set of Interrogatories, Plaintiff's Fifth Supplemental Responses to Request for Disclosure, Plaintiff's First Supplemental Responses to Defendant's Request for Admissions, Supplement to Plaintiff's Second Amended Petition. | 4.70 $145.00/hr | 681.50 |
| 12/13/2010 | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding discovery and respond to same. | 0.20 $145.00/hr | 29.00 |
| 12/14/2010 | GRT | Receipt and review of correspondence regarding proposed continuance (.1). Telephone conference with Plaintiff's counsel regarding continuance (.1). | 0.20 $145.00/hr | 29.00 |

| | Hrs/Rate | Amount |
|---|---|---|
| 12/15/2010 GRT  Receipt and review of various correspondence from Plaintiff's counsel regarding continuance (.2).  Telephone conference with Plaintiff's counsel regarding same (.3). | 0.50 $145.00/hr | 72.50 |
| 12/16/2010 GRT  Receipt and review of correspondence from K. lack regarding continuance and respond to same. | 0.20 $145.00/hr | 29.00 |
| 12/17/2010 GRT  Receipt of various correspondence from Plaintiff's counsel regarding matter (.1).  Draft email correspondence regarding continuance and discovery issue (.2). | 0.30 $145.00/hr | 43.50 |
| 12/21/2010 GRT  Receipt and review of Plaintiff's Motion for Continuance (.1).  Draft response to same (.2).  Receipt and review of various emails from Plaintiff's counsel regarding resetting and respond to same (.6). | 0.90 $145.00/hr | 130.50 |
| 12/28/2010 GRT  Receipt and review of deposition notice for Dr. DeJongh. | 0.10 $145.00/hr | 14.50 |
| 12/30/2010 GRT  Receipt and review of correspondence from Dr. Hall regarding court date and respond to same. | 0.20 $145.00/hr | 29.00 |

| | | |
|---|---|---|
| For professional services rendered | 16.60 | $2,407.00 |

Additional Charges :

| | |
|---|---|
| 12/7/2010  Filing Fee - Response to Motion to Seal | 8.35 |
| Total additional charges | $8.35 |
| Total amount of this bill | $2,415.35 |





Please make checks payable to The Travis Law Firm, P.C.

# THE TRAVIS LAW FIRM, P.C.
2401 Fountain View Drive, Suite 400
Houston, Texas 77057
(713) 626-3800



March 31, 2011

In Reference To:  Hall

Invoice #3217

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 1/7/2011 GRT | Receipt and review correspondence from plaintiff's counsel regarding x-rays (.1); draft correspondence to Dr. Hall regarding x-rays (.2); Receipt and review of correspondence from Dr. Hall regarding x-ray (.1). | 0.40 $145.00/hr | 58.00 |
| 1/10/2011 GRT | Receipt and review of correspondence from plaintiff's counsel regarding x-ray (.1); telephone conference with plaintiff's counsel regarding x-ray (.3). | 0.40 $145.00/hr | 58.00 |
| 1/11/2011 GRT | Telephone conference with plaintiff's counsel regarding discovery. | 0.30 $145.00/hr | 43.50 |
| 1/12/2011 GRT | Telephone conference with ███████████████, Telephone conference with plaintiff's counsel regarding images of D. Pollard (.2); draft email correspondence to T. Hall regarding x-rays and images (.2); draft and forward email correspondence to plaintiff's counsel regarding same. | 0.80 $145.00/hr | 116.00 |
| 1/13/2011 JW | Research and review regarding ██████████████████ | 2.70 $145.00/hr | 391.50 |
| 1/14/2011 GRT | Continue work on discovery and x-ray issue (.1); Receipt and review of correspondence regarding x-ray and duplication and respond to same (.1). | 0.20 $145.00/hr | 29.00 |
| 1/18/2011 GRT | Receipt and review of plaintiff's amended notice of hearing on plaintiff's motion to seal records (.1); telephone conference with plaintiff's counsel regarding same (.2); Receipt and review of various emails regarding discovery and respond to same (.5). | 0.80 $145.00/hr | 116.00 |
| 1/25/2011 GRT | Receipt and review of correspondence from ██████████████ | 0.10 $145.00/hr | 14.50 |
| 1/31/2011 JW | Review of file in preparation for hearing on Motion to Seal. | 2.20 $145.00/hr | 319.00 |
| GRT | Receipt and review of correspondence regarding stats update (.1). | 0.10 $145.00/hr | 14.50 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/1/2011 | JW | Court Appearance for Hearing on Plaintiff's Motion to Seal. | 2.40 $145.00/hr | 348.00 |
| 2/2/2011 | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding Dr. De Jongh's deposition. | 0.20 $145.00/hr | 29.00 |
| 2/3/2011 | KDM | Comprehensive review and analysis of medical records from Deana Pollard from Doctor David De Jongh, Doctor Mark Hablinski, Doctor Dassy Salazar, Doctor Frances Jones, and Doctor Michael Mizell ████ | 2.50 $75.00/hr | 187.50 |
| | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding Dr. De Jongh and his deposition. | 0.20 $145.00/hr | 29.00 |
| 2/4/2011 | KDM | Preparation of Deposition by Written Questions and Subpoena Duces Tecum to the Custodian of Records for Doctors Saud Alawadi, Danny Miller, Larry Rose, and Susan Vogel (3.6). | 3.60 $75.00/hr | 270.00 |
| | GRT | Draft various email correspondences to C DiFerrante and to K. Black regarding discovery and deposition; Receipt and review of various correspondence responding to same (.3). | 0.90 $145.00/hr | 130.50 |
| 2/8/2011 | GRT | Receipt and review of correspondence from Plaintiff's counsel regarding discovery and deposition (.2). | 0.20 $145.00/hr | 29.00 |
| 2/14/2011 | GRT | Review of file and prepare and finalize ████████ (1.7) | 1.70 $145.00/hr | 246.50 |
| 2/16/2011 | KDM | Preparation of correspondence to Doctor James May requesting records previously ordered (.3). Preparation of Deposition by Written Questions and Subpoena Duces Tecum to the Custodian of Records for Doctor Adriana Corredor (.8). | 1.10 $75.00/hr | 82.50 |
| | GRT | Prepare for meeting with Dr. Hall (1.5); meeting with Dr. Hall in preparation for trial (2.3). | 3.80 $145.00/hr | 551.00 |
| 2/17/2011 | KDM | Preparation of Deposition by Written Questions and Subpoena Duces Tecum to the Custodian of Records for Doctor Larry Steinberger (.8). | 0.80 $75.00/hr | 60.00 |
| | GRT | Review of file and draft and finalize ████████ | 3.70 $145.00/hr | 536.50 |
| 2/18/2011 | GRT | Receipt and review of correspondence regarding mediation (.2); Telephone conference with Plaintiff's counsel regarding mediation (.1). | 0.30 $145.00/hr | 43.50 |
| 2/21/2011 | GRT | Prepare for deposition of Dr. De Jongh (.5); draft outline (1.5); review of dental records (2.8). | 4.80 $145.00/hr | 696.00 |
| 2/22/2011 | GRT | Review additional documents from Dr. De Jongh's office and review prior to deposition (4.3); prepare for and attend deposition of Dr. De Jongh (5.8) | 10.10 $145.00/hr | 1,464.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/23/2011 | JW | Review and research regarding ███████████ ███████████ Research regarding ███████████ Review discovery for designation of Dr. Henwood (.5). | 1.50 $145.00/hr | 217.50 |
| 2/28/2011 | GRT | Receipt and review of various correspondence regarding subpoenas | 0.20 $145.00/hr | 29.00 |
| 3/1/2011 | GRT | Receipt and review of correspondence from subpoenas (.2) | 0.20 $145.00/hr | 29.00 |
| 3/2/2011 | JW | Work on subpoena issues for Dr. Rose and Dr. Steinburger (1.1). Discussion with G. Travis regarding preparation for 30-day deadline issues (.2). Review file and supplement discovery answers and document production (4.7). | 6.00 $145.00/hr | 870.00 |
| 3/3/2011 | JW | Continue supplementation of documents for upcoming discovery deadline. | 9.70 $145.00/hr | 1,406.50 |
| | KDM | Comprehensive review and analysis of discovery files and documentation in preparation for discovery supplementation (.6). Assist in supplementation of discovery (3.0). | 3.60 $75.00/hr | 270.00 |
| | GRT | Receipt, review and analyze records from Dr. Adriana Corredor (1.2); draft correspondence to J. Woods regarding retrieval of Dr. Hablinski's records and review of reply regarding status (.2) | 1.40 $145.00/hr | 203.00 |
| 3/4/2011 | JW | Revise Defendant's Responses to Request for Disclosure and Expert Designation and supplement discovery. | 5.60 $145.00/hr | 812.00 |
| | KDM | Preparation of Defendants' Fourth Supplemental Responses to Plaintiff's Request for Disclosures and Certificate of Written Discovery regarding same. | 0.80 $75.00/hr | 60.00 |
| 3/8/2011 | GRT | Receipt, review and analyze Plaintiff's lengthy motion to quash deposition on written questions of Dr. Susan Vogel, Dr. Steinburger, Dr. Rose, Dr. Miller, Dr. Corredor, and Dr. Alawdhi and motion for protection; begin formulating response to same. (1.4); receipt and brief review of transcript for Dr. De Jongh (1.5). | 2.90 $145.00/hr | 420.50 |
| 3/9/2011 | JW | Review Plaintiff's Motion to Quash Deposition on Written Questions in preparation for upcoming hearing (.7). Review Request for Disclosure and Expert Designations of both plaintiff and defendant (2.4). Draft Response to Plaintiff's Motion to Quash and review deposition of plaintiff for use in response (3.3). | 6.40 $145.00/hr | 928.00 |
| 3/10/2011 | JW | Review depositions of Plaintiff, Dr. Hall, and Dr, De Jongh for use in response to Plaintiff's Motion to Quash Deposition on Written Questions. | 9.20 $145.00/hr | 1,334.00 |
| 3/11/2011 | JW | Finish drafting and revising Defendant's Response to Plaintiff's Motion to Quash Deposition on Written Questions. | 2.80 $145.00/hr | 406.00 |
| | KDM | Preparation of Notice of Hearing on Defendants' Motion to Compel Answers to Interrogatories, Responses to Requests for Admission, Responses to Request for Production, and Responses to Request for | 3.60 $75.00/hr | 270.00 |

| | Hrs/Rate | Amount |
|---|---|---|

Disclosures (.2). Prepare exhibits to attach to Defendants' Response to Plaintiff's Motion to Quash Depositions on Written Questions and Motion for Protection (1.3). Review and revise Defendant's Response to Plaintiff's Motion to Quash Depositions by Written Questions and Motion for Protection (1.6).   Review and revise Defendant's Response to Plaintiff's Motion to Quash Depositions by Written Questions and Motion for Protection (.5).

| Date | Init. | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/11/2011 | GRT | Review and revise defendant's motion to compel, answers to Interrogatories, Request for Admissions, Request for Production and Request for Disclosure (1.7); Receipt and review defendant's response to plaintiff's motion to quash deposition and motion for protection (2.0) | 3.70 $145.00/hr | 536.50 |
| 3/14/2011 | JW | Review documents in preparation for hearing on Motion to Quash (.9). Review trial notebook for updating and supplementation necessary in preparation for upcoming trial (.6). | 1.50 $145.00/hr | 217.50 |
| | GRT | Receipt, review and analyze plaintiff's lengthy response to defendant's motion to compel and being formulating response to same | 1.80 $145.00/hr | 261.00 |
| 3/15/2011 | JW | Court Appearance for Hearing on Motion to Quash Deposition on Written Questions (2.7).  Review and work on trial notebook for upcoming trial (2.2). | 4.90 $145.00/hr | 710.50 |
| | GRT | Receipt and review of various correspondence from plaintiff's counsel regarding discovery, motion to quash and deposition on written questions (.5); Receipt and review of various correspondence from ████ ████ | 0.80 $145.00/hr | 116.00 |
| 3/16/2011 | KDM | Visit to county clerk's office in courthouse to search for and retrieve court copies of orders to complete file and trial notebook preparation. | 3.40 $75.00/hr | 255.00 |
| 3/17/2011 | GRT | Meeting with Dr. Hall ████████████████ Receipt and review of correspondence regarding items to be accomplished prior to trial (.2); Receipt and review of various correspondence from Dr. Hall regarding ████████ | 2.80 $145.00/hr | 406.00 |
| 3/18/2011 | GRT | Receipt and review of various correspondence regarding trial issues and respond to same; draft correspondence to Dr. Hall regarding status and discovery issues; draft correspondence to ████████████ . | 1.60 $145.00/hr | 232.00 |
| 3/21/2011 | GRT | Contact Dr. Skibell regarding trial (.2); ████████████████ | 0.70 $145.00/hr | 101.50 |
| 3/22/2011 | JW | Conference with G. Travis regarding trial subpoenas and jury charge. | 0.20 $145.00/hr | 29.00 |
| | GRT | Receive of various emails from Dr. Hall regarding ████████████ | 0.30 $145.00/hr | 43.50 |
| 3/23/2011 | JW | Finalize subpoenas (1.3). Research Motion to Strike (3.5). | 4.80 $145.00/hr | 696.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/23/2011 | GRT | Begin preparing for trial; Receipt, review and analyze Plaintiff motion to strike Defendant's expert David Skibell and begin formulating response to same (2.4);  Telephone conference ██████████████████████████ | 6.30 $145.00/hr | 913.50 |
| 3/24/2011 | JW | Review email from S. Hughes regarding Motion to Strike and subpoenas, and call ██████████████████████  Review Henwood deposition (1.8). | 2.50 $145.00/hr | 362.50 |
| 3/25/2011 | JW | Review deposition of Dr. Henwood (.6).  Trial strategy regarding motions in limine, jury charge, and direct & cross examination of Plaintiff's attorney fee experts (1.7).  Review case law regarding motion to strike (.6). | 2.90 $145.00/hr | 420.50 |
|  | GRT | Continued preparation for trial (4.3); Telephone conference with Dr. Hall regarding records (.2); Receipt and review additional records of Dr. Hall regarding testimony and factual matter (1.5); review of Dr. Skibell's report and send to Dr. Hall (.5); contact Dr. May regarding his ability to assist (.3); contact Dr. Robbie Henwood (.1); draft various correspondence to Dr. Hall regarding various trial matters (.5). | 7.40 $145.00/hr | 1,073.00 |
| 3/26/2011 | GRT | Continued preparation for trial (.5); review of Dr. Hall's deposition and Deanna Pollard's deposition in preparation for trial (5.8); review of various correspondence from Dr. Hall regarding trial matters (.3); telephone conference with Dr. Hall to review testimony (.1). | 6.70 $145.00/hr | 971.50 |
| 3/27/2011 | JW | Review case law regarding motion to strike (5.5) begin preparation of jury charge (.8). | 6.30 $145.00/hr | 913.50 |
| 3/28/2011 | JW | Drafting of jury charge and work on motions in limine (.6) and continue working on addressing Motion to Strike (4.8). | 5.40 $145.00/hr | 783.00 |
|  | GRT | Continued preparation for trial (.8); Receipt and review correspondence from Dr. May regarding testimony and respond to same (.2); continue review of deposition of D. Pollard and Dr. De Jongh in preparation of trial (6.7); receipt of various emails from ████████████████████ Receipt and review of various email correspondence from Dr. Hall regarding matter and respond to same (.4); draft correspondence to ████████████████████ | 8.70 $145.00/hr | 1,261.50 |
| 3/29/2011 | JW | Finalize draft of jury charge including Plaintiff's and Defendant's causes of action, affirmative defenses, and damages (9.1). | 9.10 $145.00/hr | 1,319.50 |
|  | GRT | Continued trial preparation (3.1); work on witness list (.5); review documents and work on exhibit list; work on motion in liminie (.8); work on trial subpoenas (1.2); begin drafting direct examination outlines (1.0); Receipt and review multiple emails from Plaintiff's Counsel regarding discovery and trial and draft response to same (.9). | 9.00 $145.00/hr | 1,305.00 |
| 3/30/2011 | JW | Review and revise Motions in Limine (3.9).   Review and revise Motion to Bifurcate and review Texas case law regarding same (2.8).   Review Motion to Quash Subpoena of Kristen Black (.5).   Review voir dire material (.4).   Draft Response to Motion to Quash Skibell and draft Defendant's Motion to Quash Di Ferrante and Sacks (4.6). | 12.20 $145.00/hr | 1,769.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/30/2011 | GRT | Draft and finalize correspondence to Plaintiff's counsel with printouts of Dr. Hall's diagnosis and treatment plan for Plaintiff (.4); review and revise ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Receipt, review and analysis of Plaintiff's motion to quash Defendant's subpoena for Kristen Black (.2); Continued trial preparation and review of exhibits (3.8); ▮▮▮▮▮▮▮▮ draft various correspondence to Dr. Hall regarding various issues (.5); Telephone conference with Dr. Hall regarding various issues (.3); Telephone conference with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 9.30 $145.00/hr | 1,348.50 |
| 3/31/2011 | GRT | Continued trial preparation (3.0); finalize and file defendant's exhibit list, defendant's witness list, defendant's jury charge and defendant's motion in limine (2.3); review and revise defendant's motion to strike Plaintiff's expert Chris Diferrante and David Sacks (5); Telephone conference with R. Henwood regarding testimony (.4); work on deposition video cuts (1.5); receipt of various correspondence from Plaintiff's counsel regarding various trial issues and draft response to same (.6); Receipt and review of correspondence from ▮▮▮▮▮▮▮▮▮▮▮; Telephone conference with Dr. Hall regarding testifying and medical records (.9); draft correspondence to Dr. Hall regarding same and receipt and review reply (.5). | 9.60 $145.00/hr | 1,392.00 |

|  | Hrs | Amount |
|---|---|---|
| For professional services rendered | 220.10 | $30,556.50 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 2/1/2011 | Parking - Hearing | 5.00 |
| 3/11/2011 | Filing Fee - Motion to Compel | 8.35 |
|  | Filing Fee - Response to Motion to Quash | 8.35 |
| 3/15/2011 | Parking - Hearing | 5.00 |
| 3/16/2011 | Copying cost - Court Copies of Orders (14 pages) | 14.00 |
|  | Parking - Retrieve Court Copies from Courthouse | 4.00 |
| 3/24/2011 | Lunch - Client meeting | 30.00 |
|  | Parking - Pretrial meeting at Courthouse | 4.00 |
| 3/28/2011 | Postage 2/26/2011-3/25/2011 | 15.02 |
|  | Copying cost 2/26/11-3/25/11 | 238.80 |
| 3/30/2011 | Filing Fee - Motion for Separate Trial | 8.35 |
|  | Filing Fee - Notice of Hearing | 8.35 |
| 3/31/2011 | Filing Fee - Letter to Court | 8.35 |

| | Amount |
|---|---|
| 3/31/2011 Filing Fee - Exhibit List | 8.35 |
| Filing Fee - Jury Charge | 8.35 |
| Filing Fee - Witness List | 8.35 |
| Total additional charges | $382.62 |
| Total amount of this bill | $30,939.12 |

Please make checks payable to The Travis Law Firm, P.C.



June 30, 2011

In Reference To:   Hall

Invoice #5075

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/1/2011 | GRT | Continue trial preparation; Receipt and review of subpoena presumably for Dr. Hall (.1); review of Plaintiff's Trial Exhibits, Witness List, Motion in Liminine, Jury Charge and begin drafting analysis to same (3.9); Receipt and review of various emails from Plaintiff's Counsel regarding pretrial matters and draft responses to same (.8); Telephone conference with Dr. De Jongh regarding subpoena (.1); Telephone conference with R. Henwood regarding trial (.2); Telephone conference with Dr. May regarding matter (.1); Telephone conference with Dr. Skibel regarding matter(.3); ▇▇▇▇▇▇▇▇▇▇▇; Receipt and review of correspondence from De Jongh office (.1); continue revision to Defendant's Exhibit List, Witness List, and Motion in Liminie (4.3). | 10.30 $145.00/hr | 1,493.50 |
|  | JW | Review and revise Trial Notebook (.6); receipt and review of Plaintiff's Motion to Strike (.3); respond to Motion to Quash Subpoena of K. Black (1.1); telephone conference with G. Travis regarding K. Black's subpoena and strategy in context of subpoena (.5); receipt and review of voluminous emails between G. Travis and C. Di Ferrante regarding pretrial motions, jury charge and review attachments of same (1.5); Receipt and review of Plaintiff's Subpoena of Dr. Thomas Hall for Monday hearing, Plaintiff's Response to Defendant's Motion to Strike Sacks, and Motion to Strike Di Ferrante (.7); formulate outline for response to same (.8); and review and analyze case law regarding Motion to Strike Di Ferrante and Sacks (2.4). | 4.00 $145.00/hr | 580.00 |
| 4/2/2011 | LL | Conduct electronic research regarding admissibility of evidence concerning attorney's fees, ▇▇▇▇▇▇▇▇▇▇ and the response to the Plaintiff's objection to evidence on the basis of veracity.  Outline arguments▇▇▇▇▇▇ | 5.10 $145.00/hr | 739.50 |
|  | GRT | Continue trial preparation (4.0); Telephone conference with Dr. Hall (.3); Review of deposition transcript (3.4); prepare cross examination and direct examination (3.2) ; draft email correspondence to Dr. De Jongh regarding subpoena (.4). | 11.30 $145.00/hr | 1,638.50 |
|  | JW | Continue review of attorney billing of Plaintiff and compare billing between all of Plaintiff's attorneys to spot issues of excessive and double billing (7.9); and meeting with client regarding questioning by Plaintiff's counsel | 10.90 $145.00/hr | 1,580.50 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|

| 4/3/2011 | LL | Conduct research regarding ███████████████ | 7.90 $145.00/hr | 1,145.50 |
|  | GRT | Continue trial preparation (2.0); Telephone conference with Dr. Hall (.3); continue review of deposition (1.4); continue preparation of cross-examination (2.9); prepare Voire Dire and work on open (3.4); Receipt and review correspondence from Dr. Hall regarding medical records (.4); Receipt and review correspondence from Plaintiff's Counsel regarding Motion in Liminine and augment to Plaintiff's motion (.2); work on proposed Jury Charge (1.8). | 12.40 $145.00/hr | 1,798.00 |
|  | JW | Draft and revise Motion to Quash Subpoena of Dr. Hall to appear at hearing on Motion to Quash the Subpoena of Dr. Skibell (4.1); receipt and review of Plaintiff's Exhibit List, 50 page Jury Charge; Plaintiff's Witness List; and deposition cuts; compare Plaintiff's Jury Charge against Defendant's Jury Charge and draft suggestions for jury Charge to Court (3.7). | 7.80 $145.00/hr | 1,131.00 |
| 4/4/2011 | LL | Conduct research and outline arguments regarding ███████████ | 2.50 $125.00/hr | 312.50 |
|  | GRT | Continue trial preparation (.4); meeting with Dr. Skibel to review testimony (2.8); draft First Amended Witness List (1.3); review and revise Defendant's Motion for Protection and Objection to Plaintiff's subpoenas of Dr. Hall (1.4); Receipt and review of various email correspondence from Plaintiff's Counsel regarding pretrial matters and objection to same (.7); Receipt and review of Plaintiff's Objections to Exhibits, Witness List and Motion in Liminine (.7); research issues and prepare response to same (1.8); draft email to R. Henwood regarding testimony (.4); Receipt and review correspondence from R. Henwood regarding testimony (.1); finalize Exhibits, Witness List, Motion in Liminie and Jury Charge (2.9). | 12.50 $145.00/hr | 1,812.50 |
|  | JW | Travel to and from Courthouse and attend scheduled hearing on Motion to Strike Dr. Skibell (1.8). Review and discussion of cross examination of expert witnesses in light of Plaintiff's and Defendant's pleadings (1.5). Draft memorandum to file and G. Travis regarding case law on Plaintiff's Motion in Limine (1.7). Draft and revise memorandum regarding Defendant's agreements and objections to Plaintiff's Motion in Limine (80 items). Revise and cross-examination of Plaintiff's attorney fee expert and review expert's credentials and previous incidents of tetifying as an expert (1.7). | 8.00 $145.00/hr | 1,160.00 |
| 4/5/2011 | LL | Conduct research and outline arguments regarding ██████████ | 3.50 $145.00/hr | 507.50 |
|  | GRT | Prepare for trial (8.7); meeting with Dr. Hall to discuss ███████ ██████████ review of emails regarding case and respond to same (.8); Telephone conference with ████████ | 13.60 $145.00/hr | 1,972.00 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|

Telephone conference with Dr. May regarding schedule (.2); Telephone conference with Dr. Skibel regarding schedule (.2).

| 4/5/2011 | JW | Attend and assist at trial. | 8.20<br>$145.00/hr | 1,189.00 |
| 4/6/2011 | GRT | Prepare for trial (1.8); trial (9.5); meeting with Dr. Hall to review medical records and go over discovery (1.9); Receipt and review of email (.4); Telephone conference with Dr. May regarding schedule (.1); Telephone conference with Dr. Skibel regarding schedule (.2); draft correspondence to ███████████ | 14.30<br>$145.00/hr | 2,073.50 |
|  | JW | Attend and assist at trial. | 8.40<br>$145.00/hr | 1,218.00 |
| 4/7/2011 | GRT | Prepare for trial (2.8); attend trial (3.1); ████████ Telephone conference with Dr. May regarding status (.3); Telephone conference with Dr. Skibel regarding status (.2); meeting with Dr. Hall to discuss situation (.5); Telephone conference with ████████ Receipt and review correspondence from Dr. Hall regarding trial matters and respond to same (.1). | 7.90<br>$145.00/hr | 1,145.50 |
|  | JW | Attend and assist at trial | 3.10<br>$145.00/hr | 449.50 |
| 4/8/2011 | GRT | Draft correspondence to ████████; and work with Dr. Hall (.2); Receipt and review correspondence from Court regarding report (.2); Telephone conference with Dr. May and Dr. Skibel regarding status (.2). | 2.80<br>$145.00/hr | 406.00 |
| 4/18/2011 | GRT | Receipt and review of various correspondence from Plaintiff's Counsel regarding trial continuation and draft response to same. | 0.30<br>$145.00/hr | 43.50 |
| 4/20/2011 | GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding matter and draft response to same. | 0.10<br>$145.00/hr | 14.50 |
| 4/21/2011 | GRT | Receipt and review of correspondence from Plaintiff's Counsel regarding matter and draft response to same. | 0.10<br>$145.00/hr | 14.50 |
| 5/17/2011 | JW | Draft and forward letter to ████████r | 0.30<br>$145.00/hr | 43.50 |
| 5/31/2011 | GRT | Receipt and review of correspondence from B. Beers designating self as lead counsel; Receipt and review of Notice. | 0.10<br>$145.00/hr | 14.50 |
| 6/1/2011 | GRT | Receipt and review of correspondence from K. Myatt regarding designation of Brad Beers as counsel for Deanna Pollard and respond to same; draft correspondence to Dr. Hall regarding designation. | 0.40<br>$145.00/hr | 58.00 |
| 6/24/2011 | JW | Draft correspondence to ████████ | 0.30<br>$200.00/hr | 60.00 |

|  | Hours | Amount |
|---|---|---|
| For professional services rendered | 156.10 | $22,601.00 |

Additional Charges :

| | | Amount |
|---|---|---|
| 4/4/2011 Parking - Hearing | | 3.00 |
| Filing Fee - Jury Charge | | 8.35 |
| Filing Fee - Witness List | | 8.35 |
| Filing Fee - Notice of Hearing | | 8.35 |
| Filing Fee - Motion for Protection | | 8.35 |
| 4/5/2011 Parking - Delivery to Trial | | 1.40 |
| Lunch - Trial | | 3.98 |
| 4/6/2011 Lunch - Trial | | 7.60 |
| 4/30/2011 Copying cost | | 1,227.20 |
| 5/19/2011 Postage | | 0.44 |
| 6/30/2011 Postage | | 0.44 |
| Total additional charges | | $1,277.46 |
| Total amount of this bill | | $23,878.46 |

Please make checks payable to The Travis Law Firm, P.C.